1   Peiwen Chang (State Bar No. 155166)
    peiwen_chang@cnc-law.com
2   Ken D. Sato (State Bar No. 252543)
    ken.sato@cnc-law.com
3   COGSWELL NAKAZAWA & CHANG, LLP
    444 W. Ocean Blvd., Suite 1250
4   Long Beach, CA 90802
    Phone: (562) 951-8668
5   Fax: (562) 951-3933

6   Attorneys for Defendants KNORR
    SOLUTION, INC., SIU C. CHAN a/k/a ALFRED
7   CHAN; and SIU WAI FUNG a/k/a CALVIN
    FUNG

8

9

10              **UNITED STATES DISTRICT COURT**

11          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12

13  KNORR-NAEHRMITTEL                 | Case No.: CV10-8155 GAF (RZx)
14  AKTIENGESELLCHAFT and
    UNILEVER N.V.
15
                    Plaintiffs,        | NOTICE OF MOTION AND
16                                     | MOTION TO WITHDRAW AS
          vs.                          | COUNSEL; MEMORANDUM OF
17                                     | POINTS AND AUTHORITIES; AND
    KNORR SOLUTION, INC., SIU C.       | DECLARATION OF PEIWEN
18  CHAN a/k/a ALFRED CHAN, SIU WAI    | CHANG
    FUNG a/k/a CALVIN FUNG and PING
19  HONG LI a/k/a SUKIE LI
20                  Defendants.        | Date of Hearing: July 11, 2011
21                                     | Time of Hearing:  9:30 a.m.
22                                     | Courtroom:  Honorable Gary A. Feess
23                                     |             740, Roybal Bldg.
                                       |             255 E. Temple Street
24                                     |             Los Angeles, CA 90012
25
26
27
28

COGSWELL NAKAZAWA & CHANG, LLP

1

**TO THE COURT, THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, on July 11, 2011, at 9:30 a.m., or as soon thereafter as the matter may be heard before the Honorable Gary A. Feess, United States District Judge, Courtroom 740, of the United States District Court for the Central District of California, 255 E. Temple Street, Los Angeles, California, 90012,  Cogswell Nakazawa & Chang, LLP ("Movant") shall and hereby does respectfully seek leave of this Court, pursuant to Local Rule 83-2.8.2.1, to withdraw as counsel for defendants KNORR SOLUTION, INC., SIU C. CHAN a/k/a ALFRED CHAN; and SIU WAI FUNG a/k/a CALVIN FUNG (collectively, "Client"), on the groundS that Movant is unable to carry out the instructions given by Client and that Movant has failed to pay agreed-upon attorney fees.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, and the Declaration of Peiwen Chang.

Dated: May 27, 2011          COGSWELL NAKAZAWA & CHAHG, LLP

By: _____
Peiwen Chang
Ken D. Sato
Attorneys for Defendants KNORR
SOLUTION, INC.; SIU C. CHAN
a/k/a ALFRED CHAN; and SIU WAI
FUNG a/k/a CALVIN FUNG

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Local Rule 83-2.8.2.1, COGSWELL NAKAZAWA & CHANG, LLP and its attorneys (collectively, "Movant") hereby apply with the Court for leave to withdraw as counsel for defendants KNORR SOLUTION, INC., SIU C. CHAN a/k/a ALFRED CHAN; and SIU WAI FUNG a/k/a CALVIN FUNG (collectively, "Client") . Adequate grounds and good cause exist for excusing counsel from further representation of Client. Specifically,

1)      Movant is unable to carry out the instructions given by Client.

2)      Client has failed to pay the agreed upon attorney fees after Movant warned Client a reasonable time before filing this Motion that Movant would withdraw if Client did not pay the fees. *Statue of Liberty-Ellis Island Foundation, Inc. v. International United Industries, Inc.* (SD NY 1986) 110 FRD 395, 397.

Movant's request for Client to pay fees is not coercive. Movant has adequately warned Client a reasonable time before filing this motion that if Client did not pay the fees, Movant would withdraw from Client's representation. See Declaration of Peiwen Chang ("Chang Decl."), ¶ 3. Movant's withdrawal will not cause any delay in this action, as there is no immediate deadline and the trial is set for May 8, 2012. *Brandon v. Blech* (6th Cir. 2009) 560 F3d 536, 538. There is ample time for Client to find new attorney and Movant's withdrawal at this time will not prejudice the Client. Chang Decl., ¶ 5.

Further, Movant has notified and explained to Client that defendant KNORR SOLUTION, INC., as a corporation, cannot appear to defend itself in court and must immediately find new counsel representation. Chang Decl., ¶ 3.

Timely written notice for this Motion has been given by Movant to Client after Movant verified Client's most current mailing addresses. Movant will also attempt to deliver the Motion by personal delivery or obtain acknowledgment of mail service, if possible. Chang Decl., ¶ 6.

1       Therefore, Movant respectfully requests that the Court grant the leave to

2   allow Movant to withdraw as attorneys for Client.

3   Dated: May ~~27~~, 2011       COGSWELL NAKAZAWA & CHAHG, LLP

4

5                     By: _____

6                           Peiwen Chang
                        Ken D. Sato

7                           Attorneys for Defendants KNORR
                        SOLUTION, INC.; SIU C. CHAN

8                           a/k/a ALFRED CHAN; and SIU WAI
                        FUNG a/k/a CALVIN FUNG

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COGSWELL NAKAZAWA & CHANG, LLP

## DECLARATION OF PEIWEN CHANG

I, Peiwen Chang, declare as follows:

1.      I am an attorney licensed to practice in the State of California and a partner with the law firm of COGSWELL NAKAZAWA & CHANG, LLP, current attorneys of record fo defendants KNORR SOLUTION, INC., SIU C. CHAN a/k/a ALFRED CHAN; and SIU WAI FUNG a/k/a CALVIN FUNG (collectively, "Client"). I have personal knowledge of all facts set forth in this declaration, and if called upon, could and would competently testify to them.

2.      Client has failed to pay the agreed upon retainer fee from the inception of this case and our firm's invoices for March and April 2011. Starting from May 1, 2011, I have been in constant communication with Client requesting them to either pay the retainer fee or bring our invoices current.

3.      I have warned Client that without being paid our firm could not continue representing Client and that if Client did not pay the retainer fee and our invoices, we would withdraw as their attorneys.   I had requested Client to find new attorneys, and I advised Client that defendant Knorr Solution Inc. cannot appear in pro se.  To date, Client has not responded to my request.

4.      Client has also given us certain instructions that cannot been carried out.

5.      There is no immediate deadline on the Court's calendar.  There is no pending discovery or motion.  Trial is set for May 8, 2012.

6.      On May 23, 2011, and May 24, 2011, I personally verified the most current mailing addresses of all three of the clients. Knorr Solution, Inc. and Alfred Chan have the current mailing address of 9094 Las Tunas Drive, #B, Temple City, CA

91780. Calvin Fung's current mailing address is 424 La France Avenue, Unit B, Alhambra, CA 91801.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _v7 th_ day of May, 2011, at Long Beach, California.

Peiwen Chang