LINK: 38

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8155 GAF (Rzx) | Date | July 5, 2011 |
|---|---|---|---|
| Title | Knorr-Naehrmittel Aktiengesellchaft et al. v. Knorr Solutions, Inc. et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**     (In Chambers)

### ORDER RE: MOTION TO WITHDRAW AS COUNSEL

Pending before the Court is Cogswell Nakazawa and Chang, LLP's ("Cogswell") motion to withdraw as attorneys of record for Defendants Knorr Solution, Inc., Siu C. Chan a/k/a Alfred Chan, and Siu Wai Fung a/k/a Calvin Fung (collectively, "Clients"). (Docket No. 38.) In pertinent part, Cogswell argues that its motion should be granted because Clients have failed to pay attorney's fees since the inception of the case, including an agreed upon retainer fee and Cogswell's invoices for March and April 2011. (Id., Declaration of Peiwen Chang ("Chang Decl.") ¶ 2.)

The local rules establish several procedural rules governing motions to withdraw as counsel. "An attorney may not withdraw as counsel except by leave of court. An application for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." C.D. Cal. R. 83-2.9.2.1. Where a client is a corporation, the attorney must give it "written notice . . . of the consequences of its inability to appear pro se." Id. 83-2.9.2.3.

Counsel has not offered adequate evidence that they complied with Local Rules 83-2.9.2.1 and 83-2.9.2.3. Counsel's declaration states that he has "warned Client that without being paid our firm could not continue representing Client and that if Client did not pay the retainer fee and our invoices, we would withdraw as their attorneys." (Declaration of Peiwen Chang ¶ 3.) Counsel also attests that he "advised Client that defendant Knorr Solutions Inc. cannot appear in pro se." (Id.) The declaration, however, does not state that counsel so "warned" and "advised" his clients in writing. In addition, counsel does not specify when he

LINK: 38

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8155 GAF (Rzx) | Date | July 5, 2011 |
|---|---|---|---|
| Title | Knorr-Naehrmittel Aktiengesellchaft et al. v. Knorr Solutions, Inc. et al. | | |

informed Clients of the intent to withdraw, which leave the Court unable to determine whether Counsel gave notice "reasonably in advance" as required by Local Rule 83-2.9.2.1.  Finally, counsel does not attest that he gave written notice reasonably in advance to "all other parties who have appeared in the action," as required by that rule.

Counsel is hereby **ORDERED TO SHOW CAUSE** why this motion should not be denied on the basis of these deficiencies.  Counsel can satisfy this Order by filing a supplemental declaration describing with greater specificity the manner in which he has complied with the applicable local rules regarding advance notice to the clients and other parties.  Counsel shall also submit copies of the relevant written correspondence with Clients and other parties.  Counsel shall file this supplemental declaration, or any other appropriate response to this Order, **by no later than July 15, 2011.  Failure to file a response by that deadline will be deemed consent to denial of the motion.**  The hearing on Cogswell's motion presently scheduled for Monday, July 11, 2011, is hereby **VACATED**.

**IT IS SO ORDERED.**