Yvette D. Roland (SBN 120311)
Audra L. Thompson (SBN 218479)
Cyndie M. Chang (SBN 227542)
DUANE MORRIS LLP
865 S. Figueroa St., Suite 3100
Los Angeles, CA 90017-5450
Telephone: (213) 689-7400
Facsimile: (213) 689-7401
Email: ydroland@duanemorris.com
E-mail: athompson@duanemorris.com
E-mail: cmchang@duanemorris.com

Gregory P. Gulia *(admitted pro hac vice)*
Vanessa C. Hew *(admitted pro hac vice)*
Mitchell A. Frank *(admitted pro hac vice)*
DUANE MORRIS LLP
1540 Broadway
New York, New York 10036-4086
Telephone: (212) 692-1000
Facsimile: (212) 692-1020

Attorneys for Plaintiffs
Knorr-Naehrmittel Aktiengesellchaft
and Unilever N.V.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KNORR-NAEHRMITTEL AKTIENGESELLCHAFT and UNILEVER N.V.,<br><br>Plaintiffs,<br><br>v.<br><br>KNORR SOLUTION, INC., SIU C. CHAN a/k/a ALFRED CHAN, SIU WAI FUNG a/k/a CALVIN FUNG and PING HONG LI a/k/a SUKIE LI<br><br>Defendants. | Case No.: CV 10-08155 GAF (Rzx)<br><br>**PLAINTIFFS' STATEMENT OF PARTIAL OPPOSITION TO DEFENDANT KNORR SOLUTION, INC.'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT**<br><br>Date: October 3, 2011<br>Time: 9:30 a.m.<br>Courtroom: 740<br><br>The Honorable Gary A. Feess |

Plaintiffs Knorr-Naehrmittel Aktiengesellschaft and Unilever N.V. (collectively "Plaintiffs") do not oppose the motion by Defendant Knorr Solution, Inc. ("Defendant") to file a Third-Party Complaint ("the Third-Party Complaint") against

1

third-party defendants Trio Foods Limited (a Chinese limited company) ("Trio"), Chris Shiu Leung Ho ("Ho") and George Chu ("Chu").  However, in light of the following procedural and substantive deficiencies in Defendant's proposed Third-Party Complaint, Plaintiffs hereby oppose Defendant's motion to file a third-party complaint against Unilever Food Solutions ("Unilever F.S.") and Unilever Hong Kong Limited ("Unilever H.K.").

## ARGUMENT

### I. Defendant's Procedural Defects

#### A. Defendant's Failure to Allege Jurisdiction Over Unilever F.S. and Unilever H.K.

The Third-Party Complaint fails to allege facts demonstrating the Court has personal jurisdiction over Unilever F.S. or Unilever H.K.  In the Third-Party Complaint, Defendant alleges that Unilever F.S. and Unilever H.K. are Chinese entities; however, Defendant's Third-Party Complaint fails to allege that those entities have any apparent contacts with the United States—much less California. Defendant's proposed Third Party-Complaint has no allegations as to how Unilever F.S. and Unilever H.K. have availed themselves of the jurisdiction of this Court.  In fact, Defendant's only allegations regarding this issue are that Unilever F.S. and Unilever H.K. are both "an affiliated company and a member of the Unilever group of companies with its principal place of business in Hong Kong, China." (Knorr Solution, Inc.'s proposed Third-Party Complaint, ¶¶ 4 and 5).  There is no other allegation establishing how Unilever F.S. and Unilever H.K. are subject to the personal jurisdiction of this Court.  Accordingly, even if Defendant is granted leave to file the Third-Party Complaint, the Third-Party Complaint would have to be dismissed with respect to Unilever H.K. and Unilever F.S. should either entity file a Rule 12(b)(2) motion.

### B.  Defendant's Failure to Comply with Local Rule 7-3

In addition, Defendant has failed to comply with Local Rule 7-3, which requires that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, *preferably in person*, the substance of the contemplated motion and any potential resolution." L.R. 7-3 (emphasis in original).  In fact, Defendant's counsel not only did not meet and confer with Plaintiffs' counsel, in person or otherwise, but Plaintiffs' counsel had no advance notice whatsoever that Defendant intended to file the instant motion and Defendant's motion is the first opportunity Plaintiffs' counsel has had to review the Third-Party Complaint. (See Declaration of Cyndie M. Chang in Support Plaintiffs' Statement Of Partial Opposition to Defendant Knorr Solution, Inc.'s Motion For Leave To File Third-Party Complaint, at ¶¶ 2-3).

## II.  Defendant's Substantive Defects

### A.  Legal Standard

Rule 14(a) provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it.  But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer."  The purpose of Rule 14(a) is "to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual . . . ." *Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986).

However, a "third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and the third party's liability is secondary or derivative . . . . It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim." *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983). "The crucial characteristic of a Rule 14 claim is that defendant is attempting to

3

PLAINTIFFS' STATEMENT OF PARTIAL OPPOSITION TO DEFENDANT KNORR SOLUTION, INC.'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT

transfer to the third-party defendant the liability asserted against him by the original plaintiff." *Team Enters., LLC v. Western Inv. Real Estate Trust*, No. 08-0872, 2009 U.S. Dist. LEXIS 48644, at *20-21 (E.D. Cal. May 19, 2009); *see also Stewart v. American Intern. Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir.1988) (holding that impleader is proper only where defendant is attempting to transfer to the third-party defendant the liability asserted against defendant by the original plaintiff).

Moreover, the court must strike a proposed third-party claim if the claim is "futile" or "obviously unmeritorious." *See AE v. Portillo*, No. 09-2204, 2011 U.S. Dist. LEXIS 22443, at *12 (E.D. Cal. Feb. 18, 2011) (leave to file third-party complaint denied on ground of futility); *In re Wells Fargo Residential Mortg. Lending Discrimination Litig.*, No. 08-1930, 2010 U.S. Dist. LEXIS 88835, at *12 (N.D. Cal. July 30, 2010) (motion to strike third-party complaint granted because claims were "unmeritorious"); *Davis v. Protection One Alarm Monitoring, Inc.*, No. 03-40195, 2005 U.S. Dist. LEXIS 40288, at *5 (D. Mass. Nov. 2, 2005) (noting that Fed. R. Civ. P. 14(a), as amended, "'preserves the value of a preliminary screening through the leave procedure,' giving the court 'discretion to strike the third-party claim if it is obviously unmeritorious'") (citations omitted).

### B. Defendant's Asserted Claims Against Proposed Third-Party Defendants Unilever H.K. and Unilever F.S. Are Not Proper for A Third-Party Complaint

Defendant alleges the following claims against proposed third-party defendants Unilever H.K. and Unilever F.S.: Negligence (Second Cause of Action); Negligent Misrepresentation (Fourth Cause of Action) (collectively, "Defendant's Tort Claims"); Breach of Implied Warranty of Merchantability (Fifth Cause of Action); Indemnity (Eighth Cause of Action); and Contribution (Ninth Cause of Action).

Defendant's Tort Claims and Breach of Implied Warranty of Merchantability claim are improper subject matter for a third-party complaint because these claims are not dependent upon the outcome of the claims in Plaintiffs' original complaint. Even in the remote likelihood that Unilever H.K. and Unilever F.S. were found liable for

these claims, such a finding would not absolve Defendant from liability for Plaintiff's claims, nor would Defendant be able to transfer liability to Unilever H.K. or Unilever F.S.. Thus, even if Unilever H.K. and Unilever F.S. are found liable for negligence, negligent misrepresentation, or breach of implied warranty of merchantability, that liability would not be conditioned upon or derivative of Defendant's potential liability to Plaintiffs for the federal trademark counterfeiting, federal trademark infringement, federal unfair competition, federal trademark dilution, state unfair competition, state statutory dilution, and common law unfair competition claims brought in the original complaint. Accordingly, Defendant's Tort Claims and Breach of Implied Warranty of Merchantability claim are clearly not derivative claims and thus would not survive a motion to strike by Plaintiffs.

### C.  Defendant's Asserted Claims Against Proposed Third-Party Defendants Unilever H.K. and Unilever F.S. Are Futile

Defendant's contribution and indemnification claims are futile. To assert a valid claim for relief, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

Defendant's claims for indemnification or contribution are futile on their face. Where the underlying statute does not expressly provide for a right of indemnification or contribution, the courts have disallowed impleaders on such bases. *See Stewart*, 845 F.2d at 200(affirming district court's refusal to allow impleader based on indemnification and contribution where rights for indemnification and contribution were not provided by the statute at issue). Under the Lanham Act, there are no provisions for indemnification or contribution. *See Zero Tolerance Entm't, Inc. v. Ferguson*, 254 F.R.D. 123, 126-127 (C.D. Cal. 2008) (citing cases) (holding "there is no right to contribution for violations of the Lanham Act" and "there is no federal

5

PLAINTIFFS' STATEMENT OF PARTIAL OPPOSITION TO DEFENDANT KNORR SOLUTION, INC.'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT

common law right to indemnification and Congress has not explicitly or implicitly provided such a right to indemnification under . . . the Lanham Act. Thus, indemnification with respect to violations of federal law is foreclosed.").

While courts have allowed impleader in cases that involve a contractual obligation to indemnify, Defendant's own proposed Third-Party Complaint makes it crystal clear that there was no contractual relationship whatsoever between Defendant and Unilever H.K. and/or Unilever F.S. Nowhere in the proposed Third-Party Complaint does the Defendant allege that there was any contractual relationship between Defendant and Unilever H.K. and/or Unilever F.S. Indeed, based upon the allegations in the Third-Party Complaint, if there were any contracts at all in this case, express or implied, they were between Defendant and the third-party defendants Trio and/or the controlling principals of Trio, Ho and Chu, assuming Defendant's alter ego allegations are true. (see Third-Party Complaint, ¶¶ 12-15, 22-27, 35, 39, 40, 46, 52, and 70- 72). Since there was no contractual relationship between Defendant and Unilever H.K. and/or Unilever F.S., and there is no statutory basis for indemnification or contribution with respect to Unilever H.K. and Unilever F.S., Defendant's claims for indemnification and/or contribution against third party defendants Unilever H.K. and Unilever F.S. simply cannot be sustained. Accordingly, Defendant's motion for leave to file the proposed Third-Party Complaint against Unilever F.S. and Unilever H.K. should be summarily denied.[1]

/ / /

/ / /

/ / /

/ / /

---

[1] Should this Court grant leave for Defendant to file its Third-Party Complaint, Plaintiffs reserve all rights to make any responsive pleading to Defendant's Third-Party Complaint and/or seek to amend the amended complaint to assert any claims that Plaintiffs may have against any of the third-party defendants.

**PLAINTIFFS' STATEMENT OF PARTIAL OPPOSITION TO DEFENDANT KNORR SOLUTION, INC.'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT**

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit this Statement of Partial Opposition to Defendant's Motion for Leave to file a Third-Party Complaint against Unilever F.S. and Unilever H.K.

Respectfully submitted,

Dated: September 12, 2011   **DUANE MORRIS LLP**

By: /s/ Cyndie M. Chang
Cyndie M. Chang
Attorneys for Plaintiffs

7

PLAINTIFFS' STATEMENT OF PARTIAL OPPOSITION TO DEFENDANT KNORR SOLUTION, INC.'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT