LINK: 59

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8155 GAF (RZx) | Date | September 30, 2011 |
|---|---|---|---|
| Title | Knorr-Naehrmittel Aktiengesellchaft et al v. Knorr Solutions, Inc. et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**     (In Chambers)

### ORDER RE: MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT

### I. INTRODUCTION

    Plaintiffs Knorr-Naehrmittel Aktiengesellchaft and Unilever N.V. ("Plaintiffs") allege trademark counterfeiting, trademark infringement, trademark dilution and unfair competition against Defendants Knorr Solution, Inc. ("KSI"), Siu C. Chan ("Chan"), Siu Wai Fung ("Fung") and Ping Hong Li ("Li"). (Docket No. 1, Compl. ¶ 1.) The action arises out of Defendants' unauthorized past, current and planned use of the Knorr trademark in connection with food products and/or food distribution services. (Id.)

    Defendant KSI filed the instant motion for leave to file a third party complaint against Unilever Food Solutions ("Unilever F.S."), Unilever Hong Kong Limited ("Unilever H.K."), Trio Foods Limited ("Trio"), Chris Shiu Leung Ho ("Ho"), and George Chu ("Chu"). (Docket No. 61, Third Party Compl.) KSI claims that all food products it sold with the Knorr trademark were provided by Trio, Unilever F.S. and/or Unilever H.K. (Mem. at 2.) KSI claims that all of the products were packaged and labeled by Unilever F.S. and/or Unilever H.K. and that it did not alter them in any way. (Id.) KSI further asserts that it was lawfully marketing, distributing and/or selling the products because it was authorized by Unilever F.S. and Unilever H.K., which are affiliated with Plaintiffs. (Id.)

    Plaintiffs do not oppose the motion to file a third party complaint against Trio, Ho and Chu. (Opp. at 1-2.) However, Plaintiffs oppose the motion to file a third party complaint against Unilever F.S. and Unilever H.K. (Opp. at 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8155 GAF (RZx) | Date | September 30, 2011 |
|---|---|---|---|
| Title | Knorr-Naehrmittel Aktiengesellchaft et al v. Knorr Solutions, Inc. et al | | |

The motion is **CONDITIONALLY GRANTED**. Movants may file a third party complaint against the proposed third party defendants on the condition that the negligence and breach of warranty claims are removed. Movants have until October 12, 2011 to file the pleading.

## II. DISCUSSION

### A. LEGAL STANDARD

Federal Rule of Civil Procedure 14 provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." FED. R. CIV. P. 14(a).

"The decision to allow a third-party defendant to be impleaded under [R]ule 14 is entrusted to the sound discretion of the trial court." United States v. One 1977 Mercedes Benz, 708 F.2d 444, 452 (9th Cir. 1983). "Since the rule is designed to reduce multiplicity of litigation, it is construed liberally in favor of allowing impleader. It need not be shown that the third party defendant is automatically liable if the defendant loses the underlying lawsuit. It is sufficient if there is some possible scenario under which the third party defendant may be liable for some or all of the defendant's liability to plaintiff." Fed. Deposit Ins. Corp. v. Loube, 134 F.R.D. 270, 272 (N.D. Cal. 1991).

"[A] third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and the third party's liability is secondary or derivative. It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim." One 1977 Mercedes Benz, 708 F.2d at 452.

Because Plaintiffs do not oppose the motion for leave to file the third-party complaint against Trio, Ho and Chu, the Court **GRANTS** KSI's motion as to those parties. The remainder of the order addresses the issues bearing on the claims asserted against Unilever F.S. and Unilever H.K.

### B. APPLICATION

Plaintiffs oppose KSI's motion to for leave to file a third-party complaint against Unilever F.S. and Unilever H.K. based on the following arguments: (1) KSI's third-party

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8155 GAF (RZx) | Date | September 30, 2011 |
|---|---|---|---|
| Title | Knorr-Naehrmittel Aktiengesellchaft et al v. Knorr Solutions, Inc. et al | | |

complaint fails to allege facts demonstrating this Court's personal jurisdiction over Unilever F.S. and Unilever H.K.; (2) KSI failed to meet and confer; (3) KSI's eighth and ninth causes of action are futile; and (4) KSI's second, fourth and fifth causes of action are improper subject-matter for a third-party complaint because they are not dependent upon the outcome of the claims in the original complaint.  (Opp. 2-6.)  The Court addresses each argument below.

### 1. PERSONAL JURISDICTION OVER UNILEVER F.S. AND UNILEVER H.K.

Plaintiffs argue that the third-party complaint fails to allege facts demonstrating this Court's personal jurisdiction over Unilever F.S. and Unilever H.K.  (Opp. at 2.)  However, Plaintiffs have failed to provide, and the Court is unaware of, any legal authority giving them standing to raise this defense on behalf of the third-party defendants. The Court therefore declines to address the issue of personal jurisdiction in its ruling on the present motion.

### 2. KSI'S FAILURE TO MEET AND CONFER

Plaintiffs suggest that KSI's motion for leave to file a third party complaint should be denied for failure to comply with Local Rule 7-3.  (Opp. at 3.)  Under Local Rule 7-3, "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" at least five or ten days before filing the motion, depending on the type of motion.  C.D. Cal. R. 7-3.

KSI did not meet and confer with Plaintiffs regarding its motion for leave to file a third party complaint as required by Rule 7-3.  (Reply at 6.)  Nonetheless, Plaintiffs do not appear to have suffered any prejudice from KSI's failure to meet and confer, and Plaintiffs were able to prepare and submit an opposition.  The Court will therefore consider the motion on its merits.

### 3. WHETHER KSI'S CAUSES OF ACTION FOR INDEMNITY AND CONTRIBUTION ARE FUTILE

Plaintiffs bring claims against KSI and others for trademark infringement in connection with the importation and sale of goods in the United States.  KSI's proposed third-party complaint asserts that it acquired those goods from the named third party defendants who packaged and labeled them.  KSI asserts that third party defendants misrepresented that the products could be sold in the United States and that they would not present any trademark issues.  These and other similar allegations are set forth in claims for fraud and negligent misrepresentation.  The complaint also includes claims for indemnity and contribution against

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8155 GAF (RZx) | Date | September 30, 2011 |
|---|---|---|---|
| Title | Knorr-Naehrmittel Aktiengesellchaft et al v. Knorr Solutions, Inc. et al | | |

third party defendants who, through their misleading conduct, inducted KSI to sell products in the United States that violated trademark law and other federal laws governing the labeling of food products.

Plaintiffs oppose the inclusion of the indemnity and contribution claims on the ground that their inclusion would be "futile." (Opp. at 5.)  Assuming for purposes of discussion that "futility," an issue ordinarily raised in opposition to a motion to amend, is properly asserted here, Plaintiffs have not made an adequate showing that it should be applied in this case.   Plaintiffs assert that the claims are futile because: (1) courts have disallowed impleader where the underlying statute does not expressly provide for a right of indemnification or contribution, and there are no provisions for indemnification or contribution under the Lanham Act; and (2) while courts have allowed impleader where there is a contractual obligation to indemnify, there is no contractual relationship between KSI and Unilever H.K. or Unilever F.S.  (Id. at 5-6.)

The argument is correct as far as it goes.  "A defendant held liable under a federal statute has a right to indemnification or contribution from another only if such right arises: (1) through the affirmative creation of a right of action by Congress, either expressly or implicitly, or (2) under the federal common law."  Zero Tolerance Entm't, Inc. v. Ferguson, 254 F.R.D. 123, 126 (C.D. Cal. 2008).  There is no right to contribution or indemnification under the Lanham Act or the federal common law.  Id.  However, given the presence of common law fraud and negligent misrepresentation claims, it would appear that Third Party Plaintiffs can seek indemnity and contribution under California law on a common law tort theory.  The Court therefore declines to dismiss these claims or to preclude the filing of the third party complaint on futility grounds.

**4. WHETHER KSI'S CAUSES OF ACTION ARE PROPER SUBJECT-MATTER FOR A THIRD-PARTY COMPLAINT**

Plaintiffs argue that KSI's claims for Negligence, Negligent Misrepresentation and Breach of Implied Warranty of Merchantability against Unilever H.K. and Unilever F.S. are improper subject matter for a third-party complaint because they are not dependent upon the outcome of the claims in the original complaint. (Opp. at 4.)  "[A] third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and the third party's liability is secondary or derivative."  One 1977 Mercedes Benz, 708 F.2d at 452.

The Court is satisfied that the negligent misrepresentation claim is dependent at least in part on the outcome of the claims Plaintiffs have brought against KSI.  However, KSI appears to concede that its claims for Negligence and Breach of Implied Warranty of Merchantability are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8155 GAF (RZx) | Date | September 30, 2011 |
|---|---|---|---|
| Title | Knorr-Naehrmittel Aktiengesellchaft et al v. Knorr Solutions, Inc. et al | | |

not dependent upon the outcome of the claims in the original complaint.  (See Reply at 5.)  The Court agrees and concludes that it would be an abuse of discretion to allow the negligence and the breach of warranty claims to go forward.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** KSI's motion for leave to file a third-party complaint against Trio, Ho and Chu, and **CONDITIONALLY GRANTS** KSI's motion for leave to file a third-party complaint against Unilever H.K. and Unilever F.S. on the condition that the negligence and breach of warranty claims be removed from the pleading.  The third-party complaint with the above-modifications must be filed by **October 12, 2011.**  The hearing scheduled for October 3, 2011 is **VACATED.**

   **IT IS SO ORDERED.**