Yvette D. Roland (SBN 120311)
Audra L. Thompson (SBN 218479)
Cyndie M. Chang (SBN 227542)
DUANE MORRIS LLP
865 S. Figueroa St., Suite 3100
Los Angeles, CA 90017-5450
Telephone: (213) 689-7400
Facsimile: (213) 689-7401
Email: ydroland@duanemorris.com
Email: athompson@duanemorris.com
Email: cmchang@duanemorris.com

Gregory P. Gulia (admitted *pro hac vice*)
Vanessa C. Hew (admitted *pro hac vice*)
Mitchell A. Frank (admitted *pro hac vice*)
DUANE MORRIS LLP
1540 Broadway
New York, New York 10036-4086
Telephone: (212) 692-1000
Facsimile: (212) 692-1020
Email: gpgulia@duanemorris.com
Email: vchew@duanemorris.com
Email: mafrank@duanemorris.com

Attorneys for Plaintiffs
Knorr-Naehrmittel Aktiengesellchaft
and Unilever N.V.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KNORR-NAEHRMITTEL AKTIENGESELLCHAFT and UNILEVER N.V.<br><br>Plaintiffs,<br><br>v.<br><br>KNORR SOLUTION, INC., SIU C. CHAN a/k/a ALFRED CHAN, SIU WAI FUNG a/k/a CALVIN FUNG and PING HONG LI a/k/a SUKIE LI<br><br>Defendants. | Case No.: CV 10-08155 GAF (Rzx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' APPLICATION FOR DEFAULT JUDGMENT BY THE COURT AS TO DEFENDANT PING HONG LI a/k/a SUKIE LI**<br><br>Date:       March 5, 2012<br>Time:       9:30 a.m.<br>Courtroom: 740<br><br>The Honorable Gary A. Feess |

1

Pursuant to Rule 55 of the Federal Rules of Civil Procedure and Rule 55-1 of the Local Civil Rules for the Central District of California, Plaintiffs Knorr-Naehrmittel Aktiengesellchaft and Unilever N.V. (collectively, hereinafter "Plaintiffs" or "Unilever") respectfully submit this memorandum of points and authorities in support of their application for entry of default judgment by the Court and an order granting injunctive relief against Defendant Ping Hong Li a/k/a Sukie Li ("Defendant" or "Li") enjoining Defendant from his acts of trademark infringement, false designation of origin, unfair competition, and trademark dilution.

## I.   **INTRODUCTION**

This action was brought against Defendant Li for federal trademark federal counterfeiting (15 U.S.C. §1114 (1)), federal trademark infringement (15 U.S.C. §§1114 (1)), federal unfair competition, false designation of origin and false advertising, in violation of the Lanham Act (15 U.S.C. §1125(a)(1) and 1125(c) trademark dilution), California Business and Professions Code §§ 17200 and 14247, and common law unfair competition, arising from Defendant's use of a designation that is likely to cause confusion with, dilute, and/or is likely to dilute, Unilever's federally registered and famous KNORR® and UNILEVER FOOD SOLUTIONS® trademarks ("KNORR® and UNILEVER FOOD SOLUTIONS® Marks").

Specifically, on October 28, 2010, Plaintiffs filed their Complaint [Docket Document No. 1]. This action arises out of Defendant Li's past, current and planned use of the Plaintiffs' KNORR® and UNILEVER FOOD SOLUTIONS® Marks in connection with Defendants' food products and food distribution services.

On November 10, 2010, the summons in this civil case and Plaintiffs' Complaint were properly and personally served upon Defendant Li at her residential address at 2315 246th Street, Lomita, CA 90717-1406.

As indicated in the Application for Default Judgment, despite having been served with the Complaint and Summons, Defendant Li has never appeared in this

matter, nor has Li filed an answer to Plaintiffs' Complaint.  Further, the time to file a responsive pleading was December 1, 2010, which has long passed.

By refusing to defend himself in this lawsuit, Li left Plaintiffs with no legal recourse other than to pursue entry of a final default judgment.  Plaintiffs requested an entry of default against Defendant on February 7, 2011 [Docket Document No. 28].  The Clerk of this Court entered the default of Defendant Li on February 8, 2011 [Docket Document No. 29].

Accordingly, Plaintiffs now request that the Court enter default judgment against Li and issue a permanent injunction against Li to prevent infringement and dilution of Plaintiffs' KNORR® and UNILEVER FOOD SOLUTIONS® Marks.

## II.   ARGUMENT

### A.   DEFAULT JUDGMENT IS PROCEDURALLY PROPER

Fed. R. Civ. P. 55 provides that a default may be entered when a party has "failed to plead or otherwise defend."  Fed. R. Civ. P. 55.

A default concedes the truth of the allegations of the complaint as to Defendant's liability.  "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *LG Elecs., Inc. v. Adv. Creative Comp. Corp.*, 212 F. Supp. 2d 1171, 1175 (N.D. Cal. 2002) (quoting *Geddes v. United Fin. Grp.*, 559 F.3d 557, 560 (9th Cir. 1977) and finding moving party entitled to an injunction against infringement).

Hence, the factual allegations in Plaintiffs' Complaint, now deemed true by virtue of the default, establish Defendant Li's liability to Plaintiffs for federal trademark infringement (15 U.S.C. §1114(1)), federal unfair competition and false designation of origin (15 U.S.C. §1125(a)), federal trademark dilution (15 U.S.C. § 1125(c)), state statutory unfair competition (Cal. Business & Professions Code § 17200), state statutory dilution (Cal. Business & Professions Code § 14247), and common law unfair competition.

1    Accordingly, Plaintiffs request that default judgment be entered against Li
2    because Plaintiffs have satisfied Rule 55 of the Federal Rules of Civil Procedure and
3    Rule 55-1 of the Local Civil Rules for the Central District of California.

4    **B.    PLAINTIFFS HAVE SUCCESSFULLY ALLEGED FACTS IN**
5    **SUPPORT OF A DEFAULT JUDGMENT**

6    **1.    Plaintiffs' Rights in the KNORR® and UNILEVER FOOD**
7    **SOLUTIONS® Marks**

8    The allegations in Plaintiffs' Complaint clearly establish the elements of
9    liability required for claims of federal trademark counterfeiting, federal trademark
10   infringement, federal unfair competition and false designation of origin, and federal
11   dilution under the Lanham Act, as well as state statutory unfair competition, dilution
12   and common law unfair competition. Plaintiffs' Complaint sets forth in detail, and
13   Defendant has admitted by default, Plaintiffs' ownership of, and exclusive right to use
14   the KNORR® and UNILEVER FOOD SOLUTIONS® Marks. [*See* Docket
15   Document No. 1, ¶¶ 18-42].

16   Plaintiffs have pled, and Defendant has admitted by default, that:

17   (a)    Plaintiffs and/or its predecessors and/or their respective licensees have
18   continuously used the KNORR® trademark in interstate commerce in the United
19   States for food products for more than a hundred years and the UNILEVER FOOD
20   SOLUTIONS® Marks since long prior to the infringement of the Defendants.

21   (b)    The famous KNORR® and UNILEVER FOOD SOLUTIONS® Marks
22   have appeared on product packaging, advertising, promotional materials, displays and
23   the like.

24   (c)    Plaintiffs and their predecessors and/or their respective licensees have
25   invested significant amounts of time, effort and hundreds of millions of dollars to
26   market and to maintain the highly regarded image of the KNORR® and UNILEVER
27   FOOD SOLUTIONS® Marks.

28

4

(d)     The KNORR® and UNILEVER FOOD SOLUTIONS® Marks are famous and were famous at all times relevant to this action and enjoy a reputation as signifying goods of the highest quality as a result of this considerable investment of money and efforts.

(e)     Due to the long and exclusive use of the KNORR® and UNILEVER FOOD SOLUTIONS® Marks, consumers associate those marks solely with Plaintiffs and their products and these marks symbolize and represent goodwill of enormous value to Plaintiffs.

**2.     Defendant Li's Acts of Trademark Infringement, Dilution and Related Conduct**

Plaintiffs further allege, and Defendant Li has admitted by default, that:

(a)     Defendant Li is using the infringing trade names KNORR SOLUTION, INC. and KNORR FOOD SOLUTION in connection with the importation, distribution and sale of food products in the United States.  Defendant Li directs, exercises control over, ratifies, and/or participates in the activities and operations of co-defendant Knorr Solution, Inc.  *See id* at ¶¶43, 46.

(b)     Defendant Li has and is marketing, distributing, and/or selling unauthorized food products in connection with the confusingly similar names KNORR SOLUTION, INC. and KNORR FOOD SOLUTION in the United States which are directly competitive with food products long offered under Plaintiffs' KNORR® and UNILEVER FOOD SOLUTIONS® Marks.  *See id* at ¶51

(c)     Defendant's infringement of Plaintiffs' valuable KNORR® and UNILEVER FOOD SOLUTIONS® Marks is willful. *See id.* at ¶¶ 52, 57-61, 65, 67.

(d)     Defendant's conduct is causing immediate and irreparable injury to Plaintiffs, will confuse the public and is likely to dilute the distinctive quality of Plaintiffs' famous KNORR® and UNILEVER FOOD SOLUTIONS® Marks. *See id.* at ¶¶ 84, 90, 95, 100, 106, 111,  115.

### III.  **PLAINTIFFS ARE ENTITLED TO A PERMANENT INJUNCTION**

Plaintiffs are entitled to a permanent injunction to prevent Li from engaging in any future infringement or dilution of their trademarks.  The Lanham Act provides that a court may grant injunctive relief in favor of a trademark owner to prevent further acts of infringement.  15 U.S.C. § 1116(a); *Polo Fashions, Inc. v. Dick Bruhn, Inc.*, 793 F.2d 1132, 1135-36 (9th Cir. 1986) (holding that Lanham Act does not require showing of threat of future harm for issuance of injunction).  The Ninth Circuit has held that "injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988) (holding that injunction is appropriate because it will best serve to protect plaintiff[s] from the risk of continuing irreparable harm).

Similarly, Plaintiffs are also entitled to a permanent injunction from Li to prevent dilution of Plaintiffs' KNORR® and UNILEVER FOOD SOLUTIONS® Marks. *See* 15 U.S.C. §1125 (c). *See also* Cal. Business & Professions Code § 14247.

Specifically, under Section 43 (c) of the Lanham Act, a trademark owner is entitled to injunctive relief:

> Subject to the principles of equity, the owner of a famous mark that is distinctive, inherently or through acquired distinctiveness, shall be entitled to an injunction against another person who, at any time after the owner's mark has become famous, commences use of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury.

15 U.S.C. § 1125(c) (1) (2007).  Here, Plaintiffs' KNORR® and UNILEVER FOOD SOLUTIONS® Marks were distinctive and famous prior to, and at the time of, Defendant's adoption and use of a confusingly similar name. *See Mosley v. V. Secret Catalogue, Inc.*, 537 U.S. 418 (2003); *Avery Dennison Corp. v. Sumpton*, 189 F.3d

1  868 (9th Cir. 1999) (addressing federal and California trademark dilution law);
2  *Horphag Research, Ltd. v. Garcia*, 475 F.3d 1029 (9th Cir. 2007).
3       As set forth above, Plaintiffs have established that Li's use of KNORR
4  SOLUTION, INC. and KNORR FOOD SOLUTION is likely to cause confusion with
5  Plaintiffs' KNORR® and UNILEVER FOOD SOLUTIONS® Marks, in that the
6  purchasing public will be confused by Defendant's products if the sale of these
7  products is allowed.  Defendant, by default, admits these facts and Li should therefore
8  be held liable for trademark infringement.
9       Further, the KNORR® and UNILEVER FOOD SOLUTIONS® Marks are
10 highly distinctive and famous and are uniquely associated with Unilever and its
11 products.  Li's activities complained of in this action cause injury to Plaintiffs'
12 business reputation by impairing the effectiveness of Plaintiffs' famous KNORR®
13 and UNILEVER FOOD SOLUTIONS® Marks, and are likely to dilute the distinctive
14 quality of the KNORR® and UNILEVER FOOD SOLUTIONS® Marks.  Defendant,
15 by default, admits these facts, as well.
16      Li's activities in connection with the infringing marks KNORR SOLUTION,
17 INC. and KNORR FOOD SOLUTION occurred, and if not enjoined would continue
18 to occur, long after the KNORR® and UNILEVER FOOD SOLUTIONS® Marks
19 acquired fame, and have diluted, will continue to dilute, and/or are likely to dilute,
20 unless restrained, the distinctive quality of the famous KNORR® AND UNILEVER
21 FOOD SOLUTIONS® Marks by destroying the exclusive association between those
22 marks and Plaintiffs' goods, and/or otherwise lessen the capacity of those marks to
23 identify Plaintiffs and their goods exclusively.
24      Accordingly, Plaintiffs request that the Court enjoin Li's use of the names
25 KNORR SOLUTION, INC. and KNORR FOOD SOLUTION, as well as the use of
26 any names confusingly similar to, or dilutative of, the KNORR® and UNILEVER
27 FOOD SOLUTIONS® Marks.
28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' APPLICATION FOR DEFAULT
JUDGMENT BY THE COURT AS TO DEFENDANT PING HONG LI a/k/a SUKIE LI

No monetary relief can prevent, or compensate Plaintiffs for, the irreparable damage to Plaintiffs and their KNORR® and UNILEVER FOOD SOLUTIONS® Marks caused and that would be caused as a result of Defendant's continuing acts of infringement, dilution, counterfeiting, and unfair competition.  Accordingly, a permanent injunction is fully warranted.

## IV.   **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court order entry of final judgment by default against Defendant Li and enter a permanent injunction as set forth in the [Proposed] Judgment by the Court as to Defendant Li submitted herewith.

Respectfully submitted,

Dated:  February 6, 2012          **DUANE MORRIS LLP**

By: /s/  Cyndie M. Chang
Yvette D. Roland
Audra L. Thompson
Cyndie M. Chang
Gregory P. Gulia (admitted *pro hac vice*)
Vanessa C. Hew (admitted *pro hac vice*)
Mitchell A. Frank (admitted *pro hac vice*)

Attorneys for Plaintiffs
Knorr-Naehrmittel Aktiengesellschaft and
Unilever N.V.

8

# PROOF OF SERVICE

I am a resident of the state of California, I am over the age of 18 years, and I am not a party to this lawsuit.  My business address is Duane Morris LLP, 865 S. Figueroa Street, Suite 3100, Los Angeles, California 90017-5450.  On the date set forth below, I served the following document(s):

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' APPLICATION FOR DEFAULT JUDGMENT BY THE COURT AS TO DEFENDANT PING HONG LI aka SUKIE LI**

on the interested party(ies) in this action in the following manner:

**[ XX ]     BY MAIL**:  On the date set forth below, at Los Angeles, California, I placed the document(s) in a sealed envelope(s), addressed as set forth below, for collection and mailing with the United States Postal Service.  I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  According to that practice, the correspondence will be deposited with the United States Postal Service that same day in the ordinary course of business, with first-class prepaid postage thereon.  Service made pursuant to CCP § 1013a(3), upon motion of a party served, shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in the affidavit.

**[  ]     BY PERSONAL DELIVERY**:  On the date set forth below, at Los Angeles, California, I placed the above-referenced document(s) in a box or location regularly maintained at my office for our messenger/courier service, or I delivered the envelope or package to a courier or driver authorized by our messenger/courier service to receive documents.  The document(s) was(were) placed in a sealed envelope or package designated by our messenger/courier service with delivery fees paid or provided for, addressed to the person(s) on whom it is to be personally served at the address(es) shown below, at the office address(es) as last given by that person on any document filed in the cause and served on the party making service; otherwise at that party's place of residence.  The messenger/courier service was provided with instructions that the envelope or package be personally served on the addressee(s) by same day delivery (C.C.P. §1011).

Ping Hong Li
2315 246th Street
Lomita, CA  90717-1405

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 6, 2012, at Los Angeles, California.

Cheryl L. Wales