Yvette D. Roland (SBN 120311)
Audra L. Thompson (SBN 218479)
Cyndie M. Chang (SBN 227542)
DUANE MORRIS LLP
865 S. Figueroa St., Suite 3100
Los Angeles, CA 90017-5450
Telephone: (213) 689-7400
Facsimile: (213) 689-7401
Email: ydroland@duanemorris.com
E-mail: athompson@duanemorris.com
E-mail: cmchang@duanemorris.com

Gregory P. Gulia (admitted *pro hac vice*)
Vanessa C. Hew (admitted *pro hac vice*)
Mitchell A. Frank (admitted *pro hac vice*)
DUANE MORRIS LLP
1540 Broadway
New York, New York 10036-4086
Telephone: (212) 692-1000
Facsimile: (212) 692-1020
Email: gpgulia@duanemorris.com
Email: vchew@duanemorris.com
Email: mafrank@duanemorris.com

Attorneys for Plaintiffs
Knorr-Naehrmittel Aktiengesellchaft
and Unilever N.V.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KNORR-NAEHRMITTEL AKTIENGESELLCHAFT and UNILEVER N.V.,<br><br>Plaintiffs,<br><br>v.<br><br>KNORR SOLUTION, INC., SIU C. CHAN a/k/a ALFRED CHAN, SIU WAI FUNG a/k/a CALVIN FUNG and PING HONG LI a/k/a SUKIE LI<br><br>Defendants. | Case No.: CV 10-08155 GAF (Rzx)<br><br>**DECLARATION OF GREGORY P. GULIA IN SUPPORT OF PLAINTIFFS' APPLICATION FOR DEFAULT JUDGMENT BY THE COURT AS TO DEFENDANT PING HONG LI a/k/a SUKIE LI**<br><br>Date:  March 5, 2012<br>Time:  9:30 a.m.<br>Courtroom: 740<br><br>The Honorable Gary A. Feess |

1

DECLARATION OF GREGORY GULIA IN SUPPORT OF APPLICATION FOR DEFAULT JUDGMENT BY THE COURT AS TO DEFENDANT PING HONG LI a/k/a SUKIE LI

I, Gregory P. Gulia, declare as follows:

1. I submit this declaration pursuant to Rule 55-1 of the Local Civil Rules for the Central District of California in support of Plaintiffs' Application for Entry of Default Judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure against Defendant Ping Hong Li a/k/a Sukie Li ("Defendant Li").

2. Defendant Li has been served with the summons and Complaint and has defaulted. Defendant Li has not responded to the Complaint and has not appeared in this action.

3. Default was entered by the Clerk against Defendant Li on February 8, 2011.

4. Defendant Li is not an infant or an incompetent person.

5. I have reviewed the results of a search of the LEXIS® Military Finder database and have not located any record of Defendant Li serving in the military service. Therefore, while I am unable to determine with absolute certainty whether or not Defendant Li is in the military service, I do not believe the Servicemembers Civil Relief Act (50 App. U.S.C. § 521) applies to this case.

6. Notice of this Application for Default Judgment and all the accompanying documents filed herewith have been served on the defaulting party on the date of the filing of this Application.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of February, 2012, in New York, New York.

Gregory P. Gulia

## PROOF OF SERVICE

I am a resident of the state of California, I am over the age of 18 years, and I am not a party to this lawsuit. My business address is Duane Morris LLP, 865 S. Figueroa Street, Suite 3100, Los Angeles, California 90017-5450. On the date set forth below, I served the following document(s):

**DECLARATION OF GREGORY P. GULIA IN SUPPORT OF PLAINTIFFS' APPLICATION FOR DEFAULT JUDGMENT BY THE COURT AS TO DEFENDANT PING HONG LI a/k/a SUKIE LI**

on the interested party(ies) in this action in the following manner:

[ XX ]   BY MAIL: On the date set forth below, at Los Angeles, California, I placed the document(s) in a sealed envelope(s), addressed as set forth below, for collection and mailing with the United States Postal Service. I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. According to that practice, the correspondence will be deposited with the United States Postal Service that same day in the ordinary course of business, with first-class prepaid postage thereon. Service made pursuant to CCP § 1013a(3), upon motion of a party served, shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in the affidavit.

[ ]   BY PERSONAL DELIVERY: On the date set forth below, at Los Angeles, California, I placed the above-referenced document(s) in a box or location regularly maintained at my office for our messenger/courier service, or I delivered the envelope or package to a courier or driver authorized by our messenger/courier service to receive documents. The document(s) was(were) placed in a sealed envelope or package designated by our messenger/courier service with delivery fees paid or provided for, addressed to the person(s) on whom it is to be personally served at the address(es) shown below, at the office address(es) as last given by that person on any document filed in the cause and served on the party making service; otherwise at that party's place of residence. The messenger/courier service was provided with instructions that the envelope or package be personally served on the addressee(s) by same day delivery (C.C.P. §1011).

    Ping Hong Li
    2315 246th Street
    Lomita, CA  90717-1405

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 6, 2012, at Los Angeles, California.

_____
Cheryl L. Wales