Cyndie M. Chang (SBN 227542)
DUANE MORRIS LLP
865 S. Figueroa St., Suite 3100
Los Angeles, CA 90017-5450
Telephone: (213) 689-7400
Facsimile: (213) 689-7401
Email: cmchang@duanemorris.com

Gregory P. Gulia (admitted *pro hac vice*)
Vanessa C. Hew (admitted *pro hac vice*)
Mitchell A. Frank (admitted *pro hac vice*)
DUANE MORRIS LLP
1540 Broadway
New York, New York 10036-4086
Telephone: (212) 692-1000
Facsimile: (212) 692-1020
Email: gpgulia@duanemorris.com
Email: vchew@duanemorris.com
Email: mafrank@duanemorris.com

Attorneys for Plaintiffs
Knorr-Naehrmittel Aktiengesellchaft
and Unilever N.V.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KNORR-NAEHRMITTEL AKTIENGESELLCHAFT and UNILEVER N.V.,<br><br>Plaintiffs,<br><br>v.<br><br>KNORR SOLUTION, INC., SIU C. CHAN a/k/a ALFRED CHAN, SIU WAI FUNG a/k/a CALVIN FUNG and PING HONG LI a/k/a SUKIE LI<br><br>Defendants. | Case No.: CV 10-08155 GAF (Rzx)<br><br>**NOTICE OF ERRATA RE: PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES PER COURT'S FEBRUARY 27, 2012 ORDER RE: APPLICATION FOR DEFAULT JUDGMENT AS TO DEFENDANT PING HONG LI a/k/a SUKIE LI**<br><br>Present Hearing Date:<br>               March 26, 2012<br>Time:       9:30 a.m.<br>Courtroom: 740<br><br>The Honorable Gary A. Feess |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiffs Knorr-Naehrmittel Aktiengesellchaft and Unilever N.V.'s (collectively, "Plaintiffs") Supplemental Memorandum of Points and Authorities in support of Plaintiffs' Application For Default Judgment As To Defendant Ping Hong Li a/k/a Sukie Li ("Defendant Li"), filed on March 12, 2012 contained the following inadvertent textual errors, which are hereby corrected:

1. In the original Supplemental Memorandum of Points and Authorities, on page 1, at lines 26 through 28, the sentence states: "Plaintiffs would suffer continuing harm and prejudice absent default judgment, as there would be no way to enjoin Defendant Li if default judgment is entered and Unilever would be left without any recourse as to Defendant Li's infringement." The word "not" was inadvertently omitted from the sentence. The corrected sentence should state: "Plaintiffs would suffer continuing harm and prejudice absent default judgment, as there would be no way to enjoin Defendant Li if default judgment is not entered and Unilever would be left without any recourse as to Defendant Li's infringement."

2. In the original Supplemental Memorandum of Points and Authorities, on page 3, at lines 5 through 6, the sentence states: "Moreover, the standard for trademark infringement and unfair competition the Lanham Act and California common law is the same." The word "under" was inadvertently omitted from the sentence. The corrected sentence should state: "Moreover, the standard for trademark infringement and unfair competition under the Lanham Act and California common law is the same."

3. In the original Supplemental Memorandum of Points and Authorities, on page 4, at lines 24 through 25, the sentence states: "Indeed, Plaintiffs' trademarks are incontestable and thus serve as conclusive evidence of their validity." The word "KNORR®" was inadvertently omitted from the sentence. The corrected sentence

1

should state: "Indeed, Plaintiffs' KNORR® trademarks are incontestable and thus serve as conclusive evidence of their validity."

Said errors are hereby corrected and incorporated by reference in Plaintiffs' Supplemental Memorandum of Points and Authorities. To avoid future confusion, Plaintiffs are filing an amended Supplemental Memorandum of Points and Authorities in support of Plaintiffs' Application For Default Judgment By The Court As To Defendant Ping Hong Li a/k/a Sukie Li with the above corrections.

Respectfully submitted,

Dated:  March 13, 2012          **DUANE MORRIS** LLP


By: /s/ Cyndie M. Chang
Cyndie M. Chang
865 S. Figueroa St., Suite 3100
Los Angeles, CA 90017-5450
Telephone: (213) 689-7400
Facsimile: (213) 689-7401

Email:  cmchang@duanemorris.com

Gregory P. Gulia (admitted *pro hac vice*)
Vanessa C. Hew (admitted *pro hac vice*)
Mitchell A. Frank (admitted *pro hac vice*)
1540 Broadway
New York, New York 10036-4086
Telephone: (212) 692-1000
Facsimile: (212) 692-1020
Email:  gpgulia@duanemorris.com
Email:  vchew@duanemorris.com
Email:  mafrank@duanemorris.com

Attorneys for Plaintiffs
Knorr-Naehrmittel Aktiengesellschaft and
Unilever N.V.

## PROOF OF SERVICE

I am a resident of the state of California, I am over the age of 18 years, and I am not a party to this lawsuit. My business address is Duane Morris LLP, 865 S. Figueroa Street, Suite 3100, Los Angeles, California 90017-5450. On the date set forth below, I served the following document(s):

**NOTICE OF ERRATA RE PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES PER COURT'S FEBRUARY 27, 2012 ORDER RE: APPLICATION FOR DEFAULT JUDGMENT BY THE COURT AS TO DEFENDANT PING HONG LI a/k/a SUKIE LI**

on the interested party(ies) in this action in the following manner:

[ X ] **BY MAIL:** On the date set forth below, at Los Angeles, California, I placed the document(s) in a sealed envelope(s), addressed as set forth below, for collection and mailing with the United States Postal Service. I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. According to that practice, the correspondence will be deposited with the United States Postal Service that same day in the ordinary course of business, with first-class prepaid postage thereon. Service made pursuant to CCP § 1013a(3), upon motion of a party served, shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in the affidavit.

[ ] **BY PERSONAL DELIVERY:** On the date set forth below, at Los Angeles, California, I placed the above-referenced document(s) in a box or location regularly maintained at my office for our messenger/courier service, or I delivered the envelope or package to a courier or driver authorized by our messenger/courier service to receive documents. The document(s) was(were) placed in a sealed envelope or package designated by our messenger/courier service with delivery fees paid or provided for, addressed to the person(s) on whom it is to be personally served at the address(es) shown below, at the office address(es) as last given by that person on any document filed in the cause and served on the party making service; otherwise at that party's place of residence. The messenger/courier service was provided with instructions that the envelope or package be personally served on the addressee(s) by same day delivery (C.C.P. §1011).

Ping Hong Li
2315 246th Street
Lomita, CA 90717-1405

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 13, 2012, at Los Angeles, California.

_____
Diana Garcia

3