Cyndie M. Chang (SBN 227542)
DUANE MORRIS LLP
865 S. Figueroa St., Suite 3100
Los Angeles, CA 90017-5450
Telephone: (213) 689-7400
Facsimile: (213) 689-7401
Email: cmchang@duanemorris.com

Gregory P. Gulia (admitted *pro hac vice*)
Vanessa C. Hew (admitted *pro hac vice*)
Mitchell A. Frank (admitted *pro hac vice*)
DUANE MORRIS LLP
1540 Broadway
New York, New York 10036-4086
Telephone: (212) 692-1000
Facsimile: (212) 692-1020
Email: gpgulia@duanemorris.com
Email: vchew@duanemorris.com
Email: mafrank@duanemorris.com

Attorneys for Plaintiffs
Knorr-Naehrmittel Aktiengesellchaft
and Unilever N.V.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KNORR-NAEHRMITTEL AKTIENGESELLCHAFT and UNILEVER N.V.<br><br>Plaintiffs,<br><br>v.<br><br>KNORR SOLUTION, INC., SIU C. CHAN a/k/a ALFRED CHAN, SIU WAI FUNG a/k/a CALVIN FUNG and PING HONG LI a/k/a SUKIE LI<br><br>Defendants. | Case No.:  CV 10-08155 GAF (Rzx)<br><br>**PLAINTIFFS'** ***CORRECTED*** **SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES PER COURT'S FEBRUARY 27, 2012 ORDER RE: APPLICATION FOR DEFAULT JUDGMENT AS TO DEFENDANT PING HONG LI a/k/a SUKIE LI**<br><br>Present Hearing Date:<br>        March 26, 2012<br>Time:         9:30 a.m.<br>Courtroom: 740<br><br>The Honorable Gary A. Feess |

Pursuant to the Court's February 27, 2012 Minute Order, Plaintiffs Knorr-Naehrmittel Aktiengesellchaft and Unilever N.V. (collectively, hereinafter "Plaintiffs" or "Unilever") hereby provide this *Corrected* Supplemental Memorandum of Points and Authorities in support of Plaintiffs' Application For Default Judgment By The Court As To Defendant Ping Hong Li a/k/a Sukie Li ("Defendant Li"). This supplemental memorandum addresses the *Eitel* factors. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Plaintiffs hereby incorporate by reference the factual background and arguments submitted in Plaintiffs' Memorandum of Points and Authorities in support of Plaintiffs' Application For Default Judgment By The Court As To Defendant Ping Hong Li a/k/a Sukie Li [Docket Nos. 69, 70] filed on February 6, 2012.

**I.     SUPPLEMENTAL LEGAL DISCUSSION**

Following entry of default, courts are authorized to grant default judgment in their discretion. *See*, Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising this discretion, the Court may consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999). In considering a motion for default judgment, all factual allegations in the complaint are taken as true, except for those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

As set forth below, the *Eitel* factors weigh strongly in favor of granting default judgment against Defendant Li.

1

### 1. Denial of Plaintiffs' Motion for Default Judgment Would Prejudice Plaintiffs.

Plaintiffs would suffer continuing harm and prejudice absent default judgment, as there would be no way to enjoin Defendant Li if default judgment is not entered and Unilever would be left without any recourse as to Defendant Li's infringement. *See Microsoft Corp. v. Ricketts*, No. C 06-06712 WHA, 2007 U.S. Dist. LEXIS 40898, at *7-8 (N.D. Cal. May 24, 2007) (finding that if the motion for default judgment is not granted, plaintiff "will be left without a remedy or a means to prevent defendant's continued infringement."). *See also PepsiCo v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("potential prejudice to [plaintiff] favors granting a default judgment."). To this date, Defendant Li has still never answered or otherwise responded to the Complaint. *See* Declaration Of Cyndie M. Chang In Support Of Plaintiffs' Supplemental Memorandum Of Points And Authorities Per Court's February 27, 2012 Order Re: Application For Default Judgment As To Defendant Ping Hong Li A/K/A Sukie Li ("Chang Decl.") at ¶ 3. Despite being aware of the Complaint, apparently Defendant Li does not respect the judicial system and either has no defense or is trying to delay proceedings. This factor favors entry of default judgment.

### 2. The Merits of the Plaintiffs' Substantive Claims and Sufficiency of the Complaint Favor Entry of Default Judgment.

As set forth below, Unilever's claims for federal trademark counterfeiting (15 U.S.C. §1114 (1)), federal trademark infringement (15 U.S.C. §§1114 (1)), federal unfair competition, false designation of origin and false advertising, in violation of the Lanham Act (15 U.S.C. §§ 1125(a)(1) and 1125(c) trademark dilution), California Business and Professions Code §§ 17200 and 14247, and common law unfair competition, are well-plead and state meritorious causes of action under both the Lanham Act, California statutes, and common law.

2

PLAINTIFFS' *CORRECTED* SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES PER COURT'S FEBRUARY 27, 2012 ORDER RE APPLICATION FOR DEFAULT JUDGMENT AS TO DEFENDANT PING HONG LI aka SUKIE LI

### (a) Defendant Li's Actions Constitute Trademark Infringement, Unfair Competition, and Dilution Under the Lanham Act

Section 43(a) of the Lanham Act prohibits the use of a mark (registered or unregistered) that "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125(a). To prevail on its Lanham Act claims against Defendant Li, Unilever must show that (1) it owns protectable trademark rights and (2) Defendant Li's activities are likely to cause confusion among consumers. *See Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999). Moreover, the standard for trademark infringement and unfair competition under the Lanham Act and California common law is the same. *See Conversive, Inc. v. Conversagent, Inc.*, 433 F.Supp.2d 1079, 1093-94 (C.D.Cal. 2006)(stating that "[b]ecause partial summary judgment is proper on Conversive's infringement claim, it is also warranted on Conversive's false designation of origin and unfair competition claims under 15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code § 17200, and California common law as well.") (citing *Brookfield*, 174 F.3d at 1053).

The well-plead allegations in Plaintiffs' Complaint, including paragraphs 18-42, now admitted because of Defendant's default, establish Unilever's valid and protectable trademark rights in the KNORR® and UNILEVER FOOD SOLUTIONS® Marks. Likewise, the well-plead allegations in Plaintiffs' Complaint, including Paragraphs 43, 46, 51, 52, 57-61, 65, 67, 84, 90, 95, 100, 106, 111, and 115, now admitted because of Defendant Li's default, establish that Defendant Li's use of the KNORR, KNORR SOLUTION, INC. and KNORR FOOD SOLUTION names create a likelihood of confusion with Unilever's use of the KNORR® and UNILEVER FOOD SOLUTIONS® Marks.

The Ninth Circuit has established a multi-factor test for assessing trademark infringement. Those factors include: (1) strength of the mark; (2) proximity of the

3

goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979). Not all factors carry equal relevance, nor do all apply in every case. *See also E&J Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1290 (9th Cir. 1992). The *Sleekcraft* test is a "pliant" one, in which "[s]ome factors are much more important than others." *Brookfield*, 174 F.3d at 1054. Here the factors collectively favor Unilever and a finding of likelihood of confusion.

### (i) Unilever's Marks are Inherently Distinctive and Strong.

Unilever owns valid federal trademark registrations for the KNORR® and UNILEVER FOOD SOLUTIONS® Marks. This fact entitles Unilever to a rebuttable presumption that the federally registered KNORR® and UNILEVER FOOD SOLUTIONS® Marks are inherently distinctive. *See Quiksilver, Inc. v. Kymsta Corp.*, 466 F.3d 749, 760 (9th Cir. 2006) ("Where, as here, the PTO issues a mark registration without requiring proof of secondary meaning, the registrant (Quiksilver) enjoys a presumption that the purchasing public perceives the ["ROXY"] mark to be inherently distinctive.") (internal quotations omitted).[1] Moreover, the well-plead allegations in Paragraphs 18-42 of Plaintiffs' Complaint, now admitted because of Defendant's default, establish that the KNORR® and UNILEVER FOOD SOLUTIONS® Marks have generated enormous goodwill and are inherently distinctive. Accordingly, the KNORR® and UNILEVER FOOD SOLUTIONS® Marks are strong marks entitled to the highest degree of protection.

---

[1] Indeed, Plaintiffs' KNORR® trademarks are incontestable and thus serve as conclusive evidence of their validity. *See Marketquest Group, Inc. v. BIC Corp.*, 2011 U.S. Dist. LEXIS 128778 (S.D. Cal. Nov. 7, 2011) ("To the extent that the right to use a registered mark has become incontestable under Section 1065, 'the registration serves as conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce." (citing 15 U.S.C. § 1115(a)).

4

PLAINTIFFS' *CORRECTED* SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES PER COURT'S FEBRUARY 27, 2012
ORDER RE APPLICATION FOR DEFAULT JUDGMENT AS TO DEFENDANT PING HONG LI aka SUKIE LI

### (ii) Unilever and Defendant Li Offer the Same Products and Services in the Same Channels of Trade.

For many years, Unilever and/or its predecessors and/or their respective licensees, have used the KNORR® and UNILEVER FOOD SOLUTIONS® Marks in interstate commerce for food products. The well-plead allegations of fact in Plaintiffs' Complaint, including Paragraphs 43, 46, 51. 52, 57-61, 65, 67, 84, 90, 95, 100, 106, 111, and 115, now admitted because of Defendant's default, establish that Defendant Li has used the KNORR® and UNILEVER FOOD SOLUTIONS® Marks in connection with food products. As the parties have been and are in direct competition, this factor favors a finding of likelihood of confusion.

### (iii) KNORR SOLUTION, INC. and KNORR FOOD SOLUTION Are Confusingly Similar to Plaintiffs' KNORR® and UNILEVER FOOD SOLUTIONS® Marks.

The KNORR SOLUTION, INC. and KNORR FOOD SOLUTION names incorporate the KNORR® Mark in its entirety. The KNORR FOOD SOLUTION name incorporates the dominant portion of the UNILEVER FOOD SOLUTIONS® Mark and combines it with Unilever's KNORR® Mark in its entirety. Thus, this factor strongly favors a finding of likelihood of confusion.

### (iv) Defendant's use of the KNORR SOLUTION, INC. and KNORR FOOD SOLUTION name has caused actual confusion.

The well-plead allegations of fact in Plaintiffs' Complaint, including Paragraphs 43, 46, and 51, now admitted because of Defendant's default, establish that Defendant's use of the KNORR, KNORR SOLUTION, INC. and KNORR FOOD SOLUTION names in connection with "food products" has caused confusion, mistake and deception among the purchasing public as to source or origin. This factor favors a likelihood of confusion.

5

PLAINTIFFS' *CORRECTED* SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES PER COURT'S FEBRUARY 27, 2012 ORDER RE APPLICATION FOR DEFAULT JUDGMENT AS TO DEFENDANT PING HONG LI aka SUKIE LI

(v) **Defendant KNORR SOLUTION, INC. and KNORR FOOD SOLUTION Acted in Bad Faith to Trade Upon Unilever's Reputation and Goodwill.**

The well-plead allegations of fact in Plaintiffs' Complaint, including Paragraphs 43, 46, 51, 52, 57-61, 65, 67, 84, 90, 95, 100, 106, 111, and 115, now admitted because of Defendant's default, establish that Defendant's adoption and use of the KNORR SOLUTION, INC. and KNORR FOOD SOLUTION names in connection with "food products" has been with knowledge of Unilever's prior and senior rights in the KNORR® and UNILEVER FOOD SOLUTIONS® Trademarks with an intent to harm Unilever's goodwill in those marks. "When the alleged infringer knowingly adopts a mark similar to another's, reviewing courts presume that the defendant can accomplish his purpose: that is, that the public will be deceived." *Abercrombie & Fitch*, 486 F.3d at 637 (*citing Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1148 (9th Cir. 2002)); *see also Brookfield*, 174 F.3d at 1059 ("If an infringer adopts his designation with the intent of deriving benefit from the reputation of the trademark or trade name, its intent may be sufficient to justify the inference that there are confusing similarities.").

Defendant Li's adoption and continued use of the KNORR, KNORR SOLUTION, INC. and KNORR FOOD SOLUTION names was with knowledge of Unilever's KNORR® and UNILEVER FOOD SOLUTIONS® Marks. Defendant Knorr Food Solutions, Inc., working in conjunction with Defendant Li, has conceded that it purchased KNORR® and UNILEVER FOOD SOLUTIONS® branded products. *See* Docket No. 66 at ¶ 12 (Knorr Solution, Inc.'s Third Party Complaint for 1. Breach of Contract; 2. Misrepresentation; 3. Fraud; 4. Alter Ego Liabilities; 5. Indemnity; and 6. Contribution). The admitted and established facts permit only one conclusion—Defendant Li copied the KNORR® and UNILEVER FOOD SOLUTIONS® Marks in adopting the KNORR, KNORR SOLUTION, INC. and

PLAINTIFFS' *CORRECTED* SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES PER COURT'S FEBRUARY 27, 2012 ORDER RE APPLICATION FOR DEFAULT JUDGMENT AS TO DEFENDANT PING HONG LI aka SUKIE LI

KNORR FOOD SOLUTION names to profit from Unilever's reputation and goodwill.

Accordingly, no confusion factor weighs against a finding of a likelihood of confusion, and all factors weigh strongly toward a finding of likely confusion. Accordingly, Unilever has established that Defendant Li's use of the KNORR, KNORR SOLUTION, INC. and KNORR FOOD SOLUTION names is likely to cause confusion with Unilever's goods and services, and Defendant Li should be held liable for trademark infringement.

Therefore, this satisfies the second and third *Eitel* factors. *See Microsoft*, 2007 U.S. Dist. LEXIS 40898, at *4 ("After entry of default, well-plead factual allegations in the complaint are taken as true, . . . [and] the merits of [plaintiffs'] substantive claims and the sufficiency of the complaint are thus considered together.").

In addition, the second and third *Eitel* factors are satisfied with respect to Plaintiffs' trademark dilution claim. In order to prove trademark dilution, a plaintiff must: "show that (1) the mark is famous and distinctive; (2) the defendant is making use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark is likely to cause dilution." *Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 633 F.3d 1158, 1168 (9th Cir. Cal. 2011). "[D]ilution by blurring [] occurs when a mark previously associated with one product also becomes associated with a second." *Id.* at 1169. Plaintiffs' well-plead allegations of fact assert that the KNORR® trademark is famous and distinctive, and that long after the KNORR® trademark became famous, Defendant Li began using the mark in a manner that will cause the consuming public to associate Plaintiffs' products with Defendant Li's products.

### 3. Sum of Money at Stake in the Action.

As to the fourth *Eitel* factor, Unilever has not requested a specific amount of damages from Defendant Li because Defendant Li has not participated in the Action or produced any information regarding his sales of infringing products.

7

PLAINTIFFS' *CORRECTED* SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES PER COURT'S FEBRUARY 27, 2012 ORDER RE APPLICATION FOR DEFAULT JUDGMENT AS TO DEFENDANT PING HONG LI aka SUKIE LI

Plaintiffs are primarily seeking injunctive relief because Plaintiffs will suffer irreparable harm without an injunction. *See Vision Sports, Inc. v. Melville Corp.*, 888 F.2d 609, 612 n.3 (9th Cir. 1989) (holding that in trademark infringement cases it is "ordinarily presumed" that irreparable harm will result in the absence of injunctive relief.); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 877 (9th Cir. 2009) (holding that "[i]n a trademark infringement claim, 'irreparable injury may be presumed from a showing of likelihood of success on the merits.'")(quoting *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1205 n.4 (9th Cir. 2000)). The famous KNORR® and UNILEVER FOOD SOLUTIONS® Marks have appeared on product packaging, advertising, promotional materials, displays and the like. Further, Plaintiffs and their predecessors and/or their respective licensees have invested significant amounts of time, effort and hundreds of millions of dollars to market and maintain the highly regarded image of the KNORR® and UNILEVER FOOD SOLUTIONS® Marks.

While Plaintiffs are also entitled to damages from Defendant Li, Plaintiffs are unable to estimate damages without knowing Defendant Li's sales volume of infringing products. Accordingly, Plaintiffs ask that the Court order Defendant Li to provide all relevant information regarding his involvement and sales level of infringing products after it grants the requested default judgment against Defendant Li.

**4.      Dispute Concerning the Material Facts.**

Since Plaintiffs have provided evidence of Unilever's valid trademark rights and of Defendant Li's use of the confusingly similar KNORR, KNORR SOLUTION, INC. and KNORR FOOD SOLUTION name, as a result of the entry of default, there is no possibility of a dispute concerning the material facts. *See Warner Brothers Entm't v. Caridi*, 346 F. Supp. 2d 1068, 1072 (C.D. Cal. 2004). This factor weighs in favor of granting default judgment.

8

### 5. Whether Default was Due to Excusable Neglect.

Defendant Li's failure to respond to allegations in Plaintiffs' Complaint, after being served with a summons and the Complaint, was not the result of excusable neglect. *See Meadows v. Dominican Republic*, 817 F. 2d 517, 521 (9th Cir. 1987) ("A defendant's conduct is culpable "if he has received actual or constructive notice of the filing of the action and failed to answer."). The summons in this civil case and Plaintiffs' Complaint were properly and personally served on Defendant Li on November 10, 2010, at his residential address, and Defendant Li failed to appear or otherwise respond to the Complaint in the time allowed under Fed. R. Civ. P. 12. *See* Chang Decl. at ¶¶ 2, 3. Indeed, Defendant Li has yet to respond to the Complaint. Chang Decl. at ¶ 3. Since November 2010 to the present (well over a year), Defendant Li has failed to have counsel file a notice of appearance or otherwise take any steps to defend this litigation. However, Defendant Li is aware of the case and has spoken with Plaintiffs' counsel about the case (Chang Decl. at ¶ 4) and Defendant Li should be aware of his duty to respond to the Complaint. Under the circumstances, Defendant's conduct cannot be attributed to excusable neglect. Thus, this factor weighs in favor of granting default judgment.

### 6. The Policy Favoring Decisions on the Merits.

Regarding the final *Eitel* factor, Defendant Li's failure to defend himself in this lawsuit by responding to Plaintiffs' Complaint and participating in discovery makes a resolution on the merits impossible. *See Pepsi v. Cal. Sec. Cans.*, 238 F. Supp. 2d at 1177 ("Under Fed. R. Civ. P. 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action."). Indeed, Rule 55 authorizes the Court to enter default in precisely this situation: where a defendant had every opportunity to respond and appear, but has failed to do so.

Because each of the *Eitel* factors weigh in favor of granting default judgment, the Court should grant Plaintiffs' Motion.

PLAINTIFFS' *CORRECTED* SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES PER COURT'S FEBRUARY 27, 2012 ORDER RE APPLICATION FOR DEFAULT JUDGMENT AS TO DEFENDANT PING HONG LI aka SUKIE LI

## II. UNILEVER IS ENTITLED TO INJUNCTIVE RELIEF

As set forth in Section III of Unilever's original Memorandum of Points and Authorities, Unilever is entitled to a permanent injunction to prevent Defendant Li from engaging in any future infringement of its trademarks. Unilever has established that Defendant's use of the KNORR SOLUTION, INC. and KNORR FOOD SOLUTION names is likely to cause confusion with the KNORR® and UNILEVER FOOD SOLUTIONS® Marks, and Defendant Li should be held liable for trademark infringement and the related causes of action. Accordingly, Unilever requests that the Court enjoin Defendant's use of the KNORR SOLUTION, INC. and KNORR FOOD SOLUTION names, as well as use of any name incorporating or confusingly similar to the KNORR® and UNILEVER FOOD SOLUTIONS® Marks. As set forth in the proposed order submitted concurrently with the original filing of the memorandum [Docket No. 69], Unilever specifically requests that the Court order the requested injunctive relief.

## III. CONCLUSION

For each of the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Default Judgment and enter a permanent injunction against Defendant Li on the terms and conditions set forth in the previously submitted proposed order [Docket No. 69].

Respectfully submitted,

Dated: March 13, 2012         **DUANE MORRIS LLP**

By: /s/ Cyndie M. Chang
Cyndie M. Chang
Gregory P. Gulia (admitted *pro hac vice*)
Vanessa C. Hew (admitted *pro hac vice*)
Mitchell A. Frank (admitted *pro hac vice*)

Attorneys for Plaintiffs
Knorr-Naehrmittel Aktiengesellschaft and
Unilever N.V.

10

# PROOF OF SERVICE

I am a resident of the state of California, I am over the age of 18 years, and I am not a party to this lawsuit. My business address is Duane Morris LLP, 865 S. Figueroa Street, Suite 3100, Los Angeles, California 90017-5450. On the date set forth below, I served the following document(s):

**PLAINTIFFS'** *CORRECTED* **SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES PER COURT'S FEBRUARY 27, 2012 ORDER RE: APPLICATION FOR DEFAULT JUDGMENT AS TO DEFENDANT PING HONG LI a/k/a SUKIE LI**

on the interested party(ies) in this action in the following manner:

[ X ] **BY MAIL**: On the date set forth below, at Los Angeles, California, I placed the document(s) in a sealed envelope(s), addressed as set forth below, for collection and mailing with the United States Postal Service. I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. According to that practice, the correspondence will be deposited with the United States Postal Service that same day in the ordinary course of business, with first-class prepaid postage thereon. Service made pursuant to CCP § 1013a(3), upon motion of a party served, shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in the affidavit.

[ ] **BY PERSONAL DELIVERY**: On the date set forth below, at Los Angeles, California, I placed the above-referenced document(s) in a box or location regularly maintained at my office for our messenger/courier service, or I delivered the envelope or package to a courier or driver authorized by our messenger/courier service to receive documents. The document(s) was(were) placed in a sealed envelope or package designated by our messenger/courier service with delivery fees paid or provided for, addressed to the person(s) on whom it is to be personally served at the address(es) shown below, at the office address(es) as last given by that person on any document filed in the cause and served on the party making service; otherwise at that party's place of residence. The messenger/courier service was provided with instructions that the envelope or package be personally served on the addressee(s) by same day delivery (C.C.P. §1011).

Ping Hong Li
2315 246th Street
Lomita, CA  90717-1405

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 13, 2012, at Los Angeles, California.

_____
Diana Garcia

11