Yvette D. Roland (SBN 120311)
Audra L. Thompson (SBN 218479)
Cyndie M. Chang (SBN 227542)
DUANE MORRIS LLP
865 S. Figueroa St., Suite 3100
Los Angeles, CA 90017-5450
Telephone: (213) 689-7400
Facsimile: (213) 689-7401
Email:  ydroland@duanemorris.com
Email:  athompson@duanemorris.com
Email:  cmchang@duanemorris.com

Gregory P. Gulia (admitted *pro hac vice*)
Vanessa C. Hew (admitted *pro hac vice*)
Mitchell A. Frank (admitted *pro hac vice*)
DUANE MORRIS LLP
1540 Broadway
New York, New York 10036-4086
Telephone: (212) 692-1000
Facsimile: (212) 692-1020
Email:  gpgulia@duanemorris.com
Email:  vchew@duanemorris.com
Email:  mafrank@duanemorris.com

Attorneys for Plaintiffs
Knorr-Naehrmittel Aktiengesellchaft
and Unilever N.V.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KNORR-NAEHRMITTEL AKTIENGESELLCHAFT and UNILEVER N.V.,<br><br>Plaintiffs,<br><br>v.<br><br>KNORR SOLUTION, INC., SIU C. CHAN a/k/a ALFRED CHAN, SIU WAI FUNG a/k/a CALVIN FUNG and PING HONG LI a/k/a SUKIE LI<br><br>Defendants. | Case No.:  CV 10-08155 GAF (Rzx)<br><br>[PROPOSED] JUDGMENT GRANTING APPLICATION FOR DEFAULT JUDGMENT BY THE COURT AS TO DEFENDANT PING HONG LI a/k/a SUKIE LI<br><br>Date:  March 5, 2012<br>Time:  9:30 a.m.<br>Courtroom:  740<br><br>The Honorable Gary A. Feess |

WHEREAS, Plaintiffs Knorr-Naehrmittel Aktiengesellchaft and Unilever N.V. (collectively, hereinafter "Plaintiffs" or "Unilever") filed its Complaint on October 28, 2010 against Defendant Ping Hong Li a/k/a Sukie Li ("Defendant" or "Li"), service

was deemed complete on November 10, 2010 and Defendant failed to appear in this action; and

WHEREAS, the time for answering the Complaint has expired and Defendant has failed to file an answer or otherwise move with respect to the Complaint; and

WHEREAS, the Clerk Entered Default against Defendant Li on February 8, 2011; and

WHEREAS, Plaintiffs have submitted with respect to Defendant's failure to answer or otherwise move: (i) Plaintiffs' Notice of Application for Default Judgment by the Court as to Defendant Ping Hong Li a/k/a Sukie Li, (ii) Plaintiffs' Application for Default Judgment by the Court as to Defendant Ping Hong Li a/k/a Sukie Li, (iii) Declaration of Gregory P. Gulia in Support of Plaintiffs' Application for Default Judgment by the Court as to Defendant Ping Hong Li a/k/a Sukie Li, (iv) Memorandum of Points and Authorities in Support of Plaintiffs' Application for Default Judgment by the Court as to Defendant Ping Hong Li a/k/a Sukie Li and (v) this Proposed Judgment by the Court as to Defendant Li; and

The Court having fully considered the papers and evidence filed in support thereof, and a decision having been duly rendered granting Plaintiffs' Application for Default Judgment by the Court as to Defendant Ping Hong Li a/k/a Sukie Li:

IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. Defendant Li, his employees, agents, officers, attorneys, successors, and assigns, and all those in active concert and participation with Defendant, are permanently enjoined from:

(a) using and/or authorizing any third party to use as a trademark, service mark, domain name, business name, trade name, symbol of origin and/or otherwise: KNORR® and UNILEVER FOOD SOLUTIONS® trademarks, KNORR SOLUTION, KNORR FOOD SOLUTION, any name or mark incorporating KNORR and UNILEVER FOOD SOLUTIONS, and/or any other counterfeit, copy, simulation, confusingly similar variation, and/or colorable imitation of Plaintiffs' KNORR® and

UNILEVER FOOD SOLUTIONS® trademarks, in any manner or form, on or in connection with any business, products and/or services, and/or in the marketing, advertising and/or promotion of same;

    (b)    imitating, copying or making any unauthorized use in any manner or form of Plaintiffs' KNORR® and UNILEVER FOOD SOLUTIONS® trademarks and/or any copy, simulation, variation and/or imitation thereof;

    (c)    making and/or displaying any statement and/or representation that is likely to lead the public and/or the trade to believe that Defendant Li and/or the Defendant's products and/or services are in any manner associated and/or affiliated with and/or approved, endorsed, licensed, sponsored, authorized and/or franchised by or are otherwise connected with Unilever;

    (d)    Using and/or authorizing any third party to use in connection with the rendering, offering, advertising, and/or promotion of any goods, products, and/or services any false description, false representation, and/or false designation of origin, and/or any marks, names, words, symbols, devices, and/or trade dress which falsely associate such goods, products and/or services with Plaintiffs and/or tend to do so;

    (e)    diluting the distinctive quality of Plaintiffs' KNORR® and UNILEVER FOOD SOLUTIONS® trademarks;

    (f)    registering and/or applying to register as a trademark, service mark, domain name, trade name and/or other source identifier or symbol of origin KNORR or UNILEVER FOOD SOLUTIONS and/or any other name or mark incorporating KNORR, or FOOD SOLUTIONS whether alone or in combination with any other word(s) or design(s), and/or any other mark, trade dress and/or name that infringes on and/or is likely to be confused with Plaintiffs' KNORR® and UNILEVER FOOD SOLUTIONS® trademarks;

    (g)    engaging in any other activity constituting unfair competition with Plaintiffs, and/or constituting an infringement of Plaintiffs' KNORR® and

1 | UNILEVER FOOD SOLUTIONS® trademarks, and/or of Plaintiffs' rights therein;
2 | and
3 |     (h)    aiding, assisting and/or abetting any other party in doing any act
4 | prohibited by sub-paragraphs (a) through (

Dated: April 5, 2012

/s/ Gary Feess

Gary A. Feess, United States District Judge

## PROOF OF SERVICE

I am a resident of the state of California, I am over the age of 18 years, and I am not a party to this lawsuit. My business address is Duane Morris LLP, 865 S. Figueroa Street, Suite 3100, Los Angeles, California 90017-5450. On the date set forth below, I served the following document(s):

**[PROPOSED] JUDGMENT GRANTING APPLICATION FOR DEFAULT JUDGMENT BY THE COURT AS TO DEFENDANT PING HONG LI a/k/a SUKIE LI**

on the interested party(ies) in this action in the following manner:

[ XX ]   **BY MAIL**: On the date set forth below, at Los Angeles, California, I placed the document(s) in a sealed envelope(s), addressed as set forth below, for collection and mailing with the United States Postal Service. I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. According to that practice, the correspondence will be deposited with the United States Postal Service that same day in the ordinary course of business, with first-class prepaid postage thereon. Service made pursuant to CCP § 1013a(3), upon motion of a party served, shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in the affidavit.

[ ]   **BY PERSONAL DELIVERY**: On the date set forth below, at Los Angeles, California, I placed the above-referenced document(s) in a box or location regularly maintained at my office for our messenger/courier service, or I delivered the envelope or package to a courier or driver authorized by our messenger/courier service to receive documents. The document(s) was(were) placed in a sealed envelope or package designated by our messenger/courier service with delivery fees paid or provided for, addressed to the person(s) on whom it is to be personally served at the address(es) shown below, at the office address(es) as last given by that person on any document filed in the cause and served on the party making service; otherwise at that party's place of residence. The messenger/courier service was provided with instructions that the envelope or package be personally served on the addressee(s) by same day delivery (C.C.P. §1011).

Ping Hong Li
2315 246th Street
Lomita, CA 90717-1405

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 6, 2012, at Los Angeles, California.

_____
Cheryl L. Wales