LINK: 95

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-08155 GAF (RZx) | Date | May 11, 2012 |
|---|---|---|---|
| Title | Knorr-Naehrmittel Aktiengesellchaft et al v. Knorr Solutions, Inc. et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**         **(In Chambers)**

### ORDER TO SHOW CAUSE

The Court is in receipt of the request made by Third Party Defendants Trio Foods Limited, Chris Shiu Leung Ho, and George Chu (the "Trio Parties") that an order to show cause issue against Defendant and Third Party Complainant Knorr Solutions, Inc. ("KSI") why KSI's third party complaint in this action should not be dismissed.  (Docket No. 95 [Req. for OSC].) In this action, KSI is charged with violating several federal and California trademark statutes and engaging in unfair competition by using Plaintiffs' marks to sell counterfeit food products. (Docket No. 1 [Compl.]).  On October 12, 2011, KSI filed a third party complaint against the Trio Parties, asserting claims for breach of contract, misrepresentation, fraud, alter ego liabilities, indemnity, and contribution.  (Docket No. 66.)  At the same time, KSI filed a nearly identical cross-complaint in a Los Angeles County Superior Court action against it brought by the Trio Parties, but did not so notify this Court.  (See Docket No. 96 [Trio Parties' Req. Judicial Not. ("RJN")[1]], Ex. A [State Court Cross-Compl.].)

KSI only filed a proof of service as to its third party complaint in this action on May 6, 2012, after the Trio Parties made the instant request, indicating that it served the Trio Parties by registered mail in Hong Kong on February 2, 2012.  (See Docket No. 97.)   The Trio Parties argue that the manner of service was "defective and void."  (Req. for OSC at 4.)  KSI has not otherwise prosecuted its third party claims.  Substantial discovery has already been conducted in the state court action, but that action has been stayed pending the resolution of KSI's third party complaint in the instant action.  (Id.)  A status conference is scheduled in the state court action

---

[1] The Court takes judicial notice, pursuant to Federal Rule of Evidence 201, of the documents requested by the Trio Parties because all are matters of public record.  See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) ("under Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record'").

**LINK: 95**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-08155 GAF (RZx) | Date | May 11, 2012 |
|---|---|---|---|
| Title | Knorr-Naehrmittel Aktiengesellchaft et al v. Knorr Solutions, Inc. et al | | |

for May 25, 2012.  (Id. at 2.)

   Accordingly, KSI is **ORDERED to show cause no later than 5:00p.m. on Thursday, May 17, 2012**, why its third party complaint should not be dismissed for (1) lack of prosecution; (2) failure to notify this Court of the pendency of the state court action; and/or (3) failure to effectively serve the Trio Parties within 120 days of filing the third party complaint.  See Link v. Wabash R. Co., 370 U.S. 626 (1962) (court has inherent power to dismiss for lack of prosecution on its own motion); C.D. Cal. R. 83-1.4; Fed. R. Civ. P. 4(m).  **Failure to respond by this deadline will be deemed consent to dismissal of the third party complaint in this action.**

   **IT IS SO ORDERED**.