1  LAW OFFICE OF CINDY N. TRAN, APC
2  Cindy N. Tran (SBN 228214)
   Lisa Stilson (SBN 196059)
3  225 S. Lake Avenue, Suite 300
   Pasadena, California 91101-3009
4  Tel: 626.432.7208
   Fax: 626.638.0526
5
6  Attorneys for Defendant and Third Party Plaintiff Knorr Solution, Inc., a California Corporation and
   Defendants Siu C. Chan, a/k/a Alfred Chan, and Siu Wai Fung a/k/a Calvin Fung
7
8
9  **UNITED STATES DISTRICT COURT**
10 **CENTRAL DISTRICT OF CALIFORNIA**
11

| | |
|---|---|
| 12  KNORR-NAEHRMITTEL AKTIENGESELLCHAFT and 13  UNILEVER N.V. | Case No.: CV10-8155 GAF (RZx) |
| 14  Plaintiffs, | **RESPONSE TO OSC RE: DISMISSAL** |
| 15  vs. | |
| 16  KNORR SOLUTION, INC., et al. | |
| 17  Defendants. | |
| 18 | |
| 19  AND OTHER RELATED CROSS ACTIONS | |

20
21      Third Party Plaintiff Knorr Solution, Inc. ("KSI") hereby submits its response to the OSC re:
22 Dismissal for (1) lack of prosecution; (2) failure to notify this court of the pendency of the state
23 court action; and/or (3) failure to effectively serve the Trio Parties within 120 days of filing the third
24 party complaint (Docket # 99).
25      1.   On September 30, 2011, this Court granted KSI's motion for leave to file a third
26 party complaint against third party defendants Unilever Food Solutions, Unilever Hong Kong
27 Limited, Trio Foods Limited, Chris Shiu Leung Ho and George Chu.  The Court gave KSI until
28 October 12, 2011 to file the third party complaint excluding the negligence and breach of warranty

*LAW OFFICE OF CINDY N. TRAN*
*A Professional Corporation*

1    claims (Docket #65).  On October 12, 2011, KSI filed the third party complaint as ordered by the

2    Court's September 30, 2011 order (Docket #66).

3        2.    At the time that the 3rd party complaint was filed with this court, a state court action

4    case number BC454445 (hereinafter "state court action") filed by Trio Food Limited against Knorr

5    Solution Inc. for breach of contract, among other things, was pending in the Los Angeles Superior

6    Court.  Counsel for KSI did not believe that the two cases were related at the time and did not note

7    the state court action as a related case when filing KSI's 3rd party complaint.

8        3.    On November 30, 2011, Judge Palmer in Department 33 of the Superior Court of

9    California, County of Los Angeles granted KSI's motion for leave to file a cross-complaint in the

10   state court action that contained similar claims as the third party complaint filed in this action.

11   Concurrently with Judge Palmer's order granting leave to file the cross-complaint, the state court

12   also stayed the entire action pending disposition of the federal court case. Attached as Exhibit "E" is

13   a true and correct copy of the Notice of Ruling served on KSI on December 21, 2011.

14       4.    Upon receiving the court's ruling staying the entire state court action, counsel for

15   KSI mistakenly believed that the case was no longer at issue until this court disposed of the claims

16   in the 3rd party complaint and therefore did not file a Notice of Pendency with this Court.  The

17   undersigned recognizes and now understands her mistake and apologize to the Court for not having

18   filed the Notice of Pendency.

19       5.    KSI attempted to serve all defendants, in Hong Kong SAR, China using the formal

20   methods provided under the Hague Convention.  After researching the procedures provided under

21   the Hague Convention and filling out the proper documents and forms required by the convention

22   and the Hong Kong Central Authority, counsel for KSI mailed the documents by priority mail to the

23   Hong Kong Chief Secretary for Administration as instructed on the Hague Convention website.

24   Attached as Exhibit "A" is a true and correct copy of the online postage and shipping label printed

25   from the United States Postal Service's website.  The package was then delivered to the post office

26   on the same date for mailing on November 9, 2011.

27       6.    The formal methods provided under the Hague Convention are technical and difficult

28   to control due to the language issues and the service of process by a foreign governmental agency

*LAW OFFICE OF CINDY N. TRAN*
*A Professional Corporation*

1  Such service of process is not subject to the same level of communication and control that exist with
2  private process servers in the United States.  Additionally, it seemed that the Hong Kong Central
3  Authority had also relocated its office causing further delay in the delivery of the documents by the
4  postal service. Attached as Exhibit "B" is a true and correct copy of the printout from the
5  USPS.com website showing the delivery of the international parcel on November 22, 2011.  The
6  address which was provided on the Department of State's website regarding service abroad had an
7  address on Lower Albert Road, Hong Kong.  See exhibit C.

8    7.    The delivery information from the USPS.com website was not updated in real time
9  and counsel for KSI could not confirm the delivery of the documents to the central authority until
10  early December.  Upon confirmation that the documents were delivered to the Central Authority,
11  counsel for KSI attempted on several occasions to contact the Hong Kong Central Authority to
12  ascertain the status of service on the third party defendants.  When counsel was finally able to speak
13  to someone at the Hong Kong Central Authority, the only thing that counsel was able to confirm
14  was that processing of such service usually takes up to two months and once the documents are
15  received by the Central Authority's office they will be processed in the order received. Counsel
16  could not obtain specific information on the status of these particular documents.  To date, KSI has
17  not received any information from the Hong Kong Central Authority regarding service of these
18  documents.

19    8.    After this communication with the Central Authority, counsel for KSI contacted
20  Mr. Tai Wai Tam, a Hong Kong barrister with the firm of Ku John, Tam & Ho in Hong Kong.  Mr.
21  Tam indicated that his firm would be willing to assist with the private service of the documents on
22  the third party defendants; however, he was leaving for a trip and would not be back in the office
23  until January 2012 for the Chinese New Year holiday.

24    9.    In January 2012, with the coincidence of a friend traveling to China for the New
25  Year celebration, counsel for KSI had five (5) copies of the third party summons and complaint
26  hand delivered to Mr. Tam's office in Hong Kong by the friend who was traveling in the region.
27  Thereafter, KSI learned that Mr. Tam had retired from practice at the end of 2011 and was in the
28  process of winding down his business, however KSI was assured that a member of Mr. Tam's staff

*LAW OFFICE OF CINDY N. TRAN*
*A Professional Corporation*

*Response to OSC re Dismissal*

1  would serve the documents on KSI's behalf.

2      10.    In February 2012, after the Chinese New Year holidays, KSI contacted Mr. Tam to
3  inquire upon the status of service on the third party defendants since no information was received
4  from either Mr. Tam's office or the Hong Kong Central Authority regarding service of process on
5  the third party defendants.  KSI was informed by Mr. Tam that his staff attempted to personally
6  serve the third party defendants but was unable to reach them and ultimately served the individuals
7  by registered mail through the Hong Kong Post, which is an acceptable form of service in Hong
8  Kong.  Service is deemed effective if the documents are not returned undelivered within 30 days.

9      11.    In March, KSI was informed that the third party summons and complaint were
10  mailed on February 2, 2012 and that none have been returned to the sender undelivered. Scanned
11  copies of the registered mail receipt and Hong Kong Post website printout, confirming delivery on
12  February 3, 2012, were emailed to counsel for KSI.  However, the scanned copies were blurry and
13  could not be used as exhibits to the proof of service. Counsel for KSI requested a proof of service to
14  be executed by the individual who sent the documents as well as clear copies of the mail receipt
15  from Mr. Tam's law firm. The documents served by mail and delivered by the Hong Kong Post on
16  February 3, 2012 was within 120 days of filing of the third party complaint.

17      12.    Unfortunately, the individual who served the documents by mail was no longer with
18  the firm of Ku John, Tam & Ho due to the winding down of the law firm.  It took an additional two
19  weeks before KSI was able to get in touch with the individual who served the documents and
20  request that a proof of service and clear copies of the registered mail receipt and delivery
21  confirmation be sent to counsel for KSI.  On April 30, 2012, counsel for KSI received the signed
22  copy of a Declaration of Service by Siu Ho Chan executed on April 12, 2012 (Docket #97).
23  However, the original and/or clear copies of the registered mail receipt and delivery confirmation
24  previously received by email were not included with the declaration of service.  KSI then contacted
25  Mr. Tam in Hong Kong requesting better copies of the mail receipt and delivery confirmation.  Two
26  days later, counsel for KSI received JPEG images of the mail receipt and delivery confirmation
27  which was then converted into PDF format and filed with the court over the weekend of May 5,
28  2012 (Docket #97-1).

*LAW OFFICE OF CINDY N. TRAN*
*A Professional Corporation*

*Response to OSC re Dismissal*

13. KSI did not delay in prosecuting the third party complaint or fail to serve the third party defendants within 120 days of filing the third party complaint. Within 30 days of filing the complaint, KSI attempted to serve all of the third party defendants through the formal process under the Hague Convention by mailing the documents to the Chief Secretary for Administration for the Hong Kong Central Authority. Those documents were delivered to the Hong Kong Central Government on November 22, 2011. To date, the Hong Kong Central Authority has not confirmed service of the documents.

14. According to the Hong Kong Central Authority, as posted on the Hague Convention website, Hong Kong allows for both formal and informal service. Formal Service under Article 5(1)9a) is effected by the Chief Bailiff of the Court by personal service on an individual, personal service on an officer of a company or corporation, and by leaving documents at the registered office address of a business. Informal service by a particular method under Article 5(1)(b) is effectuated by post. Hong Kong also allows service to be effected by private agent (usually a firm of solicitors) which does not require government or judiciary involvement. Attached as Exhibit "C" is a true and correct copy of a web printout from the State Department on Hong Kong Judicial Assistance discussing Service of Process on parties residing in Hong Kong. Attached as Exhibit "D" is a web printout from the Hague Convention website providing service information for the Hong Kong Special Administrative Region. Both indicate that service by post or international registered mail is acceptable.

15. The Court should not dismiss KSI's third party complaint based on KSI's failure to file a notice of pendency of actions as the failure to file the notice of pendency was based on KSI's counsel's mistake. There have been no previous warnings to KSI regarding this issue. Dismissal of the third party complaint would unfairly prejudice KSI and less drastic alternatives are appropriate and would be in the interests of justice. Involuntary dismissal is considered to be a "sanction of last resort." It should only be imported in extreme circumstances. *See Dahl v. City of Huntington Beach* (9th Cir. 1996) 84 F.3d 363, 366; *GCIU Employer Retirement Fund v. Chicago Tribune Co.* (7th Cir. 1993) 8 F.3d 1195, 1199. Dismissal for the violation of court rules is appropriate only where a significant violation is clearly shown and lesser sanctions would not serve the interests of

*Response to OSC re Dismissal*

1  justice. *Hearns v. San Bernardino Police Dept.* (9th Cir. 2008) 530 F.3d 1124, 1132-33; *Wrenn v.*
2  *American Cast Iron Pipe Co.* (5th Cir. 1978) 575 F.2d 544.

5  Dated: May 17, 2012

Respectfully submitted,
LAW OFFICES OF CINDY N. TRAN, APC

By: *[signature: Cindy N. Tran]*
Cindy N. Tran
Attorneys for Defendants and Third Party Plaintiff

*LAW OFFICE OF CINDY N. TRAN*
*A Professional Corporation*

*Response to OSC re Dismissal*