Elizabeth G. Ellis, (SBN 218956)
LAW OFFICES OF ELIZABETH G. ELLIS
26137 Fairside Drive
Malibu, CA 90265
Tel.: (310) 456-8413
Fax: (888) 795-3398
E-Mail: LizEllis@ellis-lawoffices.com

Attorneys for Third Party Defendants
TRIO FOODS LIMITED, CHRIS HO
and GEORGE CHU

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KNORR-NAEHRMITTEL AKTIENGESELLCHAFT and UNILEVER N.V.,<br><br>Plaintiffs,<br><br>v.<br><br>KNORR SOLUTION, INC., et al,<br><br>Defendants.<br><br>KNORR SOLUTION, INC., a California corporation,<br><br>Third Party Plaintiff,<br><br>v.<br><br>UNILEVER FOOD SOLUTIONS, a Chinese entity, UNILEVER HONG KONG LIMITED, a Chinese entity, TRIO FOODS LIMITED, a Chinese limited company, CHRIS SHIU LEUNG HO, an individual, GEORGE CHU, an individual, and ROES 1-10, inclusive,<br><br>Third Party Defendants. | Case No: CV 10-8155 GAF (RZx)<br>*Hon. Gary A. Feess (USDJ)*<br><br>**DECLARATION OF ELIZABETH G. ELLIS IN SUPPORT OF ORDER TO SHOW CAUSE RE: DISMISSAL OF THIRD PARTY COMPLAINT**<br><br>(Filed contemporaneously with DECLARATION OF HO LAI CHUN AND REQUEST FOR JUDICIAL NOTICE)<br><br>What: **ORDER TO SHOW CAUSE**<br>When: May 17, 2012 at 5 p.m.<br>Where: Chambers<br><br>Trial date: December 4, 2012 |

LAW OFFICES OF
ELIZABETH G. ELLIS

**DECLARATION OF ELIZABETH G. ELLIS IN SUPPORT OF ORDER TO SHOW CAUSE**

## DECLARATION OF ELIZABETH G. ELLIS

I, Elizabeth G. Ellis, declare:

1. I am an attorney duly licensed to practice law before this Court and counsel of record for third party defendants Trio Foods Limited, FL, Chris Ho and George Chu (collectively "the Trio parties") in this action. I have personal knowledge of the matters stated herein, and if called as a witness, could and would testify competently thereto.

2. This declaration is offered in support of this Honorable Court's Order to Show Cause why KSI's third party complaint should not be dismissed for 1.) failure to prosecute; 2.) failure to notify this Court of the pendency of the State court action; and/or 3.) failure to effectively serve the Trio parties within 120 days of filing their third party complaint.

3. The Trio parties desire to move swiftly towards trial on the merits on identical claims filed by KSI in State court in the matter entitled *Knorr Solution Inc v. Trio Foods Limited, Chris Ho and George Chu*, Los Angeles Superior Court Case No.: BC 45445 ("State case"). The State court scheduled a Status Conference Re: Federal case on May 25, 2012.

I. SERVICE HAS NOT BEEN EFFECTED ON THE TRIO PARTIES

    A. <u>KSI admits it failed to serve the Trio parties via International Registered Mail, an Agent or by Formal Request to the Central Authority</u>

The Hague Convention permits "Formal service" methods which must be carried out by the Chief Bailiff of the Court. Unless specifically requested otherwise, formal service may be performed by either 1.) personal service, to effect service on an individual, 2.) delivery to the registered office address of an entity, to serve an entity, or 3.) by personal service on a corporate officer of an entity, to serve an entity. *(Hong Kong Central Authority (Art. 18) Convention Art. 5(1)(b). See*, RJN at Exhibit "B".

The Hague Convention also permits service by International Registered Mail, by agent (using Formal service, *supra*) and by formal request to the foregoing Central Authority. (*Fed. R. Civ. P., Rule 4 (f)(1)*). However, although the Hague Convention "permits" International mail service it is only permitted if dispatched by the court clerk and only if there is a signed receipt. (*Fed. R. Civ. P., Rule 4 (f)(2)(C)(ii); Brockmeyer v. May* 383 F.3d 798, 802-803 (9th Cir. 2004).

KSI admits that none of these methods were used. They assert that they "tried" but failed. (*Response to Order to Show Cause at ¶¶ 5- 10.*) KSI's agent (local counsel or someone else, the service Declaration is unspecified) failed to personally serve the individual defendants or officers of the company. *Id.* They admit personal service was not affected and they failed to use the services of the Chief Bailiff, as required. As such, their Proof of Service demonstrates they failed to comply with either Rule 4 or the Convention.

Moreover, KSI has failed to provide a Declaration made by a person with personal knowledge of service regarding their purported service attempts (my clients are not hard to find). As such, KSI's failure to prosecute (or serve) the Trio parties is not substantiated.

B.  <u>KSI Admits it Failed to Satisfy the Informal Delivery or Special Service Requirements</u>

Absent Formal Service, informal delivery may be used with strict requirements. Using Informal Delivery (Art. 5(2)), the delivery MUST be carried out by the Chief Bailiff. And although a special request may be made that service be performed by post (local registered mail); this is also to be performed by the Chief Bailiff. *Convention Art. 5(1)(b).* KSI failed to effect post service through a Chief Bailiff and failed to submit a request for such Special service or even acknowledge the need to. The Proof of Service is *prima facie* evidence of non-compliance.

In fact, KSI simply mailed the documents by local Hong Kong registered mail and assert that such "informal service is permitted under the Hague Convention" because their local agent mailed them. *Id.* at ¶14. They fail to mention and their Proof of Service evinces that they failed to use a Chief Bailiff. *Convention Art. 5(1)(b).* And, if a local agent carried out service as they assert, the local agent must use the Formal service requirements which do not include local post (unless they seek approval and the Chief Bailiff carries out the service. *Art 5 (1)(b) and (2) ).* KSI's Proof of Service evinces utter failure to comply. *(See,* Proof of Service filed, Docket 97.) It is noted that the Proof of Service Declaration does not declare who the signor is. If an attorney or person working for a law firm in Hong Kong, the Declaration is devoid of this information.

    C.    <u>Signed Receipt by Non-Party Entity Sunbury</u>

Importantly, the local Hong Kong registered mail person mis-delivered the packages. The receipts were returned to KSI's local "agent" having been delivered to a non-party to the litigation *i.e.,* "Sunbury Company, Ltd.". *See,* accompanying Declaration of Miss Larrisa Ho ("**Sunbury Declaration**"). At the request of KSI's agent, the alleged service receipts were stamped (with a chop signature) by an employee of Sunbury. *Id.*

The foregoing facts are either known or should have been known to KSI's counsel. Their statement regarding the packages, *i.e.,* "none have been returned to the sender undelivered" is accordingly, misleading. (*Response to Order to Show Cause at ¶ 11.*) The Proof of Service is evidence of non-compliance. The Trio parties were not served.

By its own Proof of Service, it is undisputed that KSI neither effected service under the Hague Convention or other international agreement in accordance with Rule 4(f)(1), nor affected service by registered mail by the clerk of the court in

accordance with the strict requirements of Rule 4(f)(3)(2(A).

II. **THE STATE COURT ACTION IS IDENTICAL TO THIS ACTION IT WAS STAYED (NOT TERMINATED) PENDING THE RESOLUTION OF THE KSI/THE TRIO PARTIES CLAIMS IN THE FEDERAL ACTION**

4.     On November 30, 2011, the State court held:

"The motion of defendant (*KSI*) for leave to file its (*its Federal Case or third party complaint* as a State court) cross complaint is GRANTED.

The subject matter of *(KSI's state court)* cross-complaint arises out of the same transaction, occurrence, or series of transactions or occurrences set forth in *(the Trio parties state court)* complaint.

However, in light of the *(KSI's third party complaint)* nearly identical claims brought by KSI against Trio Foods Limited Foods Limited, Chris Shiu Leung Ho, and George Chu, in Case No. CV 10-8155 GAF (RZx) of the United States District Court for the Central District of California (the "Federal Case") the court finds that the possibility of conflicting rulings exists and that judicial economy would be served by staying this action pending resolution of the Federal Action. "Trial courts have the inherent power to stay proceedings in the interests of justice and to promote judicial efficiency."  *Fridberg v. City of Mission Viejo* (1995) 33 Cal.App.4th 1484, 1489.

Accordingly, this action is stayed pending the determination of the Federal Case. The trial date is advanced and vacated. The Final Status Conference is advanced and vacated.  The court sets a Status conference regarding status of the federal case for **May 25, 2012**." ("Order").

A true and correct copy of the **Order** is annexed as Exhibit "A" to the accompanying Request for Judicial Notice ("RJN") (*emphasis and clarity supplied*).

5.     The State court defined the "Federal Case" as KSI's third party complaint against the Trio parties. The State court did not terminate the third party

complaint (Federal Case), in fact it permitted KSI to file it in State court (as KSI's "cross" complaint) before it issued the stay. (RJN at Exhibit "A", Order *supra;* and *See* Response at Exhibit "E", Notice of Ruling which annexes a copy of the State court Order).

6. The State court held that the subject matter of KSI's cross-complaint filed in State court is virtually identical to KSI's third party complaint filed in this action. *See*, Order recited *verbatim* at ¶4 *supra*. and RJN at Exhibit "A". The State court stayed that case pending resolution of the Federal Case i.e., KSI's third party complaint. It did not terminate it. A "wait and see" approach is ordinary and was employed with the State case held open. *Id.* This was plain to KSI counsel since there is a Status Conference Re: Federal Case set on May 25, 2012.

7. The State court further held that KSI's complaint "arises out of the same transaction, occurrence, or series of transactions or occurrences set forth in the (Trio parties State court) complaint. *Id.* KSI's claims are state law based claims and can be tried in State court between KSI and the Trio parties without affecting the main Federal trademark litigation between KSI and the plaintiffs.

8. The Trio parties State court complaint was filed on February 3, 2011 with trial scheduled to commence on April 2, 2012. At the time the State case was stayed, the Trio parties had propounded 2 sets of Special Interrogatories, Requests for Production of Documents and Form Interrogatories, with depositions pending before trial. The issues between the parties on all pleadings filed in State court arise from the same facts and circumstances and the are all state law based claims.

9. In the absence of dismissal, the Trio parties will be required to duplicate discovery already conducted between the same parties on the same facts as already conducted in the State case in addition to the cost and burden of serving all parties with R. 26 disclosures in the manner required in this forum. Absent dismissal, the

additional and duplicate proceedings required of the Trio parties in this Court will be unduly burdensome, costly and unfair-- unless KSI is ordered to reimburse the Trio parties for their costs and fees as a sanction.

10. The facts supporting dismissal of the third party complaint include but are not limited to:

   A. KSI and the Trio parties have a forum to hear the claims between them (the State court trial date of April 12, 2012 was vacated and stayed pending this court's decision);

   B. KSI failed to inform this court of the pendency of the State court case when it applied for permission to file its third party complaint or to date despite the duty to do so;

   F. All claims between the parties are state law based and there is no diversity jurisdiction or independent bases for jurisdiction; permitting the filing of the third party complaint was the proper use of this Court's discretionary powers but such decision was predicated upon the inaccurate record presented by KSI when it failed to notify this Court regarding the pending State case;

   C. KSI failed to either effect service within 120 days or at all during the intervening (6) six month period in this action;

   D. KSI failed to prosecute its third party claims;

   E. Discovery was conducted in the State case;

   F. The April 12, 2012 State court trial date can be reset.

11. In light of the foregoing, the Trio parties will be unduly prejudiced if not permitted to proceed to trial in the State case. It is respectfully requested that all claims between the Trio parties and KSI be heard in the State case and the third party

LAW OFFICES OF
ELIZABETH G. ELLIS

**DECLARATION OF ELIZABETH G. ELLIS IN SUPPORT OF ORDER TO SHOW CAUSE**
7

complaint be dismissed.

12. There is <u>no prejudice to KSI</u> on dismissal of their claims since there is another forum available (with case pending) which can adequately address the issues and provide all manner of relief as they may be entitled.  As such and in light of the circumstances, dismissal is not drastic and it is warranted.

13. Accordingly, the Trio parties most respectfully request that this dismiss the third party complaint against it with prejudice.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 17th day of May at Malibu, California.

Respectfully submitted,



ELIZABETH G. ELLIS