Cyndie M. Chang (SBN 227542)
DUANE MORRIS LLP
865 S. Figueroa St., Suite 3100
Los Angeles, CA 90017-5450
Telephone: (213) 689-7400
Facsimile: (213) 689-7401
E-mail:  cmchang@duanemorris.com

Gregory P. Gulia *(admitted pro hac vice)*
Vanessa C. Hew *(admitted pro hac vice)0*
Mitchell A. Frank *(admitted pro hac vice)*
DUANE MORRIS LLP
1540 Broadway
New York, New York 10036-4086
Telephone: (212) 692-1000
Facsimile: (212) 692-1020
Email:  gpgulia@duanemorris.com
Email:  vchew@duanemorris.com
Email:  mafrank@duanemorris.com

Attorneys for Plaintiff Knorr-Naehrmittel
Aktiengesellchaft, Unilever N.V., and
Third-Party Defendant Unilever Hong Kong Limited

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KNORR-NAEHRMITTEL AKTIENGESELLCHAFT and UNILEVER N.V. <br><br> Plaintiffs, <br><br> v. <br><br> KNORR SOLUTION, INC., SIU C. CHAN a/k/a ALFRED CHAN, SIU WAI FUNG a/k/a CALVIN FUNG and PING HONG LI a/k/a SUKIE LI <br><br> Defendants. | Case No.:   CV 10-08155 GAF (Rzx) <br><br> **THIRD-PARTY DEFENDANT UNILEVER HONG KONG LIMITED'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS THIRD PARTY COMPLAINT** <br><br> Date:         July 9, 2012 <br> Time:         9:30 a.m. <br> Courtroom:  740 <br><br> The Honorable Gary A. Feess |

1  KNORR SOLUTION, INC., a California
2  Corporation,

3              Third-Party Plaintiff,

4        v.

5
6  UNILEVER FOOD SOLUTIONS, a
   Chinese entity, UNILEVER HONG
7  KONG LIMITED, a Chinese entity,
   TRIO FOODS LIMITED, a Chinese
8  limited company, CHRIS SHIU LEUNG
   HO, an individual, GEORGE CHU, an
9  individual, and ROES 1-10, inclusive,
10
11
12             Third-Party Defendants.
13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ............................................................1

ARGUMENT ...................................................................................3

I.    KSI'S CLAIMS AGAINST UNILEVER H.K. FAIL FOR LACK OF
      PERSONAL JURISDICTION .................................................3

      A.    KSI Fails to Allege General Jurisdiction over Unilever H.K. ..............4

      B.    KSI Fails to Allege Specific Jurisdiction over Unilever H.K. ..............6

            1.    Unilever H.K. Did Not Purposefully Avail Itself Of This Forum 6

            2.    KSI Fails to Allege that Unilever H.K. Engaged in Any Forum-
                  Related Activities ..................................................7

            3.    The Exercise Of Jurisdiction Is Unreasonable ..........................8

II.   KSI FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE
      GRANTED AGAINST UNILEVER H.K. .....................................9

      A.    KSI's Claim For Negligent Misrepresentation Fails to State a
            Claim Upon Which Relief May Be Granted .....................................10

            1.    KSI Fails to Meet Rule 9(b)'s Particularity Requirement ........12

            2.    KSI Cannot Cure these Failings ................................13

      B.    KSI Has Not, and Cannot Truthfully, Allege Facts for Indemnity
            and Contribution ..................................................15

CONCLUSION ...............................................................................18

i

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

*Alfus v. Pyramid Tech. Corp.*,
  745 F. Supp. 1511 (N.D. Cal. 1990) ................................................................. 10

*Anderson v. Griffin*,
  397 F.3d 515 (7th Cir. 2005) ........................................................................... 15

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................... 9-10, 14

*Baca Gardening & Landscaping, Inc. v. Prizm Vinyl Corp.*,
  No. 08 Civ. 1328, 2008 U.S. Dist. LEXIS 94641 (C.D. Cal. Nov. 12, 2008) ..... 7

*Ballard v. Savage*,
  65 F.3d 1495 (9th Cir. 1995) .............................................................................. 8

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*,
  223 F.3d 1082 (9th Cir. 2000) ........................................................................... 4

*Bauman v. DaimlerChrysler Corp.*,
  519 F.3d 1088 (9th Cir. Aug. 28, 2009) ............................................................ 5

*Bear Stearns & Co. v. Daisy Sys. Corp.*,
  97 F.3d 1171 (9th Cir. 1996) ........................................................................... 10

*Bell Atl' Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................ 9-10

*Birzer v. Jockey's Guild, Inc.*,
  444 F. Supp. 2d 1005 (C.D. Cal. 2006) ......................................................... 3-4

*Cooper v. Pickett*,
  137 F.3d 616 (9th Cir. 1998) ........................................................................... 14

*Core-Vent Corp. v. Nobel Indus. AB*,
  11 F.3d 1482 (9th Cir. Cal. 1993) ...................................................................... 8

*Dielsi v. Falk*,
  916 F. Supp. 985 (C.D. Cal. 1996) .................................................................. 11

*In re Easysaver Rewards Litig.*,
  737 F. Supp. 2d 1159 (S.D. Cal. 2010) ........................................................... 11

ii

*Errico v. Pac. Capital Bank, N.A.*,
  753 F. Supp. 2d 1034 (N.D. Cal. 2010)............................................................11

*Galusha v. Dowling*,
  No. 10 Civ. 4573, 2010 U.S. Dist. LEXIS 123916 (C.D. Cal. Nov. 9, 2010) .....6

*Gamla Enters. N. Am., Inc. v. Lunor-Brillen Design U. Vertriebs GmbH*,
  98 Civ. 992, 2000 U.S. Dist. LEXIS 1515 (S.D.N.Y. Feb. 16, 2000) ..............15

*Getty Petroleum Corp. v. Island Transp. Corp.*,
  862 F.2d 10 (2d Cir. 1988), cert. denied, 490 U.S. 1006(1989) .......................15

*Glenn Holly Entm't, Inc. v. Tektronix, Inc.*,
  100 F. Supp. 2d 1086 (C.D. Cal. 1999)............................................................11

*Joe Hand Promotions, Inc. v. Garcia*,
  No. 11 Civ. 02030, 2012 U.S. Dist. LEXIS 56745 (E.D. Cal. Apr. 23, 2012) ....2

*Lorenz v. Sauer*,
  807 F.2d 1509 (9th Cir. 1987) ..........................................................................11

*Masonek v. Wells Fargo Bank, N.A (In re Med. Capital Sec. Litig.)*,
  No. 10 Civ. 2145, 2012 U.S. Dist. LEXIS 19925 (C.D. Cal. Jan. 31, 2012).....17

*Miscellaneous Serv. Workers Local # 427 v. Philco-Ford Corp.*,
  661 F.2d 776 (9th Cir. 1981) .............................................................................11

*Moss v. United States Secret Serv.*,
  572 F.3d 962 (9th Cir. 2009) .............................................................................10

*PTI, Inc. v. Philip Morris Inc.*,
  100 F. Supp. 2d 1179 (C.D. Cal. 2000)...........................................................6-7

*Santana Prods., Inc. v. Bobrick Washroom Equip., Inc.*,
  69 F. Supp. 2d 678 (M.D. Pa. 1999)..................................................................16

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
  806 F.2d 1393 (9th Cir. 1986) ...........................................................................11

*Settle v. World Sav. Bank, F.S.B.*,
  11 Civ. 00800, 2012 U.S. Dist. LEXIS 4215 (C.D. Cal. Jan. 11, 2012)...... 10-11

*Sullins v. Exxon/Mobil Corp.*,
  729 F. Supp. 2d 1129 (N.D. Cal. 2010)............................................................17

iii

*Unilever Canada, Inc., Unilever Supply Chain Inc., and Knorr-Naehrmittel Aktiengesellchaft et al v. Wells Import, Inc.,*
1:10-CV-02608 (N.D. Ill. 2010) ........................................................................ 3

*World-Wide Volkswagen Corp. v. Woodson,*
444 U.S. 286 (1980) ........................................................................................... 7

*Zero Tolerance Entm't, Inc. v. Ferguson,*
254 F.R.D. 123 (C.D. Cal. 2008) ...................................................................... 15

*Ziegler v. Indian River County,*
64 F.3d 470 (9th Cir. Cal. 1995) ......................................................................... 8

**State Cases**

*Bailey v. Safeway, Inc.,*
199 Cal. App. 4th 206 (Cal. App. 1st Dist. 2011) ............................................ 16

*Coca-Cola Bottling Co. v. Lucky Stores, Inc.,*
14 Cal. Rptr. 2d 673 (1992) .............................................................................. 17

*Four Star Elec., Inc. v F & H Constr.,*
10 Cal. Rptr. 2d 1 (1992) .................................................................................. 16

*Garcia v. Superior Court,*
50 Cal. 3d 728 (1990) ....................................................................................... 10

**Federal Statutes and Rules of Court**

Fed. R. Civ. P. Rule 8(a) ..................................................................................... 9

Fed. R. Civ. P. Rule 9(b) .............................................................................. 11-14

Fed. R. Civ. P. Rule 12(b)(6) ............................................................................ 10

**Other Authorities**

Cal. Civ. Proc. Code § 410.10 ............................................................................ 3

Cal. Civ. Proc. Code § 875(a) ........................................................................... 17

Pursuant to rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, third-party defendant Unilever Hong Kong Limited[1] ("Unilever H.K."), a Chinese entity, hereby submits this Motion to Dismiss the third-party complaint filed by defendant/third-party plaintiff Knorr Solution Inc. a/k/a Knorr Food Solution ("KSI") against Unilever H.K. in its entirety for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted.[2]

## PRELIMINARY STATEMENT

The instant litigation arose because defendants KSI, Siu C. Chan a/k/a Alfred Chan, Siu Wai Fung a/k/a Calvin Fung, and/or Ping Hong Li a/k/a Sukie Li (collectively, "Defendants") were conducting business illegally under the trade names Knorr Solution Inc. and Knorr Food Solution. As is now clear from the allegations in KSI's third-party complaint (the "Third-Party Complaint"), KSI purchased certain food products from third-party defendant Trio Foods Limited, a Chinese entity with a principal place of business in China ("Trio Foods"). These food products were then shipped to the United States where KSI intended to market, distribute and/or sell them. However, these food products are counterfeit products bearing Plaintiffs'[3] KNORR® trademark and/or gray market KNORR® products that are not intended for sale in the United States ("Infringing Goods"), at least some of which bear altered expiration dates. The Food and Drug Administration refused entry of some of the Infringing Goods because they did not comply with United States labeling and/or other regulations. Fearing that these Infringing Goods would irreparably harm Plaintiffs' valuable KNORR® brand because consumers would be deceived into believing that KSI is a rightful and official distributor of KNORR® brand products in

[1] Although KSI named Unilever Food Solutions as a defendant in its third-party complaint, no entity with the name Unilever Food Solutions exists.

[2] This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 31, 2012.

[3] The term "Plaintiffs" means Knorr-Naehrmittel Aktiengesellchaft and Unilever N.V.

the United States and/or that the Infringing Goods were authentic KNORR® brand products that are authorized for sale in the United States and comply with United States labeling and other regulations, Plaintiffs initiated the instant action.

Now, KSI is attempting to sue Unilever Hong Kong, a Chinese entity with little to no contacts with California, for allegedly not stopping or preventing KSI from engaging in its criminal and/or infringing activities and violating the law.  Incredibly, KSI claims that Unilever H.K. is liable to KSI because, after Unilever H.K. sold KNORR® branded goods—goods that were made in Asia and intended for the Asian market—to Trio Foods in Hong Kong, Unilever H.K. failed to warn KSI not to purchase those KNORR® products from Trio Foods and have them shipped to the United States.  In essence, KSI pleads that it did not know these goods could not be legally imported into the United States, and that this purported ignorance of the law is somehow the fault of Unilever H.K. who failed to warn Trio Foods, who, in turn, failed to warn KSI.

However, this argument fails on both a factual and legal basis.  Ignorance of the law is not a cognizable defense to liability.  *Joe Hand Promotions, Inc. v. Garcia*, No. 11 Civ. 02030, 2012 U.S. Dist. LEXIS 56745, at *11 (E.D. Cal. Apr. 23, 2012) (holding ignorance of the law does not excuse liability).  Indeed, even if such an absurd argument had any plausible legal basis, KSI's feigned ignorance of the law is entirely disingenuous.  Defendants knew that their activities were clearly illegal.  Not only were Defendants clearly aware that they were infringing Plaintiffs' exclusive trademark rights in the KNORR® Mark and that they were falsely representing themselves as being affiliates, agents and/or exclusive distributors of Plaintiffs, but they were also clearly aware that their marketing and sale of the counterfeit and/or gray market KNORR® products violated the law.  In fact, Alfred Chan—one of the named defendants in this action and an officer, director and/or managing agent of KSI—was also a principal, officer and/or agent of Wells Import, Inc., an entity which has already been sued by Unilever for importing counterfeit or unauthorized gray

market KNORR® brand goods and against which Unilever obtained a default judgment.[4]

Nonetheless, even presuming that KSI's allegations were true, KSI's claims against Unilever H.K. should be dismissed in their entirety because KSI fails to allege that this Court has personal jurisdiction over Unilever H.K.—much less any facts that would support the exercise of such personal jurisdiction.  Dismissal of the third-party complaint against Unilever H.K. is further warranted because KSI fails to state any claim upon which relief may be granted.  As is clear from the pleadings, these failings cannot be cured with an amended complaint.

## ARGUMENT

## I.   KSI'S CLAIMS AGAINST UNILEVER H.K. FAIL FOR LACK OF PERSONAL JURISDICTION

"A court cannot assert personal jurisdiction over a defendant absent statutory authorization." *Birzer v. Jockey's Guild, Inc.*, 444 F. Supp. 2d 1005, 1008 (C.D. Cal. 2006).  In California, to comply with the applicable jurisdictional statute, Cal. Civ. Proc. Code § 410.10, courts limit the exercise of personal jurisdiction over nonresidents to two situations: "(1) 'general jurisdiction' which arises when a defendant's contacts with the forum state are so pervasive as to justify the exercise of jurisdiction over the defendant in all matters; and (2) 'specific jurisdiction' which arises out of the defendant's contacts with the forum state giving rise to the subject litigation." *Birzer*, 444 F. Supp. 2d at 1008 (citing *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 (1984)).

Dismissal of KSI's Third-Party Complaint against Unilever H.K. is warranted because KSI has failed to allege—much less demonstrate—that this Court has

---

[4] *Unilever Canada, Inc., Unilever Supply Chain Inc., and Knorr-Naehrmittel Aktiengesellchaft et al v. Wells Import, Inc.*, 1:10-CV-02608 (N.D. Ill. 2010).

1  personal jurisdiction over Unilever H.K.  Incredibly, KSI's Third-Party Complaint

2  includes not a single allegation that this Court has personal jurisdiction over Unilever

3  H.K., nor does the Third-Party Complaint assert any facts that would support the

4  Court's exercise of personal jurisdiction over Unilever H.K.  The reason for these

5  omissions is patently obvious.  KSI knows that it cannot, credibly and in good faith,

6  allege that this Court has personal jurisdiction over Unilever H.K. because no basis for

7  such jurisdiction exists.  Because KSI has not—and indeed cannot—establish personal

8  jurisdiction over Unilever H.K., the Third-Party Complaint against Unilever H.K.

9  must be summarily dismissed.

10       **A.     KSI Fails to Allege General Jurisdiction over Unilever H.K.**

11       General jurisdiction is proper where a defendant's contacts with the forum are

12  "substantial" or "continuous and systematic" such that it can be brought into court in

13  the forum for any action.  *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d

14  1082, 1086 (9th Cir. 2000).  "The standard for establishing general jurisdiction is

15  'fairly high,' [citations omitted] and requires that the defendant's contacts be of the

16  sort that approximate physical presence."  *Id.*  "The cases dealing with general

17  jurisdiction emphasize that no general jurisdiction exists if the nonresident defendants

18  have no regular place of business in the forum state [or] are not licensed to do

19  business in the forum state . . . ."  *Birzer v. Jockey's Guild, Inc.*, 444 F. Supp. 2d 1005,

20  1009 (C.D. Cal. 2006).  The court in *Bancroft & Masters, Inc.* held that "engaging

21  residents of the forum state is not in and of itself the kind of activity that approximates

22  physical presence within the state's borders."  223 F.3d at 1086.

23       KSI's Third-Party Complaint fails to allege any facts that would support the

24  Court's assertion of general jurisdiction over Unilever H.K.  KSI never alleges that

25  Unilever H.K. possesses "substantial" or "continuous and systematic" contacts with

26  the State of California.  Nor does KSI allege—and indeed cannot truthfully allege—

27  that Unilever H.K. maintains offices in California, is organized under its laws, has its

28  principal place of business here, or conducts business activities in California.

Tellingly, these deficiencies were raised in Plaintiffs' Statement of Partial Opposition to Defendant Knorr Solution, Inc.'s Motion for Leave to File Third-Party Complaint. *See* Doc. No. 62.  Although the Court held that Plaintiffs lacked standing to challenge personal jurisdiction over Unilever H.K., *see* Doc. No. 65, *tellingly*, KSI has made no effort to address these deficiencies, nor to add any additional fact that would support the exercise of personal jurisdiction against Unilever H.K.  Clearly, this failing cannot be cured with an amended complaint.

While KSI makes no specific allegations regarding personal jurisdiction, KSI does allege in the Third-Party Complaint that Unilever H.K. is "an affiliated company and a member of the Unilever group of companies with its principal place of business in Hong Kong, China."  *See* Third Party Complaint at ¶ 4.  Unfortunately, based on this statement, it is entirely unclear whether KSI is merely providing a general description of Unilever H.K. or if KSI is attempting to allege personal jurisdiction over Unilever H.K. based on its relationship with some other entity.

However, even assuming for the sake of argument that KSI is attempting to allege jurisdiction based on this claim—this statement falls woefully short.  Indeed, the Ninth Circuit has long held that the mere existence of a relationship between affiliated companies is insufficient to establish personal jurisdiction.  *See Bauman v. DaimlerChrysler Corp.*, 519 F.3d 1088 (9th Cir. Aug. 28, 2009) (emphasizing that the existence of a relationship between affiliated companies is not enough to establish personal jurisdiction).  While personal jurisdiction over a foreign defendant based on the activities of a local agent may be conferred in some extremely limited circumstances, these circumstances have clearly not been pled here.  Moreover, to the extent that this statement was intended to serve as a jurisdictional allegation, it is entirely deficient.  No mention is made of the fact that KSI is alleging jurisdiction or the basis of such jurisdiction.  Indeed, assuming that jurisdiction is being based on Unilever H.K.'s relationship to a third party, that third party is neither identified, nor does KSI allege that this Court possesses jurisdiction over that third party.

5

Accordingly, the allegation that Unilever H.K. is "an affiliated company and a member of the Unilever group of companies" is clearly insufficient to establish personal jurisdiction over Unilever H.K.

Finally, KSI makes no allegation that Unilever H.K. conducts any business in California, much less has the type of "substantial" or "continuous and systematic" contacts required for exercise of general jurisdiction. Thus, this allegation is insufficient to warrant the exercise of general jurisdiction over Unilever H.K. KSI's failure to plead facts necessary to demonstrate that Unilever H.K. has substantial or continuous and systematic contact with California is clearly no accident, as the facts simply do not exist to support such an allegation. Simply, KSI has not, and cannot, establish personal jurisdiction over Unilever H.K. Accordingly, KSI's claims against Unilever H.K. must be dismissed.

### B.     KSI Fails to Allege Specific Jurisdiction over Unilever H.K.

Similarly, KSI has not alleged, and cannot allege, specific jurisdiction over Unilever H.K. either. "Under the law of this Circuit, the Court must consider three factors in evaluating whether a defendant is subject to specific personal jurisdiction: (1) the defendant must have done some act [by] which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must arise out of the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable." *Galusha v. Dowling*, No. 10 Civ. 4573, 2010 U.S. Dist. LEXIS 123916, at *6-*7 (C.D. Cal. Nov. 9, 2010) (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)). KSI has not, and cannot, meet any of these three requirements, all of which are necessary.

### 1.     Unilever H.K. Did Not Purposefully Avail Itself Of This Forum

"Attenuated contacts with the forum state are not sufficient to show purposeful availment." *PTI, Inc. v. Philip Morris Inc.*, 100 F. Supp. 2d 1179, 1189 (C.D. Cal. 2000). Rather, the defendant's conduct "must be specifically 'aimed at, and having

6

effect in, the situs state.'" *Id.* (granting motion to dismiss where defendant's goods were ultimately sold in California but defendant did not enforce contracts in California, did not monitor sales in California, and did not advertise in California.). Although KSI does not make any specific allegations regarding personal jurisdiction in the Third-Party Complaint, KSI does allege that "all KNORR food products sold by KSI were provided to KSI by Third-Party Defendants Trio, Unilever F.S. and Unilever H.K. with the specific knowledge that such products were being sold to retailers here in the United States." *See* Third-Party Complaint at ¶ 15.  However, the allegations in the Third-Party Complaint are insufficient to satisfy the requirements set forth in *PTI, Inc*.

Specifically, KSI has not alleged any facts that demonstrate that Unilever H.K. purposefully availed itself of the benefits and protections of this forum.  At best, KSI has alleged that it was foreseeable that KSI would sell its goods in the United States— not California.  Assuming that these allegations were true, even if one were to infer that because it was foreseeable that KSI would sell its goods in the United States, it was also foreseeable that KSI *might* sell the products in California, such "foreseeability . . . has never been a sufficient benchmark for personal jurisdiction under Due Process." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980).  Such attenuated and speculative contacts simply do not constitute activities targeted at the forum state and thus are insufficient to demonstrate that Unilever H.K. purposely availed itself of the benefits and protections of the State of California.

## 2.    KSI Fails to Allege that Unilever H.K. Engaged in Any Forum-Related Activities

"The Ninth Circuit employs the 'but for' causation analysis to determine whether a claim arises out of the defendant's forum-related activities; the plaintiff must show, but for the defendant's forum-related activities, plaintiff would not have been harmed." *Baca Gardening & Landscaping, Inc. v. Prizm Vinyl Corp.*, No. 08 Civ. 1328, 2008 U.S. Dist. LEXIS 94641, at *15 (C.D. Cal. Nov. 12, 2008) (citing

7

*Doe v. Unocal Corp.*, 248 F.3d 215 (9th Cir. 1995) and *Ballard v. Savage*, 65 F.3d
1495, 1500 (9th Cir. 1995).

Because KSI has not alleged that Unilever H.K. has engaged in any forum
related activities, it cannot demonstrate that the claims asserted against Unilever H.K.
in the Third-Party Complaint arise out of or relate to these non-existent forum related
activities.  Accordingly, KSI has failed to demonstrate that the claims asserted against
Unilever H.K. in the Third-Party Complaint arose from any forum related activities;
thus the exercise of personal jurisdiction against Unilever H.K. is clearly unwarranted.

### 3.   The Exercise Of Jurisdiction Is Unreasonable

The Ninth Circuit analyzes reasonableness under the following seven factors:
"(1) the extent of the defendant's purposeful injection into the forum state; (2) the
defendant's burden from litigating in the forum; (3) the extent of conflict with the
sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the
dispute; (5) the most efficient judicial resolution of the controversy; (6) the
importance of the forum to the plaintiff's interest in convenient and effective relief;
and (7) the existence of an alternative forum." *Ziegler v. Indian River County*, 64
F.3d 470, 475 (9th Cir. Cal. 1995).

On the pleadings, it is obvious that Unilever H.K. did not purposefully interject
itself into the forum state.  "Even if there is sufficient 'interjection' into the state to
satisfy the purposeful availment prong, the degree of interjection is a factor to be
weighed in assessing the overall reasonableness of jurisdiction under the
reasonableness prong." *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1488 (9th
Cir. Cal. 1993).  "[T]he smaller the element of purposeful injection, the less is
jurisdiction to be anticipated and the less reasonable is its exercise." *Id*.  Unilever
H.K.'s "degree of interjection" into California is particularly remote, if indeed it even
exists at all, and is by no means purposeful.  According to the allegations in the Third-
Party Complaint, Unilever H.K. sold the KNORR® products to Trio Foods in Hong
Kong.  Trio Foods later sold those products to KSI and the products were then shipped

to California.  Such activity simply does not constitute "purposeful interjection" by Unilever H.K.

The burden for Unilever H.K. of litigating in California is obvious.  As is clear from KSI's pleadings, Unilever H.K. is not located here and does not conduct activities here.  Unilever H.K.'s witnesses and evidence are not in California, but in Hong Kong.  Essentially, Unilever H.K. would have to litigate this case from Hong Kong, an obvious burden.  Nor does California have an interest in adjudicating this dispute between Unilever H.K. and KSI since, as the Third-Party Complaint makes clear, the conduct at issue concerns a transaction that occurred in Hong Kong between Unilever H.K. and Trio Foods, two Chinese entities that do business in Hong Kong. The most efficient resolution of this controversy is not in California, whose connection is tenuous, at best, to the real claims at issue.  Finally, an alternative forum exists because KSI's claims can be effectively remedied in Hong Kong or elsewhere.

This Court should therefore dismiss this action.  KSI has not, and cannot, demonstrate that Unilever H.K. purposefully availed itself of the California forum, nor can KSI demonstrate that Unilever H.K.'s potential contact with California, if any, sufficiently relates to the claims at issue.  Even if KSI could make such showings, the Third Party Complaint should still be dismissed since, at a minimum, the exercise of personal jurisdiction over Unilever. H.K. is unreasonable.

## II.   KSI FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST UNILEVER H.K.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  The Supreme Court has interpreted Rule 8(a)'s pleading standard to require that a complaint contain "enough facts to state a claim to relief that is plausible on its face."  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (confirming that *Twombly* applies "in all civil actions").  A "claim has facial plausibility when the plaintiff pleads factual

9

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Thus, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Pleadings that "are no more than conclusions . . . are not entitled to the assumption of truth." *Id.*; *see also Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citations omitted).

## A.     KSI's Claim For Negligent Misrepresentation Fails to State a Claim Upon Which Relief May Be Granted

"To prevail on a negligent misrepresentation claim, a plaintiff must provide evidence of the following: 1) a representation as to a material fact; 2) that the representation is untrue; 3) that the defendant made the representation without a reasonable ground for believing it true; 4) an intent to induce reliance; 5) justifiable reliance by the plaintiff who does not know that the representation is false; and, 6) damage." *Bear Stearns & Co. v. Daisy Sys. Corp.*, 97 F.3d 1171, 1180 (9th Cir. 1996) (citation omitted). In addition, "the existence of a duty of care is necessary to support a negligent misrepresentation claim." *Settle v. World Sav. Bank, F.S.B.*, No. 11 Civ. 00800, 2012 U.S. Dist. LEXIS 4215, at *23 (C.D. Cal. Jan. 11, 2012*); see also Alfus v. Pyramid Tech. Corp.*, 745 F. Supp. 1511, 1523 (N.D. Cal. 1990) ("Liability for negligent misrepresentation may attach only where plaintiff establishes that defendants breached a duty owed to him"); *Garcia v. Superior Court*, 50 Cal. 3d 728, 735 (1990) (same).

Furthermore, "[i]t is well-settled in the Ninth Circuit that misrepresentation claims are a species of fraud, which must meet Rule 9(b)'s particularity requirement." *Settle*, 2012 U.S. Dist. LEXIS 4215, at *17;  *Lorenz v. Sauer*, 807 F.2d 1509, 1511-12 (9th Cir. 1987) ("Under California law, negligent misrepresentation is a species of actual fraud") (citing *Gold v. Los Angeles Democratic League*, 122 Cal. Rptr. 732 (1975)); *Glenn Holly Entm't, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999) (holding "[c]laims for fraud and negligent misrepresentation must meet the heightened pleading requirements of Rule 9(b)"); *Errico v. Pac. Capital Bank, N.A.*, 753 F. Supp. 2d 1034, 1049 (N.D. Cal. 2010) (holding "negligent misrepresentation 'sounds in fraud' and is subject to Rule 9(b)'s heightened pleading standard"); *In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1176 (S.D. Cal. 2010) (applying Rule 9(b) to negligent misrepresentation claim).

"Under Rule 9(b), fraud allegations must include the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'"  *Settle*, 2012 U.S. Dist. LEXIS 4215, at *17 (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) ("[T]he pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation"); *Miscellaneous Serv. Workers Local # 427 v. Philco-Ford Corp.*, 661 F.2d 776, 782 (9th Cir. 1981) (holding that Rule 9(b) requires a pleader to set forth the "time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation"); *Dielsi v. Falk*, 916 F. Supp. 985, 995 n. 12 (C.D. Cal. 1996) ("The fraud complaint should generally set out the time, place, and content of alleged misrepresentations, who made the statements, [and] why they were false, as well as set forth specific facts to show the defendant's knowledge of material falsity").

### 1.   KSI Fails to Meet Rule 9(b)'s Particularity Requirement

KSI limits its allegations against Unilever H.K. to the following vague assertions:

1.   There was some undefined and unsubstantiated "duty of care" between KSI and Unilever H.K. "based on an (sic) special business relationship consisting of, but not limited to, the international shipping of containers of food, the conducting of business meetings, mutual electronic communications between both parties, exchanging of monies, payments, account receivables, delivery of labels for said food products, numerous telephonic communications between both parties pertaining to the shipment of said food items, etc." *See* Third-Party Complaint. at ¶ 38.

2.   Unilever H.K. made "business representations" such as "information regarding shipped foods items i.e. correct labelling (sic) information, listed ingredients food products not matching contents, and their effect on clearance of United States Customs, the Food and Drug Administration, and United States Department of Agriculture Food Safety and Inspection Service were untrue, inaccurate and misleading.  Additionally, on multiple occasions, agents of . . . Unilever H.K. failed to divulge needed information to KSI regarding the quality, ingredient contents, labelling (sic) and merchantability of said food products." *See* Third-Party Complaint. at ¶ 39.

3.   The "misrepresentations of agents" of Unilever H.K. "was made with the intention of guiding KSI to continue to purchase more products from Third-Party Defendants and not return the products that were not approved by the FDA." *See* Third-Party Complaint. at ¶ 40.

KSI's allegations in the Third-Party Complaint patently fail to comply with Rule 9(b).  At no point does KSI provide the time, place and specific content of any alleged false representations made by Unilever H.K. to KSI, nor the identities of the parties who allegedly made such false representations nor to whom such representations were allegedly made.  As a result, Unilever H.K.—and the Court—are left to guess the speaker, timing and content of these alleged "representations," and how such statements were "false or misleading."  The purpose of the heightened

pleading standard under Rule 9(b) is to protect against frivolous claims such as these.
The Court should therefore dispose of KSI's fraud (i.e., negligent misrepresentation)
claims accordingly.

### 2.    KSI Cannot Cure these Failings

From the generic allegations above, it is clear that KSI has failed to properly
allege that Unilever H.K. made material misrepresentations to KSI.  KSI's vague
allegations that Unilever H.K. made "business representations" regarding
"information regarding shipped food items i.e. correct labelling (sic) information,
listed ingredients food products not matching contents, and their effect on clearance of
United States Customs, the Food and Drug Administration, and United States
Department of Agriculture Food Safety and Inspection Service" are clearly
insufficient because they fail to provide any factual information.  Specifically, KSI's
allegations fail to identify what was said, why such information constitutes a material
misrepresentation, and the date, location, and circumstances of these purported
misrepresentations.

Furthermore, KSI's Third-Party Complaint fails to plead that any of these
alleged misrepresentations were actually made by Unilever H.K. to KSI.  *See* Third-
Party Complaint at ¶ 39.  While KSI's Third-Party Complaint does make vague and
general allegations concerning purported "misrepresentations of agents of . . .
Unilever H.K.," neither the purported agents, nor the people to whom such alleged
misrepresentations were made are identified in the Third-Party Complaint.  Even if it
were to be presumed from the balance of the Third Party Complaint that these
purported agents of Unilever H.K. were Trio Foods, Ho, and Chu, it is clear from the
facts alleged elsewhere that they were in fact not agents of Unilever H.K., but simply
customers of Unilever H.K..  *See* Third-Party Complaint at ¶ 13 (KSI products "were
purchased from Trio and were manufactured and distributed by Unilever H.K. and/or
Unilever F.S") and ¶ 26 ("Trio was directly responsible for purchasing the products
from the manufacturers").

1    Moreover, other than the conclusory statement that there existed a "duty of
2   care" between KSI and Unilever H.K. "based on an (sic) special business relationship"
3   between KSI and Unilever H.K., KSI's Third-Party Complaint fails to allege any facts
4   demonstrating this purported "special relationship" or "duty of care."  However, it is
5   clear from the Third-Party Complaint that KSI had no relationship with Unilever
6   H.K.—much less a relationship which could have given rise to a duty of care.  Indeed,
7   the only contract alleged in the Third-Party Complaint is a purported contract between
8   Trio Foods and KSI.  *See* Third-Party Complaint at ¶ 21-27.  It is clear from KSI's
9   own alleged facts that Unilever H.K. never entered into any agreement with KSI and
10   never made any representations to KSI.

11    Furthermore, KSI has not, and cannot, allege facts demonstrating Unilever
12   H.K.'s intent to induce reliance, or that KSI had reasonable grounds to believe that
13   any representations which might have been made by Unilever H.K. were true.  As the
14   Supreme Court has instructed, with respect to pleading causes of action that require
15   intent, a plaintiff must set forth facts from which an inference of scienter could be
16   drawn.  *Iqbal*, 556 U.S. at 681; *see also Cooper v. Pickett*, 137 F.3d 616, 628 (9th Cir.
17   1998).  In *Iqbal*, the Supreme Court explicitly held that conclusory allegations of
18   intent are inadequate.  In that case, the plaintiff pled the element of intent by stating
19   that defendants "'knew of, condoned, and willfully and maliciously agreed to subject
20   [him]' to harsh conditions of confinement . . . 'solely on account of [his] religion,
21   race, and/or national origin . . . .'"  *Iqbal*, 556 U.S. at 681.  The Court rejected the
22   allegation, finding it was a conclusion not entitled to a presumption of truth.  *Id.*

23    KSI's allegations here are equally deficient.  Without any factual basis
24   whatsoever, KSI simply alleges, without more, that "misrepresentations of agents of
25   Unilever F.S. and Unilever H.K. was (sic) made with intention of guiding KSI to
26   continue to purchase more products . . . ." (Third-Party Complaint. at ¶ 40).
27   Accordingly, KSI's claim should be dismissed based solely on its failure to comply
28   with the requirements of Rule 9(b).  Moreover, KSI's failure to provide essential and

14

specific facts regarding the alleged misrepresentation makes it virtually impossible for the Court to determine whether the elements of negligent misrepresentation (i.e. materiality, misrepresentation of the truth, reasonable and detrimental reliance, intent and damages) have been met.  Finally, KSI's failure to sufficiently allege a duty of care necessary to support KSI's claim for negligent misrepresentation and the lack of any relationship between Unilever H.K. and KSI which would have given rise to a duty of care mandates dismissal of KSI's negligent misrepresentation claim against Unilever H.K.  KSI's failure to plead such critical facts was clearly no accident and cannot be remedied with an amended complaint.  Thus, KSI's claim for negligent misrepresentation should be summarily dismissed.

**B.    KSI Has Not, and Cannot Truthfully, Allege Facts for Indemnity and Contribution**

KSI's claims for indemnity and contribution for Plaintiffs' Lanham Act claims should be dismissed for failure to state a claim upon which relief may be granted.  The Lanham Act does not provide for claims of indemnification or contribution.  *See Zero Tolerance Entm't, Inc. v. Ferguson*, 254 F.R.D. 123, 127 (C.D. Cal. 2008) (holding "there is no right to contribution for violations of the Lanham Act" and "there is no federal common law right to indemnification and Congress has not explicitly or implicitly provided such a right to indemnification under . . . the Lanham Act.  Thus, indemnification with respect to violations of federal law is foreclosed."); *Getty Petroleum Corp. v. Island Transp. Corp.*, 862 F.2d 10, 16 (2d Cir. 1988), cert. denied, 490 U.S. 1006(1989) (holding "[n]o express right of contribution exists under the Lanham Act, and [the district court] correctly concluded that it was inappropriate to imply such a right"); *Anderson v. Griffin*, 397 F.3d 515, 523 (7th Cir. 2005) (acknowledging that "[c]ourts have become reluctant to recognize a right of contribution as a matter either of federal common law or of statute" and recognizing that the Lanham Act is one such act in which contribution is not available); *Gamla Enters. N. Am., Inc. v. Lunor-Brillen Design U. Vertriebs GmbH,* No. 98 Civ. 992,

15

2000 U.S. Dist. LEXIS 1515, at *17 (S.D.N.Y. Feb. 16, 2000) (dismissing claims for contribution resulting from trademark infringement claims because "contribution is not available for claims asserted under the Lanham Act"); *Santana Prods., Inc. v. Bobrick Washroom Equip., Inc.*, 69 F. Supp. 2d 678, 681-84, 687 (M.D. Pa. 1999) ("[T]here is no right to contribution for violations of the Lanham Act[,]" and "there is no federal common law right to indemnification and Congress has not explicitly or implicitly provided such a right to indemnification under . . . the Lanham Act.  Thus, indemnification with respect to violations of federal law is foreclosed.").

Accordingly, KSI's claims for indemnity and contribution fail to state a claim upon which relief can be granted with respect to Plaintiffs' Lanham Act claims.

Moreover, KSI also fails to state a claim for indemnity and contribution with respect to any common law tort theory.  The elements of an indemnity cause of action are (1) a showing of fault on the part of the indemnitor; and (2) resulting damages to the indemnitee for which the indemnitor is contractually responsible.  *Bailey v. Safeway, Inc.*, 199 Cal. App. 4th 206, 217 (Cal. App. 1st Dist. 2011).  "[A]n indemnitee seeking to recover on an agreement for indemnification must allege the parties' contractual relationship, the indemnitee's performance of that portion of the contract which gives rise to the indemnification claim, the facts showing a loss within the meaning of the parties' indemnification agreement, and the amount of damages sustained."  *Four Star Elec., Inc. v F & H Constr.*, 10 Cal. Rptr. 2d 1, 2 (1992).

However, nowhere in its Third-Party Complaint does KSI allege any facts to show the existence of a contract between KSI and Unilever H.K., nor does KSI allege any facts demonstrating any fault on the part of Unilever H.K for which Unilever H.K. could be contractually obligated to indemnify KSI.  Indeed, as previously noted, based upon the allegations in the Third-Party Complaint, the only contract at all in this case, express or implied, is between KSI and the other defendants, on the one hand, and Trio Foods and/or the controlling principals of Trio Foods, Ho and Chu (assuming Defendant's alter ego allegations are true), on the other hand.  *See* Third-Party

Compl., ¶¶ 12-15, 22-27, 35, 39, 40, 46, 52, and 70- 72).  Since there was no

contractual relationship between KSI and Unilever H.K. and there is no statutory basis

for indemnification or contribution with respect to Unilever H.K., KSI's claims for

indemnification and/or contribution against third-party defendant Unilever H.K. are

without legal or factual basis and should be dismissed.

In addition, KSI fails to allege facts, even if accepted as true, upon which relief

could be granted under a theory of contribution.  Under section 875 of California Civil

Procedure Code, "[w]here a money judgment has been rendered jointly against two or

more defendants in a tort action there shall be a right of contribution among them as

hereinafter provided." *Masonek v. Wells Fargo Bank, N.A (In re Med. Capital Sec.*

*Litig.)*, 10 Civ. 2145, 2012 U.S. Dist. LEXIS 19925, at *28 (C.D. Cal. Jan. 31, 2012)

(citing California Civil Procedure Code § 875(a)).[5]  "The right of contribution thus

does not come into existence until the issuance of a judgment." *Id*.  Accordingly,

courts dismiss contribution claims where no judgment has been issued.  *See id.* at *29

("There has been no judgment in the present case and thus the BNYM's claim for

contribution is hereby DISMISSED WITHOUT PREJUDICE.") (emphasis in

original); *see also Sullins v. Exxon/Mobil Corp.*, 729 F. Supp. 2d 1129, 1138 (N.D.

Cal. 2010) (granting summary judgment dismissing contribution claim under section

875 of the California Civil Procedure Code and holding "Plaintiffs' contribution claim

fails because no judgment has been entered"); *Coca-Cola Bottling Co. v. Lucky*

*Stores, Inc.*, 14 Cal. Rptr. 2d 673, 677 (1992) ("A right of contribution can come into

existence only after rendition of a judgment declaring more than one defendant jointly

---

[5]   It is not possible from the pleadings to determine whether KSI bases its
contribution claim on section 875 or some other statute.  On this ground alone,
KSI's contribution claim should be dismissed.  Presumably KSI is arguing that
Unilever H.K. is a joint tortfeasor under section 875.  However, even assuming
KSI seeks relief under section 875, it fails to allege facts under which relief can be
granted.

liable to the plaintiff.").   KSI cannot dispute that there is not yet a judgment in the present case.  Thus, its contribution claim against Unilever H.K. should be dismissed.

## **CONCLUSION**

In light of the above, Unilever H.K. respectfully requests that this Court dismiss KSI's Third-Party Complaint in its entirety as to Unilever H.K..

Dated:  June 5, 2012                    **DUANE MORRIS LLP**


By:    s/   Cyndie M. Chang
              Cyndie M. Chang
       Gregory P. Gulia (admitted *pro hac vice*)
       Vanessa C. Hew (admitted *pro hac vice*)
       Mitchell A. Frank (admitted *pro hac vice*)

Attorneys for Plaintiffs
Knorr-Naehrmittel Aktiengesellchaft, Unilever N.V., and Unilever Hong Kong Limited