Cyndie M. Chang (SBN 227542)
DUANE MORRIS LLP
865 S. Figueroa St., Suite 3100
Los Angeles, CA 90017-5450
Telephone: (213) 689-7400
Facsimile: (213) 689-7401
E-mail:  cmchang@duanemorris.com

Gregory P. Gulia (admitted *pro hac vice*)
Vanessa C. Hew (admitted *pro hac vice*)
Mitchell A. Frank (admitted *pro hac vice*)
DUANE MORRIS LLP
1540 Broadway
New York, New York 10036-4086
Telephone: (212) 692-1000
Facsimile: (212) 692-1020
Email:  gpgulia@duanemorris.com
Email:  vchew@duanemorris.com
Email:  mafrank@duanemorris.com

Attorneys for Plaintiffs Knorr-Naehrmittel
Aktiengesellchaft, Unilever N.V., and
Third-Party Defendant Unilever Hong Kong Limited

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KNORR-NAEHRMITTEL AKTIENGESELLCHAFT and UNILEVER N.V.<br><br>            Plaintiffs,<br><br>    v.<br><br>KNORR SOLUTION, INC., SIU C. CHAN a/k/a ALFRED CHAN, SIU WAI FUNG a/k/a CALVIN FUNG and PING HONG LI a/k/a SUKIE LI<br><br>            Defendants. | Case No.:  CV 10-08155 GAF (Rzx)<br><br>**PLAINTIFFS KNORR-NAEHRMITTEL AKTIENGESELLCHAFT AND UNILEVER N.V. AND THIRD-PARTY DEFENDANT UNILEVER HONG KONG LIMITED'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES**<br><br>Date:          August 20, 2012<br>Time:          9:30 a.m.<br>Courtroom:   740<br><br>The Honorable Gary A. Feess |

1

KNORR SOLUTION, INC., a California Corporation,

               Third-Party Plaintiff,

      v.

UNILEVER FOOD SOLUTIONS, a Chinese entity, UNILEVER HONG KONG LIMITED, A Chinese entity, TRIO FOODS LIMITED, a Chinese limited company, CHRIS SHIU LEUNG HO, an individual, GEORGE CHU, an individual, and ROES 1-10, inclusive,

               Third-Party Defendants.

## PRELIMINARY STATEMENT

The frivolous third-party complaint filed by defendant Knorr Solution, Inc. ("KSI") has derailed this litigation for almost a year. Back in August of 2011, almost a year after this litigation had commenced, KSI sought leave to file its third-party complaint. [Dkt. No. 59-61.] In September of 2011, Plaintiffs Knorr-Naehrmittel Aktiengesellchaft and Unilever N.V. opposed KSI's request on the grounds of futility, noting various procedural and substantive defects, including KSI's failure to plead personal jurisdiction and the fact that KSI's negligence and breach of warranty claims were not proper for impleader because they were not dependent on the original complaint. [Dkt. No. 62-63.] This Court conditionally granted KSI's motion for leave to file a third-party complaint against Unilever Hong Kong Limited ("Unilever H.K.") and Unilever Food Solutions ("Unilever F.S."). [Dkt. No. 65.] However, the Court ordered KSI to remove the negligence and breach of warranty claims from the

1   pleading.[1]  [*Id.*]

2        In October of 2011, KSI filed its third-party complaint without any effort to

3   address the deficiencies noted in Unilever's opposition, once again failing to allege

4   any facts demonstrating personal jurisdiction over Unilever H.K. and Unilever F.S.,

5   nor any facts to support its alleged negligent misrepresentation, indemnification and

6   contribution claims.  Seven month later, after months of inconsistent representations

7   that service had been properly made on Unilever H.K., each time requiring Unilever to

8   research whether the alleged service was indeed proper, KSI finally filed its alleged

9   proof of service of the Third-Party Complaint on Unilever H.K.  Incredibly, when

10  Unilever H.K. moved to dismiss KSI's third-party complaint, KSI opted not to

11  prosecute its claims against Unilever H.K. [2]

12       The short of it is that KSI has now derailed Plaintiffs Knorr-Naehrmittel

13  Aktiengesellchaft and Unilever N.V.'s litigation against the defendants for nearly

14  eleven months, causing Plaintiffs and Third-Party Defendant Unilever H.K.

15  (collectively as "Unilever") to spend thousands and thousands in legal fees defending

16  itself against frivolous claims that should never have been asserted.  Not only did KSI

17  fail to allege any facts demonstrating personal jurisdiction over Unilever H.K., but

18  KSI's third-party claims lacked factual or legal basis.  Recognizing the deficiencies in

19  its third-party complaint, KSI then refused to defend its frivolous claims once

20  challenged.  Such bad faith litigation tactics and gamesmanship should not be

21  rewarded.

22                              **ARGUMENT**

23  **I.    LEGAL STANDARD**

24       "[D]istrict courts are vested with the inherent power to issue sanctions in the

25  form of attorneys' fees."  *1800 GET THIN, LLC v. Hiltzik*, No. 11 Civ. 00505, 2011

---

26  [1]   The Court did not rule on the issue of personal jurisdiction noting that Unilever did not have
27        standing to challenge personal jurisdiction.
    [2]   KSI never alleged service on Unilever F.S.
28

U.S. Dist. LEXIS 104013, at *2 (C.D. Cal. Sept. 13, 2011).  Attorneys' fees are appropriate under a court's inherent powers where a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO*, 501 U.S. 32, 45-46 (1991).  Awarding attorneys' fees under the court's inherent power "serv[es] the dual purpose of vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's obstinacy."  *Id*. at 47 (internal quotations omitted) (citations omitted).  A court's inherent powers "are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Id*. at 48.

## II.    KSI'S THIRD-PARTY COMPLAINT AGAINST UNILEVER H.K. WAS BROUGHT IN BAD FAITH

First, the utter vexatious and wanton nature of KSI's allegation that Unilever H.K. was liable for negligent misrepresentation is evidenced by KSI's failure to meet the basic standards of pleading for such a claim.  "It is well-settled in the Ninth Circuit that misrepresentation claims are a species of fraud, which must meet Rule 9(b)'s particularity requirement."  *Settle v. World Sav. Bank, F.S.B.*, No. 11 Civ. 00800, 2012 U.S. Dist. LEXIS 4215, at *23 (C.D. Cal. Jan. 11, 2012).  "Under Rule 9(b), fraud allegations must include the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'"  *Id*. at 17 (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).  However, KSI made no effort to provide the time, place and specific content of Unilever H.K.'s alleged false representations, nor the identities of the parties who allegedly made these alleged false representations.  Indeed, it was clear from the pleadings that Unilever H.K., at no point and at no time, made any representations to KSI.  Nevertheless, KSI pursued its baseless negligent misrepresentation claim against Unilever H.K. senselessly derailing Unilever's case for nearly a year.

KSI's claims for indemnity and contribution are equally frivolous and brought in bad faith. "An indemnitee seeking to recover on an agreement for indemnification must allege the parties' contractual relationship, the indemnitee's performance of that portion of the contract which gives rise to the indemnification claim, the facts showing a loss within the meaning of the parties' indemnification agreement, and the amount of damages sustained." *Four Star Electric, Inc. v F & H Construction*, 7 Cal. App. 4th 1375, 1380 (1992). However, nowhere in its third-party complaint did KSI allege that any contract existed upon which liability would be based—because there was none.

KSI's tactical refusal not to defend its claims against Unilever H.K.'s motion to dismiss further evidences the bad faith by which it brought its claims. Filing a complaint in federal court is no trifling undertaking. Nevertheless, KSI brought claims in this Court against Unilever H.K. in which it had so little faith that it delayed in prosecuting them for seven months and then abandoned them once those claims were challenged. This is not a litigation tactic that should be rewarded.

## III.   UNILEVER H.K.'S PRESUMPTIVE LODESTAR FIGURE IS REASONABLE

Under California law, courts calculate an award of attorneys' fees by determining a lodestar figure by "multipl[ing] the number of hours reasonably expended by the attorneys on the litigation by a reasonable hourly rate." *Davidson v. City of Culver City*, No. 04 Civ. 2220, 2004 U.S. Dist. LEXIS 30573, at *49 (C.D. Cal. Sept. 20, 2004).

### A.   The Hourly Rates Charged by Duane Morris LLP in This Matter are Reasonable

The hourly billing rates at Duane Morris LLP are consistent with those charged by other New York law firms of comparable size, expertise, and experience. Gregory P. Gulia, a partner at Duane Morris LLP billed at a rate of $540.00 per hour for the work he conducted on this matter. (*See* Cyndie Chang Declaration, ¶¶ 2-3, Ex. A)

5

Similarly, Mitchell A. Frank, who is a special counsel at Duane Morris LLP, billed at an average of rate of $610.00 per hour.  (*See id*.)  Vanessa C. Hew and Cyndie Chang, both partners at Duane Morris LLP, billed at average hourly rates of $410.00 and $436.65 respectively.  Sarah Peyronnel, a second year associate working on this case, and Terry Parker, who is a fourth year associate working on this case, billed at average hourly fees of $155.00 and $372.14 respectively.  (*See id*.)  Jennifer A. Walker, a paralegal working on this case, billed at an hourly rate of $70.00.   (*See id*.)

Unilever respectfully submits that these fees are reasonable in this district given the size of Duane Morris as one of the 100 largest law firms in the U.S., the experience of the attorneys and the types of legal issues in this case.  *See, e.g., Louis Vuitton Malletier*, No. 04 Civ. 5316, 2007 U.S. Dist. Lexis 31632, at * 11 (S.D.N.Y. April 24, 2007) (finding $700 per hour for a senior partner, $400 for an associate with five years of experience reasonable in trademark litigation).   Indeed, the issue of international service under the Hague Convention is a particularly complicated issue that does not often confront attorneys.  Unilever notes that several Los Angeles firms comparable in size and reputation to Duane Morris LLP bill over $1,000 dollars for senior partners and well over $600 for associates. (See *id*.)

## B.   The Number of Hours Expended by Counsel for Unilever on This Matter Are Reasonable

The attorneys working on this matter billed a total of 230.90 hours successfully defending Unilever H.K. against KSI's frivolous claims.  (Chang Decl., ¶ 4) Accordingly, defendants KSI should be ordered to reimburse Unilever for the incurred legal fees in pursuing Defendants' infringement, which total $97,490.50.  Unilever has not included the narrative describe the work of each time entry due to attorney-client privilege concerns but is prepared make its invoices which include detailed narratives of the work done by its counsel available for in camera inspection by this Court.

## CONCLUSION

For the foregoing reasons, Unilever's motion for attorney's fees should be granted.

Dated:  July 17, 2012                           **DUANE MORRIS LLP**


By:    s/    Cyndie M. Chang
                   Cyndie M. Chang

865 S. Figueroa St., Suite 3100
Los Angeles, CA 90017-5450
Telephone: (213) 689-7400
Facsimile: (213) 689-7401

and

Gregory P. Gulia (admitted *pro hac vice*)
Vanessa C. Hew (admitted *pro hac vice*)
Mitchell A. Frank (admitted *pro hac vice*)

Attorneys for Plaintiffs
Knorr-Naehrmittel Aktiengesellchaft, Unilever
N.V., and Third-Party Defendant Unilever Hong
Kong Limited