LAW OFFICE OF CINDY N. TRAN, APC
Cindy N. Tran (SBN 228214)
Lisa Stilson (SBN 196059)
225 S. Lake Avenue, Suite 300
Pasadena, California 91101-3009
Tel: 626.432.7208
Fax: 626.638.0526

Attorneys for Cross-Complainant Knorr Solution, Inc., a California Corporation

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KNORR-NAEHRMITTEL AKTIENGESELLCHAFT and UNILEVER N.V.<br><br>　　　　　Plaintiffs,<br>　　vs.<br><br>KNORR SOLUTION, INC., et al.<br><br>　　　　　Defendants.<br>_____<br><br>KNORR SOLUTION, INC., a California Corporation,<br>　　　　　Third Party Complainant,<br>　　vs.<br><br>UNILEVER FOOD SOLUTIONS HONG KONG LIMITED, a Chinese corporation, TRIO FOODS LIMITED, a Chinese limited company, CHRIS SHIU LEUNG HO, an individual, GEORGE CHU, an individual, and ROES 1-10, inclusive<br><br>　　　　　Third Party Defendants | Case No.: CV10-8155 GAF (Rzx)<br><br>**DECLARATION OF CINDY N. TRAN IN SUPPORT OF KSI'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**<br><br>Date:  August 27, 2012<br>Time:  9:30 a.m.<br>Dept:  740 |

*Declaration of Cindy N. Tran in Support of KSI's Opposition to Motion for Attorney's Fees*

1. I, Cindy N. Tran, declare:

2. I am an attorney at law duly licensed to practice before the United States District Court, Central District of California and the attorney of record for defendants herein.

3. On the morning of July 18, 2012, I listened to a voice message that was received the afternoon before from plaintiffs' counsel Cyndie Chang. I had left the office around 1 p.m. on July 17, 2012 to attend a meeting outside of the office and did not received Ms. Chang's message that arrived later the same day. Ms. Chang's message stated nothing more than that plaintiffs intend to file a motion for attorneys' fee and suggested that I call her back. However, before I could call her back, the motion was already filed and by the time I finished reviewing my phone messages, I had already received notice of the filing of such motion through the court's electronic filing system at approximately 12:06 A.M. on July 18, 2012. Ms. Chang's phone message did not provide any details or basis for the filing of the motion but simply stated that they will be filing the motion. I was not given a chance to meet and confer with her regarding this matter before the motion was filed.

4. My office was retained by defendants to represent them in this matter in August 2011. Upon approval of our request for substitution of attorney, my office filed a motion for leave to file third party complaint on behalf of KSI. At the time the third party complaint was filed, KSI had every intention to pursue its rights against the third party defendants, including Unilever H.K. Limited. However, the cost of litigation to pursue its rights against the third party defendants proved to be too costly for KSI to sustain. Aside from our firms fees to prepare the third party complaint, KSI also paid the firm in Hong Kong to complete service. Added to the complications of service in a foreign country, there were also several rounds of pleadings filed on KSI's behalf regarding service on the third party defendants, stipulations and extension for the third party defendants to file responsive pleadings due to the delay in obtaining the proof of service as well as responses to orders to

*Declaration of Cindy N. Tran in Support of KSI's Opposition to Motion for Attorney's Fees*
-2-

show causes all before plaintiffs filed their motion to dismiss.

5.      KSI only paid a small retainer deposit to our firm when it retained us. The retainer amount had been exhausted by the time our firm completed the filing of the third party complaint.  Our firm had not received any additional payment from KSI after the initial retainer deposit.  KSI currently has an outstanding balance in excess of $10,000.

6.      Although I received signed declaration from Siu Ho Chan of the firm of Ku John, Tam & Ho in Hong Kong stating that service was completed on the third party defendants, my office received five packages from the Hong Kong Central Authority arriving between May 25th and June 1, 2012.  Four of the packages contained certificates of nonservice for Unilever Food Solutions, Trio Foods Limited, Chris Ho, and George Chu respectively, and only one contained certificate of service on Unilever H.K.

7.      In light of the information provided by the Hong Kong Central Authority, KSI determined that it would have a difficult time pursuing suit against the third party defendants, particularly since KSI was no longer engaged in any gainful business and have stopped operations since the filing of plaintiffs' suit as well as Trio's state court matter.  At the same time, about one week prior to Unilever H.K. filing their motion to dismiss, plaintiffs' counsel contacted KSI's attorney and engaged in possible settlement discussions.

8.      On June 4, 2012, counsel for the parties set a conference call on June 5, 2012 to discuss settlement which discussion did occur.  Thereafter, I received notice of Unilever H.K.'s motion to dismiss through the electronic filing system.  After receiving notice of the motion to dismiss, I spoke to the defendants and obtained their agreement to a stipulated judgment as requested by counsel for plaintiffs during our previous settlement negotiations. During a brief telephone communication, KSI decided to focus its remaining resources on defending and settling the matter with plaintiffs.  Unfortunately, no settlement has been reached at this time, although the

*Declaration of Cindy N. Tran in Support of KSI's Opposition to Motion for Attorney's Fees*
-3-

*LAW OFFICE OF CINDY N. TRAN*
*A Professional Corporation*

defendants remain optimistic on the possible settlement.  As a result of KSI's inability to pay its own attorneys' fee, its decision to focus on defending the matter, its willingness to entered into a stipulated judgment in favor of settling with plaintiffs, and the known difficulties of pursuing litigation against the foreign third party defendants, KSI did not give me a decision on whether it would oppose the motion to dismiss filed by Unilever H.K. until the date to file an opposition had passed.

9. Attached to KSI's Opposition to Plaintiffs' Motion for Attorneys' Fees as Exhibit A is a true and correct copy of KSI's Third Party Complaint filed with this court on October 12, 2011.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on August 6, 2012 at Pasadena, California.

           /s/ Cindy N. Tran
           Cindy N. Tran

*LAW OFFICE OF CINDY N. TRAN*
A Professional Corporation