LAW OFFICES OF CINDY N. TRAN, APC
Cindy N. Tran SBN 228214
Lisa Stilson (SBN 196059)
225 S. Lake Avenue, Suite 300
Pasadena, California 91101-3009
Tel: 626-432-7208
Fax: 626-638-0536

Attorneys for Cross-Complainant Knorr Solution, Inc., a California Corporation

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KNORR-NAEHRMITTEL AKTIENGESELLCHAFT and UNILEVER N.V.<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>KNORR SOLUTION, INC., et al.<br><br>　　　　Defendants.<br>_____<br>KNORR SOLUTION, INC., a California Corporation,<br><br>　　　　Third Party Complainant,<br>　vs.<br><br>UNILEVER FOOD SOLUTIONS HONG KONG LIMITED, a Chinese corporation, TRIO FOODS LIMITED, a Chinese limited company, CHRIS SHIU LEUNG HO, an individual, GEORGE CHU, an individual, and ROES 1-10, inclusive<br><br>　　　　Third Party Defendants. | Case No.: CV10-8155 GAF (RZx)<br><br>**KNORR SOLUTION, INC.'S OPPOSITION TO THIRD-PARTY DEFENDANTS TRIO FOODS LIMITED, GEORGE CHU, AND CHRIS SHIU LEUNG HO'S. MOTION FOR ATTORNEYS' FEES**<br><br>**Date: August 27, 2012<br>Time: 9:30 A.M.<br>Courtroom: 740** |

KSI's OPPOSITION TO MOTION FOR ATTORNEY'S FEES

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF KNORR SOLUTION INC.'S OPPOSITION

## I. STATEMENT OF THE CASE

Knorr-Naehrmittel Aktiengesellchaft and Unilever N.V filed this action against Knorr Solution Inc. (KSI) for trademark infringement. KSI believed that it was authorized to import and sell a variety of Knorr branded products ("Knorr Products") in the United States. The sale of these goods is the basis of this litigation.

Chris Shiu Leung Ho (Ho) contacted KSI who claimed to be a former executive of Unilever H.K. Ho now operates Trio Foods Limited. Because of Ho's former position at Unilever H.K., he represented to KSI that he could obtain Knorr Products at lower prices. Ho and George Chu of Trio Foods, Limited, set up distribution of Knorr Products with KSI importing these products to the United States. Ho orchestrated the operation and participated in numerous phone communications and emails to create a "Strategic Alliance Agreement" between the companies.

Ho and Chu as representatives of Trio Foods falsely represented to KSI that the Knorr Products were genuine, not expired, and authorized for sale in the United States. The Knorr branded products KSI received from Trio Foods were accompanied by a Finished Product Specification provided by Unilever H.K. When the Knorr products that KSI imported could not pass FDA inspections, employees of Unilever H.K. were in direct communication with KSI to resolve inspection issues. It was not until plaintiffs filed the underlying suit did KSI realize that the products could not be sold in the United States. These products and the transactions are now the basis of plaintiffs' lawsuit subjecting KSI to liability.

Accordingly, KSI filed a third-party complaint against these foreign entities to hold them accountable for their wrongful actions. Unfortunately, serving foreign

KSI's OPPOSITION TO MOTION FOR ATTORNEY'S FEES                                               - 1 -

companies was extremely difficult and costly.

## II. ARGUMENT

### A. Under Ninth Circuit Precedent, Section 1927 Cannot Be Applied As A Matter of Law Because KSI Has Not Multiplied the Proceedings.

*1. Because the Third Party Complaint was the initial complaint against defendants Trio, Chu, and Ho § 1927 cannot be applied as a matter of law.*

Section 1927 authorizes sanctions only if an attorney "*multiplies* the proceedings in any case unreasonably and vexatiously." 28 U.S.C. A. § 1927 (West, 2012) (emphasis added). Accordingly, the Ninth Circuit has held that "[t]he filing of a complaint may be sanctioned under Rule 11 or a court's inherent power, but it may not be sanctioned pursuant to § 1927." *In re Keegan Management Co., Secur. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996); *see also, Nystrom v. TREX Co., Inc.*, 424 F.3d 1136, 1150 (Fed. Cir. 2005) (filing a single complaint "cannot be held to have multiplied the proceedings unreasonably and vexatiously" as a matter of law); *Jensen v. Phillips Screw Co.*, 546 F.3d 59, 65 (1st Cir. 2008).

Here, defendants Trio, Chu, and Ho are third party defendants to this action. They were not a part of this case before the third party complaint and would not be a party but for the third party complaint. The third party complaint was the initial proceeding as to these defendants. Consistent with Ninth Circuit precedent, this complaint "may be sanctioned under Rule 11 or a court's inherent power, but it may not be sanctioned pursuant to § 1927" as a matter of law. *In re Keegan Management Co., Secur. Litig.,* 78 F.3d 431 at 435.

*2. Section 1927 is limited to proceedings in the case before the Court so the state court proceeding that is stayed pending this litigation did not multiply the proceedings.*

The Ninth Circuit has definitively ruled that § 1927 cannot be used on a state

KSI's Opposition To 3rd Party Defendant's Motion For Attorney's Fees      - 2 -

court proceeding, even if that separate proceeding involved the same facts and circumstances. *GRiD Systems Corp. v. John Fluke Mfg. Co., Inc.*, 41 F.3d 1318 (9th Cir. 1994). The *GRiD Systems Corp.* Court reasoned that "the suit filed in state court is an entirely separate action, not subject to the sanctioning power of the district court." *Id.* at 1319. This is similar to Rule 11's inapplicability to filing a paper in state court when the matter was subsequently removed to federal court. *Id.* (citing *Hurd v. Ralphs Grocery Company*, 824 F.2d 806, 808 (9th Cir. 1987)).

In the instant case, TRIO had a state court proceeding against KSI and KSI filed a cross complaint in the state court, the state court action was stayed pending the outcome in this court. Under *GRiD Systems Corp.*, this would not be a multiple proceeding and § 1927 cannot be applied. *Id.*

### B. The Court Should Deny Plaintiffs' Motion as Plaintiffs Have Not Shown, By Clear and Convincing Evidence, That KSI Acted in Bad Faith.

Federal courts have inherent power to sanction attorneys and parties for "bad faith" conduct in litigation or for "willful disobedience." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). But because these inherent powers are "shielded from direct democratic controls, they must be exercised with restraint and discretion." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980).

The high burden of clear and convincing evidence of the abusive conduct is required; a mere preponderance of the evidence is not enough. *Shepherd v. American Broadcasting Cos., Inc.*, 62 F.3d 1469, 1477 (D.C. Cir. 1995). As the *Chambers* court explained, "a court must, of course, exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in accessing the fees." *Chambers*, 501 U.S. at 50. Courts should first look to the rules to impose sanctions before resorting to inherent powers. *Id.*

KSI's Opposition To 3rd Party Defendant's Motion For Attorney's Fees      - 3 -

The Ninth Circuit requires that a court make a specific finding of bad faith, or tantamount to bad faith, before it can exercise its inherent powers. *In re Keegan Mgmt. Co.,* 78 F.3d 431 (9th Cir. 1996).  This specific finding is more than just recklessness. *Id.* In *Keegan*, the district court used its inherent power to sanction the attorneys and the law firms for recklessly initiating a securities lawsuit. *Id.* Because the district court failed to make a specific finding of bad faith and there was no support in the record, the Ninth Circuit reversed. *Id.*

The instant case is similar to *Keegan* because opposing counsel has not offered sufficient proof of bad faith. Further, the record does not support such a finding.  Despite its lengthy motion, opposing counsel only offers two reasons to show bad faith: (1) mistakes—missing a deadline and not giving a notice of pendency of action; and (2) lack of prosecution of the complaint, which was virtually impossible due to the complexity of serving foreign entities.  Both of these arguments are without merit.

### 1. *Failure to Comply with Local Rules does not equate to bad faith.*

KSI does not dispute that it failed to comply with Local Rule 83-1.4 by failing to file a Notice of Pendency of Other Action and attempted to explain that failure in its response to the court's Order to Show Case filed on May 17, 2012, Document Number 100 of this matter's docket.  While's KSI's response to the court's order was deficient for not submitting a declaration supporting its response, its failure and mistake regarding the notice of pendency is not a showing of bad faith. Furthermore, KSI's mistake and failure to comply with Local Rule in that instance does not equate to a willing violation of the local rules in this instance.

The Ninth Circuit has repeatedly denied attorney's fees when no proof of intent has been found. In *Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993) the Ninth Circuit vacated the imposition of sanctions where there was no evidence that the attorney had "had acted in bad faith or intended to mislead the

KSI's Opposition To 3rd Party Defendant's Motion For Attorney's Fees        - 4 -

court." The Ninth Circuit held that attorneys did not act in bad faith or willful misconduct when they failed to apply for admission to the district court bar in compliance with local court rules because it was merely negligence. *Zambrano v. City of Tustin*, 885 F.2d 1473 (9th Cir. 1989). Also the Ninth Circuit refused to find improper purpose or intent simply because the attorney was repeatedly tardy. *United States v. Stoneberger*, 805 F.2d 1391 (9th Cir. 1986).

In the present instance, KSI failure to oppose the Trio parties' motion to dismiss is not a willful violation of local rules.  KSI received notice from the Hong Kong Central Authority during the last week of May 2012 that the Central Authority could not complete service on the Trio parties because the address that KSI had was no longer valid.  Upon receiving this information, KSI contacted individuals from the firm of Ku John, Tam & Ho in Hong Kong to ascertain the whereabouts of Trio Foods Limited, Chris Ho and George Chu because it believes that the Trio parties are the cause of plaintiffs' infringement action against KSI.

Defendant Alfred Chan was scheduled to travel to China in mid June and was asked to check in on the current addresses of these third party defendants. The Trio third party defendants filed their motion to dismiss on or about June 6, 2012. KSI could not file an opposition to the motion to dismiss because it could not confirm the current address of the Trio third party defendants. Counsel for KSI could not file an opposition on behalf of KSI because counsel had not receive instruction as to whether KSI wanted to or could bear the cost of pursuing its third part complaint.  Finally in late July, KSI confirm that it was unable to ascertain the current addresses of the third party defendants and could not afford to pursue the complaint against the Trio parties in light of its financial state and the difficulty of serving individuals and entities that have made themselves unavailable for service. (See Declaration of Cindy N. Tran, ¶ 6-8).

KSI's failure to file an opposition to Trio's motion to dismiss was willful, it simply had not been able to determine if it would be able to pursue its complaint

against Trio, Ho and Chu.  Counsel for KSI could not file a non-opposition to the motion to dismiss because counsel had not yet receive confirmation from KSI that it would not be able to pursue its complaint against these third party defendants. (See Declaration of Cindy N. Tran, ¶ 9).

### 2. *No proof of intent has been shown, let alone by clear and convincing evidence.*

The facts in the present case are very analogous to the facts in the above cases. Just like *Zambrano*, attorneys in this matter made mistakes and did not follow local court rules. Attorney's missed a deadline and, unfortunately, did not give a notice of a pendency of action. Because the state action was stayed pending action, Ms. Tran erroneously thought that it was not pending. These mistakes at most were negligent, but do not show any willful conduct.  In accordance with the reasoning of *Zambrano*, the attorneys here did not act in bad faith or willful misconduct by failing to comply with local court rules. *Zambrano*, 885 F.2d 1473. Trio Foods refers to the courts Order of May 21, 2012 cautioning KSI to comply with applicable procedural rules in prosecuting this action in the risk of sanctions does not mean that it does not need to show intent and bad faith as required by the Ninth Circuit.  Furthermore, the court's order in dismissing KSI's third party compliant with prejudice is sanction enough. Trio Foods has not met its requirements in showing bad faith to warrant attorneys' fees as further sanctions against KSI or its counsel of record.

### 3. *KSI's decision not to prosecute the third party complaint cannot be considered proof of bad faith.*

KSI did not prosecute the complaint because it could not. KSI encountered extreme difficulty in trying to serve defendants. KSI diligently attempted to serve all defendants, who are foreign parties existing outside of the United States. As opposing counsel admits, the issue of international service under the Hague Convention is a particularly complicated issue. Because international service is so

KSI's Opposition To 3rd Party Defendant's Motion For Attorney's Fees     - 6 -

complicated the litigation was delayed, not because KSI intentionally did so. KSI realized that service of process was deficient when it finally received notice from the Hong Kong Central Authority at the end of May 2012.  The Hong Kong Central Authority sent certificates of nonservice for Trio Foods Limited, George Chu, Chris Ho and Unilever Foods Solution which was received during the last week of May.  Based on the and made the decision not to oppose the motion to dismiss. (See Declaration of Cindy N. Tran, filed concurrently with this opposition).

KSI made a financial decision not to pursue its third party complaint as a result of such difficulty in serving the summons and complaint on the Trio parties. This decision not to pursue its compliant does not equate to a frivolous filing of the third party complaint and is not evidence of bad faith in filing its third party complaint in the first place. KSI should not be punished for attempting to bring the true counterfeiters—Trio, Chu, and Ho—to justice. While district courts are vested with the inherent power to issue sanctions in the form of attorneys' fees, the Ninth Circuit requires a specific finding of bad faith before a court may issue these sanctions pursuant to its power. *Fink v. Gomez*, 239 F.3d 989 (9th Cir. 2001). Such evidence of bad faith is not present in this case.

### C.      Opposing Counsel's request for $30,749.18 is excessive for one motion.

In the event that this court does award attorney's fees, the amount requested is excessive.  In a factually similar case, *Louis Vuitton Malletier v. Dooney & Burke, Inc.*, No. 04 Civ. 5316, 2007 U.S. Dist. Lexis 31632, the attorneys' fees were held to be excessive because the amount of time claimed was excessive. The *Louis Vuitton Malletier* Court reasoned that one 19-page memorandum, two declarations, and a 13-page reply memorandum did not take five attorneys 105.6

hours to complete. *Id.*

Here, KSI strongly believes that opposing counsel's calculation of hours is inaccurate. Just like in *Louis Vuitton Malletier*, KSI does not believe it costs $30,749.18 for three experienced attorneys to complete one motion—even less than the motions produced in *Louis Vuitton Malletier* because no reply memorandum was given.  *See id.*

Contrary to the Trio Parties claim that it incurred significant expense to monitor the status of this action, not much has occurred in this matter since the filing of the Third Party Complaint.  The parties entered into two separate stipulations to extend time due to the long process in serving the third party defendants.  Both stipulation were simple and were agreed to over the phone with no dispute.  In fact the phone conversations regarding the stipulations did not last more than two minutes.  (See Declaration of Cindy N. Tran, ¶ 4).

Lastly, even if the court finds that fees should be awarded to the Trio parties, such fees should not be awarded against counsel for KSI as the Trio parties have not shown sufficient evidence of bad faith or intent to harrass on the part of KSI's counsel. The Ninth Circuit has repeatedly denied attorney's fees when no proof of intent has been found. The imposition of sanctions were vacated where there were no evidence that attorney had acted in bad faith. *Yagman*, *supra* at 628.  It also refused to find improper purpose or intent where attorney was repeatedly tardy. *U.S. v. Stoneberger, supra.* Attorney in the present case were not negligent, did not intentionally disobey local rules, and did not acted in bad faith in filing the third party complaint.

### III.   CONCLUSION

Attorney fees should not be granted because the high standard of clear and convincing evidence of bad faith was not met. The facts do not support any wrongdoing because under Ninth Circuit precedent and the only delay in litigation

as due to the complexity of serving foreign defendants.  Furthermore, KSI's decision not to prosecute its third party complaint was a financial decision made after it had spent sufficient funds in trying to serve the third party defendants in the first place. Therefore, no showing of bad faith was made.

Dated: August 6, 2012

LAW OFFICES OF CINDY N. TRAN
A Professional Corporation


By:_____
    Cindy N. Tran
    Attorney for Defendant/Third Party
    Plaintiff Knorr Solution, Inc.