LAW OFFICE OF CINDY N. TRAN, APC
Cindy N. Tran (SBN 228214)
Lisa Stilson (SBN 196059)
225 S. Lake Avenue, Suite 300
Pasadena, California 91101-3009
Tel: 626.432.7208
Fax: 626.638.0526

Attorneys for Defendant and Third Party Complaint Knorr Solution, Inc.,

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KNORR-NAEHRMITTEL AKTIENGESELLCHAFT and UNILEVER N.V.<br><br>Plaintiffs,<br>vs.<br><br>KNORR SOLUTION, INC., et al.<br><br>Defendants. | Case No.: CV 10-8155 GAF (RZx)<br><br>**DECLARATION OF CINDY N. TRAN IN SUPPORT OF KSI'S OPPOSITION TO THIRD PARTY DEFENDANTS' MOTION FOR ATTORNEYS' FEES**<br><br>Date: August 27, 2012<br>Time: 9:30 a.m.<br>Dept: 740<br><br>Honorable Gary A. Feess |
| KNORR SOLUTION, INC., a California Corporation,<br><br>Third Party Complainant,<br>vs.<br><br>UNILEVER FOOD SOLUTIONS HONG KONG LIMITED, a Chinese corporation, TRIO FOODS LIMITED, a Chinese limited company, CHRIS SHIU LEUNG HO, an individual, GEORGE CHU, an individual, and ROES 1-10, inclusive<br><br>Third Party Defendants. | |

Declaration of Cindy N. Tran in Support of KSI's Opposition to Motion for Attorney's Fees  1

I, Cindy N. Tran, declare:

1. I am an attorney at law duly licensed to practice before the United States District Court, Central District of California and the attorney of record for defendants herein.

2. My office was retained by defendants in April 2011 to defend against a breach of contract matter filed by Trio Foods Limited in the California Superior Court. In August of 2011, defendants requested that our office also defend them in a trademark infringement matter pending in the United States District Court.  Upon approval of our request for substitution of attorney, my office filed a motion for leave to file third party complaint on behalf of KSI. KSI also filed a cross-compliant with similar causes of action against the third party defendants in the state court matter.  At the time the third party complaint and cross-complaint was filed, KSI had every intention to pursue its rights against these entities. However, the cost of litigation to pursue its rights against these entities proved to be too costly for KSI to sustain.

3. Aside from our firm's fees to prepare the third party complaint, KSI also paid the firm in Hong Kong to complete service on the third party defendants. Added to the complications of service in a foreign country, there were also several rounds of pleadings filed on KSI's behalf regarding service on the third party defendants, stipulations and extension for the third party defendants to file responsive pleadings due to the delay in obtaining the proof of service as well as responses to orders to show causes all before the third party defendants filed their motion to dismiss.

4. The stipulations and extension for third party defendants to file their responsive pleadings were entered into without any disputes.  I readily agreed to those stipulations and extensions in good faith knowing that KSI was having a difficult time getting the third party defendants served in Hong Kong.  I engaged in two separate phone conversations with counsel for the Trio parties regarding the two stipulations.  The phone conversations did not last more than two minutes as counsel requested for an extension since no proof of services has been filed.  I readily agreed

and indicated that KSI was having a difficult time getting the third party defendants served.

5. KSI only paid a small retainer deposit to our firm when we first started representing KSI. The retainer amount had been exhausted by the time our firm completed the filing of the third party complaint. Our firm had not received any additional payment from KSI after the initial retainer deposit. KSI currently has an outstanding balance in excess of $10,000.

6. In early May 2012, I received signed declaration from Siu Ho Chan of the firm of Ku John, Tam & Ho in Hong Kong stating that service was completed on the third party defendants. My office later received five packages from the Hong Kong Central Authority arriving between May 25th and June 1, 2012. Four of the packages contained certificates of nonservice for Unilever Food Solutions, Trio Foods Limited, Chris Ho, and George Chu respectively, and only one contained certificate of service on Unilever H.K. The Hong Kong Central Authority indicated that the address for Trio Foods Limited as well as Chris Ho and George Chu were no longer valid. Attached as Exhibit A is a true and correct copy of the Affirmation of Non-Service on Chris Shiu Leung Ho received from the Hong Kong Central Authority. Attached as Exhibit B is a true and correct copy of the Affirmation of Non-Service on Trio Foods Limited received from the Hong Kong Central Authority. Attached as Exhibit C is a true and correct copy of the Affirmation of Non-Service on George Chu received from the Hong Kong Central Authority.

7. In light of the information provided by the Hong Kong Central Authority, KSI tried to ascertain the current address of Trio Foods Limited, Chris Ho and George Chu. Coincidentally, Defendant Alfred Chan was also traveling to China in mid June of this year. I asked Mr. Chan to look up the current addresses of these third party defendants. When Mr. Chan returned from his trip last week on July 30, 2012, he informed me that he was unable to find the current addresses of the Trio parties.

8. Based on KSI's inability to obtain current addresses for Trio Foods Limited, Chris Ho, and George Chu, and its lack of funding, KSI determined that it would have a difficult time pursuing suit against the third party defendants, particularly since KSI was no longer engaged in any gainful business and have stopped operations since the filing of plaintiffs' suit as well as Trio's state court matter. With the possibility of settling this matter with the plaintiffs in this case, KSI has also decided not to pursue its third party complaint against the Trio parties in favor of preserving what funding it has left to defend against the Trio compliant in state court and plaintiffs' infringement suit.

9. Third party defendants' motion to dismiss was scheduled for July 9, 2012 and KSI's opposition was due on June 18, 2012.  However, Mr. Chan has just left for China the week before and I had not receive any communication from Mr. Chan at that time as to whether he was able to find the current addresses of Trio Foods Limited, Chris Ho or George Chu.  Furthermore, KSI was already behind in its payment of its attorneys' fee to my firm and I had not receive confirmation from KSI as to whether I should or could incur more expenses on KSI's behalf in filing any pleadings in this matter.

10. On or about June 25, 2012, counsel for the Trio parties, Elizabeth Ellis contacted me by phone to inform me that KSI has not filed an opposition to their motion to dismiss and that the time to oppose has passed.  My response to Ms. Ellis stated that I was aware that KSI has not filed its opposition and that I had not been in communication with my clients for several weeks as Mr. Chan was in China at the time and a late opposition may not be filed as a result.  At no time did I state that KSI do not intend to oppose the motion, I stated that I have not been in contact with my client as he is currently out of the country and that I do not think we will be able to file a late opposition without hearing from the client.  Ms. Ellis then states that the local rules require that KSI file a non-opposition if it does not oppose the motion.  To which I reminded her that I could not file anything without first speaking to my client

on this matter.

11. Before KSI confirmed that it was unable to obtain the current addresses of the Trio parties, I could not oppose the motion to dismiss as I did not know if KSI would be able to overcome the issue of service on the Trio parties and I could not file a non-opposition in the event that KSI was able to obtain those addresses and contact me before the hearing on the motion to dismiss. This coupled with the fact that KSI was nearly a year behind on paying its attorneys' fees made it difficult for me to act either way. It is my understanding that KSI is insolvent at this time and have been so for some time.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on August 6, 2012 at Pasadena, California.

                                              /s/ Cindy N. Tran
                                              Cindy N. Tran