Cyndie M. Chang (SBN 227542)
DUANE MORRIS LLP
865 S. Figueroa St., Suite 3100
Los Angeles, CA 90017-5450
Telephone: (213) 689-7400
Facsimile: (213) 689-7401
E-mail: cmchang@duanemorris.com

Gregory P. Gulia (admitted *pro hac vice*)
Vanessa C. Hew (admitted *pro hac vice*)
Mitchell A. Frank (admitted *pro hac vice*)
DUANE MORRIS LLP
1540 Broadway
New York, New York 10036-4086
Telephone: (212) 692-1000
Facsimile: (212) 692-1020
Email: gpgulia@duanemorris.com
Email: vchew@duanemorris.com
Email: mafrank@duanemorris.com

Attorneys for Plaintiffs Knorr-Naehrmittel Aktiengesellchaft, Unilever N.V., and Third-Party Defendant Unilever Hong Kong Limited

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

KNORR-NAEHRMITTEL AKTIENGESELLCHAFT and UNILEVER N.V.

Plaintiffs,

v.

KNORR SOLUTION, INC., SIU C. CHAN a/k/a ALFRED CHAN, SIU WAI FUNG a/k/a CALVIN FUNG and PING HONG LI a/k/a SUKIE LI

Defendants.

Case No.: CV 10-08155 GAF (Rzx)

**REPLY IN SUPPORT OF PLAINTIFFS KNORR-NAEHRMITTEL AKTIENGESELLCHAFT AND UNILEVER N.V. AND THIRD-PARTY DEFENDANT UNILEVER HONG KONG LIMITED'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR ATTORNEYS' FEES**

Date: August 27, 2012
Time: 9:30 a.m.
Courtroom: 740

The Honorable Gary A. Feess

KNORR SOLUTION, INC., a California Corporation,

Third-Party Plaintiff,

v.

UNILEVER FOOD SOLUTIONS, a Chinese entity, UNILEVER HONG KONG LIMITED, A Chinese entity, TRIO FOODS LIMITED, a Chinese limited company, CHRIS SHIU LEUNG HO, an individual, GEORGE CHU, an individual, and ROES 1-10, inclusive,

Third-Party Defendants.

## PRELIMINARY STATEMENT

KSI's comparison of this case to "David versus Goliath" is grossly inaccurate. David, unlike KSI, did not traffic in counterfeit goods. [1] Equally inaccurate is KSI's claim that its so-called "misfortune" arises from doing business with Unilever H.K., a subsidiary of one of the plaintiffs. KSI did not do business with Unilever H.K. It did business with the Trio Parties. As KSI itself explains, "Chris Shiu Leung Ho (Ho) . . . contacted KSI offering to sell genuine Knorr branded products through his company Trio Foods Limited." Clearly, KSI's "misfortune" does not arise from any dealings with Unilever H.K. but from purchasing goods from the Trio Parties and unlawfully shipping those goods to the United States. When KSI got caught, it then compounded its so-called misfortune by filing a frivolous complaint against a Hong Kong subsidiary of one of the plaintiffs.

1 The defined terms set forth in Plaintiffs Knorr-Naehrmittel Aktiengesellchaft and Unilever N.V. and Third-Party Defendant Unilever Hong Kong Limited's Memorandum Of Law In Support Of Its Motion For Attorneys' Fees are maintained unless otherwise stated.

Indeed, in its opposition to Unilever's motion for attorneys' fees, KSI improperly attempts to challenge Unilever H.K.'s motion to dismiss KSI's third-party complaint. However, that ship has sailed and those arguments were long conceded when KSI opted not to oppose Unilever H.K.'s motion to dismiss. Even more troubling, to rebut Unilever's motion for attorneys' fees, KSI, outlandishly, stoops to misrepresenting the facts asserted in its third-party complaint—representations which are clearly contradicted its own third-party complaint.

Unfortunately for KSI, its third-party complaint speaks for itself: KSI never alleged the requisite facts to support its negligent misrepresentation claim; it never alleged a contract existed between KSI and Unilever H.K., which is necessary to support its indemnity and contribution claims; and it never alleged any facts supporting personal jurisdiction over Unilever H.K. The reason for these omissions is simple. No such facts exist. KSI has attempted to drag Unilever H.K. into this litigation without any factual or legal basis for its third-party complaint resulting in the needless delay of the litigation of this case for almost a year. Recognizing the frivolity of its own claims, KSI then refused to defend those claims against Unilever H.K.'s motion to dismiss until Unilever H.K. filed its motion for attorneys' fees. Such bad faith litigation tactics should not be rewarded.

## ARGUMENT

### I. KSI's Bad Faith Is Plainly Evident

An award of attorneys' fees is appropriate upon a "finding that the sanctioned party's behavior 'constituted or was tantamount to bad faith.'" *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (quoting *Hutto v. Finney*, 437 U.S. 678, 689 n.14 (1978)). A party "demonstrates bad faith by 'delaying or disrupting the litigation or . . . where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an

opponent." *Id*. (citations omitted).[2] In the instant action, Unilever easily meets this standard because KSI has both unnecessarily delayed this litigation and has recklessly raised frivolous arguments—and, incredibly, continues to raise frivolous arguments and misrepresent facts such as the allegations made in its own third-party complaint.

**A. KSI's Belated Defense of its Breach of Contract Claim is Irrelevant Nonsense**

First, KSI expends a page and a half arguing its breach of contract claim was proper and thus there was supplemental jurisdiction over its other claims. This argument is both unnecessary and nonsensical. Indeed, Unilever H.K. never challenged the subject matter jurisdiction of KSI's third-party complaint. In this section, opposing counsel also claims that Unilever misstated the facts because it alleged that KSI plead negligence and breach of warranty. However, Unilever never asserted that KSI's negligence and breach of warranty claims were improperly plead. Rather, Unilever mentioned KSI's negligence and breach of warranty in its recitation of the background of the case in describing KSI's initial proposed third-party complaint and how Unilever incurred fees opposing KSI's right to file on the grounds of futility.

**B. KSI's Belated Defense of its Negligent Misrepresentation Claim is a Blatant Misrepresentation of the Allegations in its Third-Party Complaint**

KSI's claim for negligent misrepresentation was clearly frivolous because it failed to include time, place, and the specific content of the alleged false

[2] KSI tellingly offers no Ninth Circuit authority for its proposal to discard the standard from *Primus Auto. Fin. Servs., Inc. v. Batarse* for a higher, clear-and-convincing-evidence-of-bad-faith standard. Indeed, the 1995 case from the District of Columbia, *Shepherd v. American Broadcasting Cos., Inc.,* 62 F.3d 1469, 1477 (D.C. Cir. 1995), cited by KSI for this higher standard is wholly inapplicable here. Not only is this case not controlling but the court in *Shepard* required clear and convincing evidence of bad faith because the plaintiffs in that case sought a default judgment as a sanction for discovery misconduct.

representations made by Unilever H.K. to KSI, nor does it identify the parties who made these representations, as required by Rule 9(b) of the Federal Rules of Civil Procedure and the case law. *See, e.g., Settle v. World Sav. Bank, F.S.B.*, No. 11 Civ. 00800, 2012 U.S. Dist. LEXIS 4215, at *23 (C.D. Cal. Jan. 11, 2012) ("allegations must include the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations").

To overcome the numerous and obvious deficiencies in its third-party complaint, KSI resorts to misrepresenting the allegations in its third-party complaint. For example, KSI cites to paragraph 22 of its third-party complaint in support of its contention that it properly pled the time during which the alleged misrepresentations were made by Unilever H.K. However, the allegations in paragraph 22 solely concern KSI's communications with the Trio Parties, not Unilever H.K. Moreover, KSI attempts to spin paragraphs 38-39 as an allegation of the purported place and manner of the supposed negligent misrepresentation, but the language of these paragraphs is far too vague to allow Unilever H.K. or this court to know where these representations took place. KSI merely pleads that it had a "special business relationship" based on "mutual electronic communication" and "numerous telephonic communications." This vague reference is insufficient. Tellingly, KSI attaches as exhibits to its third-party complaint communications between the Trio Parties and KSI, but none between Unilever H.K. and KSI.

As "proof" of the specific content of the alleged misrepresentations, KSI again cites paragraphs 38-39, but these paragraphs provide only a general topic: "information regarding shipped food items." This paltry phrase is woefully short of the standard imposed by Rule 9(b). *See Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (affirming dismissal of fraud-based claim where complaint contained general allegations because Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that defendants can defend against the charge). It is simply impossible

to determine from the allegations in the third-party complaint what alleged negligent misrepresentations were made. Rather than identifying any specific individuals who allegedly perpetrated the purported negligent misrepresentation, KSI contends that its misrepresentation claim was properly plead because "parties were identified because all were named co-defendants" in its third-party complaint. Dckt. No. 116 at 11, line 9. However, even if the mere naming of Unilever H.K. as a defendant could somehow constitute an allegation, such vague and broad allegations simply do not satisfy the pleading requirements of Rule 9—much less the heightened pleading requirements for negligent misrepresentation claims. Moreover, because KSI has not differentiated between the representations of the Trio Parties and Unilever H.K., it is not possible to determine what, if any, representations Unilever H.K. actually made.

The fact that KSI failed to mention any real names of people—even its own officers— who made or received the purported negligent misrepresentations attributed to Unilever H.K. and failed to allege the date, time, or specific content of the alleged misrepresentations demonstrates the utter frivolity and bad faith of its negligent misrepresentation claim against Unilever H.K. KSI's blatant misrepresentations of the few facts plead merely solidify that bad faith. Clearly, the failure to plead these crucial facts was no inadvertent omission.

**C. KSI's Belated Defense of its Indemnity and Contribution Claim Hinges on an Obvious Falsehood**

KSI's claims for indemnity and contribution are both frivolous because there was no contract with Unilever H.K., *see Four Star Electric, Inc. v. F & H Construction*, 7 Cal. App. 4th 1375, 1380 (1992), and indeed KSI never alleged the existence of a contract, either express or implied, between Unilever H.K. and KSI. Indeed, to paint its indemnity and contribution claims as something other than frivolous, KSI again resorts to a gross misrepresentation. To demonstrate that it plead a contract between KSI and Unilever H.K., KSI claims that "defendants: 'participated in numerous e-mails and telephonic communications with KSI'" offering only a

partial quote when the full quote makes clear that the only contract alleged in KSI's third-party complaint was between KSI and Trio, not between KSI and Unilever H.K. As the full quote plainly states:

> On or about September 27, 2009, Third Party Defendants (sic), Trio, Ho and Chu participated in the exchange of numerous e-mails and telephonic communications with KSI resulting in the formation of a contractual relationship wherein Trio would sell various food products to KSI for distribution to wholesalers and retailers in the United States.

Dkt. No. 66 (Third-Party Complaint) at ¶ 22. To partially quote from the above language and represent it as evidence of having plead a contract between KSI and Unilever H.K. merely exposes the lack of candor with which KSI has litigated its claims against Unilever H.K. The fact is KSI did not plead a contractual relationship with Unilever H.K., either express or implied. Thus, its claims for indemnity and contribution are wholly without any factual or legal merit.[3]

### D. KSI's Belated Defense of its Failure to Plead Personal Jurisdiction Also Hinges on an Obvious Falsehood

As an initial matter, KSI improperly attempts to use its brief in opposition to Unilever's motion for attorneys' fees to assert facts that were never included in its third-party complaint. Moreover, to attempt to demonstrate that it pled personal jurisdiction also founders on alarming falsehoods. First, KSI claims this Court has minimum contacts because "Unilever H.K. systematically and continuously shipped

[3] Claiming it had a "business relationship" is insufficient to establish an implied contract. *See, e.g., Hill v. Waxberg*, 237 F.2d 936, 938 (9th Cir. 1956) ("an implied contract results where one renders services at the request of another with the expectation of pay therefor, and in the process confers a benefit on the other"). There are no allegations that KSI requested services from Unilever H.K. with expectation of pay.

goods from Hong Kong to the United States."[4] It is clear from KSI's own pleadings that Trio, not Unilever H.K., shipped goods to the United States. *See* Dkt. No. 66 (Third-Party Complaint) at ¶ 24 ("Trio was responsible for the acquisition of the products from the manufacturers and suppliers and shipping the products to KSI in the United States.").

Second, KSI appears to claim that minimum contacts are established because "Unilever H.K. had a business relationship with KSI" reflected in "continuous and systematic contact" with each other.[5] However, the business relationship described in the third-party complaint is clearly between Trio and KSI, as are the communications alleged by KSI. Indeed, the service contract attached as Exhibit B to KSI's opposition brief is between Trio and KFS, the entity set up by KSI to receive shipments from Trio. *See* KSI Opp. Br. Ex. B ("Strategic Alliance Agreement between Knorr Foodsolution (sic) Inc. and Trio Foods Ltd."). KSI's failure to identify even one specific transaction, much less a series of transactions, nor what the terms of this "implied" contract would be, underscores the frivolity with which it now claims KSI and Unilever H.K. had purported "continuous and systematic contact" with each other and that an "implied contract" ever existed. In addition, KSI's claim that personal jurisdiction was already established because Unilever H.K. is a subsidiary of plaintiff Unilever N.V. is unfounded. Tellingly, KSI offers not even one case as authority for this theory. Finally, KSI's claim that Unilever H.K. consented to jurisdiction is just an outright falsehood.

---

4 This is also inaccurate legally. KSI has to show goods were shipped to California, not the United States. *See, e.g., Hunt v. Erie Insurance Group*, 728 F.2d 1244, 1247 (9th Cir. 1984) (denying personal jurisdiction where plaintiff merely alleged defendant placed product in the stream of commerce with the knowledge that the product would arrive in United States west coast ports, including California).

5 Nowhere in its third-party complaint did KSI plead that Unilever H.K. has minimum contacts or continuous and systematic contact with California. Indeed, its third-party complaint neglects to address the issue of personal jurisdiction at all.

KSI concedes that it delayed this litigation but attempts to excuse this delay by claiming that international service is complicated and KSI did not intentionally cause delay. However, this misses the point. The delay was needless and caused by the pursuit of claims that were so utterly without factual or legal basis that they should never have been brought in the first place.

## II. KSI Fails to Show it Suffered Prejudice from Not Meeting and Conferring Pursuant to Local Rule 7-3

The courts have consistently held that the lack of a meet and confer is not grounds for denying a motion where the party responding to the motion suffered no prejudice. *See Wilson-Condon v. Allstate Indem. Co*., 2011 U.S. Dist. LEXIS 86892 (C.D. Cal. Aug. 4, 2011) (holding a failure to meet and confer under Local Rule 7-3 not grounds for ruling on the merits of a motion where there was no prejudice); *De Walshe v. Togo's Eateries, Inc*., 567 F. Supp. 2d 1198, 1201 (C.D. Cal. 2008). Here, KSI has neither claimed prejudice, nor demonstrated it—nor can it. KSI was able to submit a 15 page opposition brief together with an accompanying declaration. Thus, no prejudice will result if the Court considers Unilever's motion on the merits notwithstanding the absence of a meaningful meet and confer.

## III. The Fees Sought Are Reasonable

The reasonableness of award of attorneys' fees is determined by "the number of hours reasonably expended by the attorneys on the litigation by a reasonable hourly rate." *Davidson v. City of Culver City*, No. 04 Civ. 2220, 2004 U.S. Dist. Lexis 30573, at *49 (C.D. Cal. Sept. 20, 2004). KSI challenges the reasonableness of the hours expended and does so in typical fashion—by misrepresenting the facts. KSI claims that Unilever is seeking fees for 230.90 hours that were spent on one motion to dismiss. This is blatantly untrue. Unilever's application for fees states that it spent this time "successfully defending Unilever H.K. against KSI's frivolous claims," not in drafting one motion to dismiss. As KSI concedes, this amount of time covered work that was done over the period of nearly a year. As is evident in Unilever's

application, this work entailed research and factual investigation when KSI first sought leave to file a third-party complaint, Plaintiffs' work on their motion in opposition to KSI's request, work incurred in the following months responding to the inconsistent representations from KSI as to the types of service effected, and the work ultimately incurred by Unilever H.K. and Plaintiffs in drafting and filing their motion to dismiss. The 230.90 hours of work referenced by KSI was thus not spent on one motion but throughout almost an entire year of defending Unilever H.K. from KSI's frivolous third-party complaint.

## CONCLUSION

For the foregoing reasons, Unilever's motion for attorney's fees should be granted.

Dated: August 13, 2012

**DUANE MORRIS LLP**

By: s/ Cyndie M. Chang
Cyndie M. Chang

865 S. Figueroa St., Suite 3100
Los Angeles, CA 90017-5450
Telephone: (213) 689-7400
Facsimile: (213) 689-7401

and

Gregory P. Gulia (admitted *pro hac vice*)
Vanessa C. Hew (admitted *pro hac vice*)
Mitchell A. Frank (admitted *pro hac vice*)

1540 Broadway
New York, NY 10036-0048
Telephone: (212) 692-1000
Facsimile: (212) 692-1020

Attorneys for Plaintiffs Knorr-Naehrmittel Aktiengesellchaft, Unilever N.V., and Third-Party Defendant Unilever Hong Kong Limited