Elizabeth G. Ellis, (SBN 218956)
LAW OFFICES OF ELIZABETH G. ELLIS
26137 Fairside Drive
Malibu, CA 90265
Tel.: (310) 456-8413
Fax: (888) 795-3398
E-Mail:  LizEllis@ellis-lawoffices.com

Attorneys for Third Party Defendants,
TRIO FOODS LIMITED, a Chinese
limited company, GEORGE CHU,
and CHRIS SHIU LEUNG HO

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KNORR-NAEHRMITTEL AKTIENGESELLCHAFT and UNILEVER N.V.<br><br>Plaintiffs,<br><br>v.<br><br>KNORR SOLUTION, INC., et al,<br><br>Defendants.<br>_____<br><br>KNORR SOLUTION, INC., a California corporation,<br><br>Third Party Plaintiff,<br><br>v.<br><br>UNILEVER FOOD SOLUTIONS, a Chinese entity, UNILEVER HONG KONG LIMITED, a Chinese entity, TRIO FOODS LIMITED, a Chinese limited company, CHRIS SHIU LEUNG HO, an individual, GEORGE CHU, an individual, and ROES 1-10, inclusive<br><br>Third Party Defendants.<br>_____ | **Case No:** CV 10-8155 GAF (RZx)<br>*Hon. Gary A. Feess (USDJ)*<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THIRD PARTY DEFENDANTS TRIO FOODS LIMITED, GEORGE CHU, AND CHRIS SHIU LEUNG HO's MOTION FOR ATTORNEYS FEES AND COSTS AND SANCTIONS**<br><br>Filed concurrently with Declaration of Elizabeth G. Ellis<br><br><br>Hearing:  **August 27, 2012**<br>Time:  **9:30 am**<br>Courtroom:  **740** |

## MEMORANDUM OF POINTS AND AUTHORITIES
## I.
## PRELIMINARY STATEMENT

KSI's Opposition confirms the facts asserted by the Trio Parties Motion. Accordingly, the Trio Parties respectfully request that their Motion for a specific fee award be granted, together with such other and further relief as may be just and proper.

## II.
## FACTUAL STATEMENT

**A.**    **Uncontroverted Facts:**

1.)    This Court noted:  "KSI only filed a proof of service as to its third party complaint after the Trio Parties made the instant request indicating that it served the Trio Parties by registered mail on February 2, 2012," (See Docket No. 102, Order dated May 21, 2012 ["**May 21ˢᵗ Order**"] at "A. Introduction" Pg. ID # 762 .);

2.)    This Court held: "There is no dispute that KSI filed to comply with Local Rule 83-1.4 by failing to file a Notice of Pendency of Other Action when it filed its nearly identical cross-complaint in the state court action."( Id. Order at ¶"C." Pg ID # 763; and see C.D. Cal. R. 83-1-2; and State Court Cross Compl.);

3.)    This Court's May 21ˢᵗ Order Forewarned Compliance or Risk Sanctions: **"KSI is strongly advised to take care to comply with all applicable procedural rules in prosecuting this action in the future or risk sanctions**." ( See [Docket No. 102], May 21ˢᵗ Order  at Pg ID # 764.);

4.)    KSI's willful disobedience:   KSI and it's counsel admit to knowingly (hence, willfully) failing to comply with the procedural rules by conceding that they

were fully aware that they failed to file either an Opposition or Notice of Non-Opposition to the Trio Parties Motion to Dismiss on its due date (June 18, 2012). (See, KSI's Opposing Declaration of Cindy Tran, Esq. ("Tran Decl.") at ¶ 10, "I was aware that KSI has not filed its opposition. . .")

     5.)    <u>KSI admits</u>:  "Federal courts have the inherent power to sanction attorneys and parties for bad faith conduct or for willful disobedience." (<u>See</u> Opposing Memorandum of Law ["Opp."] at page ["p."]. 3, lines ["lns"] 6-17);

     6.)    <u>KSI's False Statement</u>:   As the Hong Kong Registry (public record) lists at all relevant times, the current addresses for each of the Trio Parties, KSI's new allegation that they are unable to locate the third party defendants to serve them, is patently false and/or implausible. (<u>See</u> Tran Decl. at  ¶ Ellis Decl. at  ¶ 3.) [1]

     7.)    <u>KSI's counsel failed to either withdraw as counsel or file a response to Trio Parties' motion to dismiss</u>:  <u>See</u>, docket generally.   Absent substitution or an order relieving counsel of record, both KSI and it's counsel were required to comply with the procedural rules of this court, and did not.

**B.**    **The Defining Moment**

     In addition to non-payment, KSI now asserts that *the* defining moment which supported their belated "decision to abandon" KSI's third party claims against the Trio Parties, was that they "were unable to find the current addresses for the Trio Parties", such that "KSI determined that it would have a difficult time pursuing suit against the third party defendants. . ." ("Tran Statement") (Tran Decl. at ¶¶ 7-8, 11;

---

[1] It is also noted that KSI abandoned it's third party claims against third party defendant Unilever, Hong Kong despite that Unilever H.K. did not move to dismiss KSI's claims for failure to effectuate service of process on them (under Fed. R. Civ. P. Rule 12(b)(5)).

and Opposition Memorandum of Law ["Opp."] at p.1 line ["ln"] 28-p. 2 ln 1.)

The Tran firm also asserts that they retained local Hong Kong counsel to assist them with service. (See Docket No.100, KSI's Response to OSC at ¶8-10.)

The Tran Statement is implausible since Trio Foods Limited is a duly Registered company in Hong Kong in accordance with the rules of that jurisdiction.  (See Ellis Decl. at  ¶3 .) As a Registered company, Trio Foods Limited's current address and the current resident addresses of it's officers and directors (third party defendants George Chu and Chris Shiu Leung Ho) are duly recorded, as required by law.   This information is a matter of public record in Hong Kong, has been a matter of public record during this entire action and remains so to date.   If the Trio Parties were hiding, it was in plain site. (See Ellis Decl. at  ¶3 .)

Critically, KSI's counsel admits that they had actual knowledge that they violated court rules by their failure to file either an Opposition or Notice of Non-Opposition. (Tran Decl. at  ¶ 10.)

## C.   KSI Caused Delay To the Trio Parties' Hardship and Detriment

A "Status Conference re: Federal Case" was held in the State court case on July 24, 2012.   The Trio Parties requested the soonest available trial date. However, the next available trial date is August 26, 201**3**.   The prior trial date was in April 2012 and the Trio Parties were prepared to proceed.  (See Ellis Decl. at ¶¶ 4-5.)

## D.   The Tran Firm Is Counsel of Record for KSI and Required to Represent Their Clients Zealously

Ms. Tran admits knowing when KSI's Opposition was due and that her firm was well aware that they failed to file it.  At no time was a request for an extension of

time for KSI to file an Opposition sought by the Tran firm.  (<u>See</u> Ellis Decl. at ¶ 8.)
KSI's Opposition was due June 18, 2012.   The Tran firm asserts that her client left
the country on or around June 11th and that "KSI was already behind in its payment of
its attorneys' fee to my firm and I had not receive[sic] confirmation from KSI as to
whether I should or could incur more expenses on KSI's behalf in filing any
pleadings in this matter." (<u>See</u> Tran Decl. at ¶10, lns 24-26.)    However, the Rules of
this Court are clear as is the Tran firm's admitted and knowing violation of them.

The Tran firm never sought an extension of time for KSI to file an Opposition
to the Trio Parties' Motion to Dismiss. (<u>See</u> Ellis Decl. at ¶ 8; and Docket generally.)
The Tran firm is counsel of record for KSI.   The Tran firm failed to file a motion to
be relieved as counsel of record.

The record in this Action demonstrates that the Tran firm did not file a motion
to be relieved as counsel.   Critically, KSI's counsel admitted that they had actual
knowledge of their willful violation of the Court' Order and Local Rules.

## II.

## <u>LEGAL ARGUMENT</u>

**A.    <u>KSI's ADMITTED WILFUL DISOBEDIENCE WARRANTS THE
IMPOSITION OF SANCTIONS OR FEE AWARD UNDER
EITHER 28 U.S.C.A. § 1927, OR THE COURT'S INHERENT
AUTHORITY</u>**

KSI concedes "Federal courts have the inherent power to sanction attorneys and
parties for bad faith conduct or for willful disobedience." (<u>See</u> Opp. at p. 3, lns 6-17;
and see <u>1800 GET THIN, LLC c. Hiltzik</u>, No. 11 Civ. 00505,2011 U.S. Dist. LEXIS
104013 at *2 (C.D. Cal. Sept, 2011); <u>Chambers v. NASCO</u>, 501 U.S. 32, 45-46

(1991)).

However, KSI misconstrues and/or misrepresents Ninth Circuit law to this Court by baldly stating that filing a single complaint cannot support § 1927 sanctions. (Opp. at p. 2, lns 9-14.)  In re Keegan Management Company. Secur. Litig, 78 F.3d 431, 435 (9th Cir. 1996).   The foregoing pronouncement has no application to the Trio Parties' Motion or the conduct complained about.   In Keegan, the sole question on appeal was "whether plaintiffs' counsel may be sanctioned for initiating the lawsuit." Keegan, 78 F.3d at 433.   The Ninth Circuit found the District court's imposition of sanctions to be an abuse of discretion as it found the complaint was nonfrivolous and that plaintiffs' acted recklessly but did not make a finding that they acted with bad faith or with intent to harass.  See, 28 U.S.C.A. § 1927.

Contrasted with this Action, the relief sought by this Motion is based upon the actions that occurred after the filing of the third party complaint and during the course of this litigation.   Here, the conduct complained of was admittedly knowing and intentional *i.e.*, the Tran firm's failure to oppose the Motion to Dismiss (or to file a Motion to be Relieved as Counsel or to seek an extension) in violation of the procedural rules and the May 21st Order, was admitted by them to be knowing and intentional.  Their reasons are (scary but) irrelevant.  There is no doubt about the fact and admission of intentionality.

Simply, after a long history of either intentional conduct or mishaps by which KSI failed to meet it's obligations as counsel, this Court issued it's May 21st Order which unequivocally admonished " **"KSI is strongly advised to take care to comply with all applicable procedural rules in prosecuting this action in the future or**

**risk sanctions**."   Subsequently, on June 25th, the Tran firm admitted to being "well aware" that the June 18th due date for filing KSI's Opposition to the Trio Parties motion to dismiss had passed, with their failing to file anything.

KSI admits violating the procedural Rules of this Court and this Court's May 21st Order.  They knowingly failed to file either an Opposition or Notice of Non-Opposition or to seek an extension of time while counsel of record.   KSI's knowing violation of both the procedural rules of this Court and this Court's Order which forwarned sanctions for non-compliance, can only (most charitably) be viewed as wilful disobedience.  It was certainly, intentional and irresponsible conduct.

The declaration of KSI's counsel amply demonstrates a finding of knowing willful disobedience and not mere "recklessless".   Filing nothing on the due date was not a "mistake", which they admit.   And, since payment from their client was not forthcoming for a year (Tran Decl at ¶ 11), failure to either withdraw as counsel or to continue to act as record counsel (a year later), was not a mistake either.

KSI's conduct in this Action foreseeably hindered justice and caused financial hardship to the Trio Parties.   KSI and it's counsel delayed and protracted this Action in clear violation of the procedural rules, for an improper purpose and to their own self-interested ends.  They frustrated the Trio Parties from moving forward with their claims in either this court (by way of Counter-claims) or the State Court (by the action filed there, stayed until they "abandoned" the third party complaint in this Action).

KSI and the Tran firm violated the Rules and this Court's Order which admonished them to abide by the procedural rules or suffer sanctions.   They knowingly and intentionally failed to do so.   As such, the punishment fits the conduct.

An award of fees or as sanctions is warranted.  This Motion should be granted together with such other relief as is just and proper.

**B .**   **KSI's RECORD COUNSEL'S BLATANT REFUSAL TO ABIDE BY THE PROCEDURAL RULES,  THE MAY 21ST ORDER,  AND THE PROFESSIONAL RULES OF CONDUCT  -  AMPLY SUPPORT (AND CRY OUT FOR) THE IMPOSITION OF SANCTIONS OR FEES**

The Tran firm was duty bound to comport themselves properly and represent their client unless or until relieved of that obligation under the Professional Rules of Responsibility.   Instead of withdrawing as counsel of record, they blatantly ignored the ethical rules in addition to the procedural rules, this Court's May 21st Order and their professional responsibilities.   The harm was not only to themselves and their client, but to this Court and the defending parties *i.e.,* the Trio Parties.   Opposing a motion to dismiss is an important right.   On Ms. Tran's own statement, because her client was in payment default she chose to ignore her obligations as a member of the state bar and of this Court.   She did so defiantly, in the face of this Court's unequivocal May 21st Order which warned that sanctions would follow for (yet another) violation of the procedural rules.     Sanctions are amply supported and warranted as a separate basis, for violation of the ethical rules.

The Trio Parties incurred significant costs defending this frivolous action brought by KSI while they admit having ample notice that the representation was not proceeding as they wished.   Ms. Tran complains that her Client did not pay her for one year yet never sought to be relieved as counsel or to seek an extension of time to file an Opposition in order to do so.   Ms. Tran also complains that she was not in contact with her client for two weeks but does not state for how long or by what means

if any, she tried to communicate with her client.   Hong Kong an China have e-mail and telephones.

Ms. Tran admits knowing when KSI's Opposition was due and that her firm was fully <u>aware</u> that they had failed to file it.   The Tran firm is counsel of record for KSI, yet acted like a complete outsider to the process, to whom the rules do not apply.

The Rules of this Court and this Court's May 21st Order are clear as are the Professional Rules of Responsibility.   The record in this action demonstrates that the Tran firm did not file a motion to be relieved as counsel.   KSI's counsel admitted having <u>actual</u> knowledge of their violation of the Court' Order and Local Rules by their failure to file an opposition or other pleading.   Ignorance is no excuse- and they do not claim ignorance!, just self-interest.

The Tran firm merely claims that because the client owes money, that they are excused.   Not so.   The Tran firm violated the ethical rules of this State and the Federal bar by abandoning their client during representation while failing to seek an Order to relieve them as counsel of record.   Instead, they ignored their duties and responsibilities as attorneys and members of the bar, to the cost in time, funding -- to the detriment of this Court, these proceedings and the parties involved.

KSI and the Tran firm's knowing violation of the May 21st order and procedural rules is tantamount to "willful disobedience".   Their feigning prosecution while now asserting that the Trio Parties could not be located (while they are publicly listed on the Hong Kong Registry) and simultaneously asserting that they are owed fees as just cause to abandon their duties, constitutes "bad faith conduct".   The foregoing amply support an award of fees and/or sanctions.

But for the action and inaction of counsel, the Trio Parties would have proceeded to trial in State court several months ago, the cost of this Action would have been avoided and a verdict for the Trio Parties against KSI and it's principal Alfred Chan (who is solvent) would have been garnered.   A Sanction or Fee Award in a sum representing only the Trio Parties Motion to Dismiss, is reasonable.    Indeed, should this Court be amenable to award fees for the Trio Parties entire cost of this Action, a detailed fee invoice can be provided.

## C.   **AWARD**

As demonstrated by the moving papers, the time spent on dismissal of this matter was both reasonable and necessary.   The imposition of sanctions and/or a fee aware is warranted against KSI's counsel (upon whom collection is readily available), and also against KSI.

## IV.

## **CONCLUSION**

The Trio Parties respectfully request that this motion be granted, and an order directing KSI and/or it's counsel pay $30,749.18 as and for movant's attorneys fees and costs and/or as sanctions, together with such other relief as this Court deems just and proper.

Respectfully submitted,

DATED:   August 13, 2012          LAW OFFICES OF ELIZABETH G. ELLIS


By: s/ *Elizabeth G. Ellis*
     Elizabeth G. Ellis
     Attorneys for Third-Party Defendants,
     TRIO FOODS LIMITED, GEORGE CHU
     and CHRIS SHIU LEUNG HO