1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| KNORR-NAEHRMITTEL AKTIENGESELLCHAFT and UNILEVER N.V.,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>KNORR SOLUTION, INC., SIU C. CHAN a/k/a ALFRED CHAN, SIU WAI FUNG a/k/a CALVIN FUNG, and PING HONG LI a/k/a SUKIE LI<br><br>　　Defendants. | Case No.: 2:10-CV-8155<br><br>**[PROPOSED] CONSENT JUDGMENT** |
| KNORR SOLUTION, INC.<br><br>　　Third-Party Plaintiff,<br><br>　　v.<br><br>UNILEVER FOOD SOLUTIONS, a Chinese entity, UNILEVER HONG KONG LIMITED, a Chinese entity, TRIO FOODS LIMITED, a Chinese Limited Company, CHRIS SHIU LEUNG HO, an individual, GEORGE CHU, an individual, and ROES 1-10, inclusive<br><br>　　Third-Party Defendants. | |

**[PROPOSED] CONSENT JUDGMENT**

WHEREAS, this action was commenced on November 1, 2010 by the filing of the Summons and Complaint, copies of the Summons and Complaint having been duly served on the defendants;

WHEREAS, in the Complaint, Plaintiffs Knorr-Naehrmittel Aktiengesellchaft and Unilever N.V. (collectively, "Plaintiffs") seek injunctive relief and monetary damages against defendants Knorr Solution, Inc. ('Knorr Solution"), Siu C. Chan a/k/a Alfred Chan ("Chan"), Siu Wai Fung a/k/a Calvin Fung ("Fung") and Ping Hong Li a/k/a Sukie Li ("Li") for various claims of federal trademark counterfeiting, federal trademark infringement, trademark dilution and unfair competition under Sections 32(1), 43(c) and 43(a) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1114(1), 1125(c) and 1125(a), and for substantial and related claims of unfair competition and dilution under the state and common laws of the State of California;

WHEREAS, on December 2, 2010, defendants Knorr Solution and Chan filed Knorr Solution, Inc. and Siu C. Chan a/k/a Alfred Chan's Answer to Complaint denying liability for the claims asserted in the Complaint;

WHEREAS, as of February 8, 2011, defendants Fung and Li failed to answer the Complaint or otherwise appear in this action, and default was entered against Fung and Li; and

WHEREAS, after default was entered against defendant Fung, defendant Fung filed a Motion to Set Aside Entry of Default and the Answer of Siu Wai Fung a/k/a Calvin Fung To Complaint and the entry of default against Fung was set aside.

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

A.     Defendants Knorr Solution, Chan and Fung, and Knorr Solution's respective officers, directors, employees, agents, subsidiaries, assigns, distributors, dealers, successors, affiliates, any other entity controlled directly or indirectly by any of Defendants, and all persons in active concert or participation with any of them

(collectively "Defendants") are hereby permanently restrained and enjoined from, directly or indirectly:

1. using or authorizing any third party to use as a trademark, service mark, domain name, business name, trade name or symbol of origin: KNORR, UNILEVER FOODSOLUTIONS, KNORR FOOD SOLUTION, KNORR SOLUTION, INC., any name or mark incorporating KNORR or FOODSOLUTIONS, or any other counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiffs' KNORR® Mark or UNILEVER FOODSOLUTIONS® Mark in any manner or form, and/or any name, mark, logo and/or trade dress owned and/or used by the Plaintiffs or any of their affiliates, and/or any other counterfeit, copy, simulation, and/or confusingly similar variation thereof, on or in connection with any business, products and/or services, and/or in the marketing, advertising and/or promotion of same;

2. imitating, copying and/or making any unauthorized use of Plaintiffs' KNORR® Mark and/or UNILEVER FOODSOLUTIONS® Mark, any name, mark, logo and/or trade dress owned and/or used by Plaintiffs and/or any of their affiliates and/or any other counterfeit, copy, simulation, confusingly similar variation and/or imitation thereof;

3. making and/or displaying any statement and/or representation that is likely to lead the public and/or the trade to believe that Defendants and/or their products are in any manner associated and/or affiliated with and/or approved, endorsed, licensed, sponsored, authorized and/or franchised by and/or are otherwise connected with Plaintiffs, any entities affiliated with, related to, or successor of any of Plaintiffs, or the products of any of these entities;

4. using and/or authorizing any third party to use in connection with the rendering, offering, advertising, and/or promotion of any goods and/or

services, any false description, false representation, and/or false designation of origin, and/or any marks, names, words, symbols, devices, and/or trade dress which falsely associate such goods and/or services with Plaintiffs and/or Plaintiffs' KNORR Mark® and/or UNILEVER FOODSOLUTIONS® Mark and/or tend to do so;

5. diluting the distinctive quality of Plaintiffs' KNORR® Mark and/or Plaintiff's UNILEVER FOODSOLUTIONS® Mark;

6. registering, applying to register, or maintaining as, or as part of, a trademark, service mark, business name, domain name, trade name or other source identifier or symbol of origin, KNORR, UNILEVER FOODSOLUTIONS, KNORR FOOD SOLUTION, KNORR SOLUTION, INC., any name, mark, logo or trade dress owned and/or used by the Plaintiffs and/or any of their affiliates, and/or any counterfeit, copy, simulation, confusingly similar variation and/or imitation thereof, whether alone or in combination with any other words and/or designs, and/or any other mark, trade dress and/or name that infringes on and/or is likely to be confused with Plaintiffs' KNORR® Mark and/or UNILEVER FOODSOLUTIONS® Mark and/or any other name, mark, logo and/or trade dress owned and/or used by the Plaintiffs and/or any of their affiliates;

7. engaging in any other activity constituting unfair competition with Plaintiffs, and/or constituting an infringement of Plaintiffs' KNORR® Mark, Plaintiffs' UNILEVER FOODSOLUTIONS® Mark, and/or any name, mark, logo and/or trade dress owned and/or used by the Plaintiffs and/or any of their affiliates; and

8. aiding, assisting and/or abetting any other person or entity in doing any act prohibited by sub-paragraphs (1) through (7).

B. Defendants are further ordered to:

1. formally abandon with prejudice any registrations for, or applications to register, any trademark, service mark, or trade dress or domain name consisting of, containing, or confusingly similar to Plaintiffs' KNORR® Mark and/or Plaintiffs' UNILEVER FOODSOLUTIONS® Mark, either alone or in combination with other words and/or designs, and/or any name, mark, logo or trade dress owned or used by the Plaintiffs or any of their affiliates, and to voluntarily cancel with prejudice any registration that may issue from any such applications;

2. identify all distributors, retail establishments and/or wholesale establishments to whom Defendants distributed and/or sold any counterfeit food products bearing the name KNORR or any KNORR® brand food products not authorized for sale in the United States (collectively, the "Infringing Products); and

3. deliver for destruction the Infringing Products and any other products, labels, packaging, advertisements, promotional materials, or any other materials in their possession, or under their control, incorporating the Infringing Mark, the Infringing Trade Names, or bearing simulations, variations or colorable imitations of Plaintiffs' KNORR® Mark and/or UNILEVER FOODSOLUTIONS® Mark, used alone or in combination with other words and/or designs, and/or any other name, mark, logo or trade dress owned or used by the Plaintiffs or any of their affiliates.

**IT IS FURTHER ORDERED** that in the event that any of Defendants fail to comply with any provision or term of the Settlement Agreement, Defendants shall pay, jointly and severally, an amount equal to $100,000 per violation to Unilever. Defendants hereby acknowledge that the $100,000 per violation damages is not a penalty but instead is a reasonable forecast of and to compensate Unilever for probable damages. Defendants also hereby acknowledge that the $100,000 per

1 | violation does not limit Unilever from seeking its actual damages to the extent
2 | Unilever reasonably believes its actual damages exceed $100,000.
3 |
4 | Dated: _____ _____
5 | Honorable Gary A. Feess
   | UNITED STATES DISTRICT COURT JUDGE

7

Respectfully submitted,

Dated: January 3, 2013

**DUANE MORRIS LLP**

By:   <u>s/   Cyndie M. Chang</u>
       Cyndie M. Chang

Attorneys for Plaintiffs

Knorr-Naehrmittel Aktiengesellchaft, Unilever N.V. and Unilever Hong Kong Limited

Dated: January 3, 2013

**LAW OFFICES OF CINDY N. TRAN, APC**

By:   <u>s/   Cindy N. Tran</u>
       Cindy N. Tran
       Lisa Stilson

Attorneys for Defendant and Third-Party Plaintiff

Knorr Solution, Inc., and Defendants Siu C. Chan, a/k/a Alfred Chan, and Siu Wai Fung a/k/a Calvin Fung