LINK: 126

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-08155 GAF (RZx) | Date | January 9, 2013 |
|---|---|---|---|
| Title | Knorr-Naehrmittel Aktiengesellchaft et al v. Knorr Solutions, Inc. et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**        (In Chambers)

### ORDER DENYING AS MOOT EX PARTE APPLICATION FOR ENTRY OF JUDGMENT IN FAVOR OF (DISMISSED) THIRD PARTY DEFENDANTS TRIO FOODS LIMITED, CHRIS HO AND GEORGE CHU

In this action, Defendant Knorr Solutions, Inc. ("KSI") is charged with violating several federal and California trademark statutes and engaging in unfair competition by using Plaintiffs' marks to sell counterfeit food products.  (Docket No. 1 [Compl.].)  In August of 2011, KSI moved for leave to file a third party complaint against Trio Foods Limited, Chris Shiu Leung Ho, and George Chu (the "Trio Parties"), and against Unilever Hong Kong Limited and Unilever Food Services.  (Docket Nos. 59–64).  The Court granted the motion and KSI proceeded to file its third party complaint on October 12, 2011.  (Docket No. 66 [Third Party Compl.].)

However, KSI failed to effect proper service on the Trio Parties in the nine months following the filing of the third party complaint.  (Docket No. 121 [8/30/12 Order] at 8.)  This, coupled with KSI's failure to oppose the Trio Parties' motion to dismiss, led the Court to dismiss the third party complaint with respect to the Trio Parties.  (Docket No. 110 [7/3/12 Order].)  The Trio Parties then moved for sanctions against KSI, citing KSI's failure to notify this Court of nearly-identical actions KSI had filed against the Trio Parties in state court, in addition to KSI's failures to effect proper service and oppose the motion to dismiss.  (Docket No. 114 [Mot. for Sanctions] at 4–5.)  On August 30, 2012, the Court granted the Trio Parties' motion for attorneys' fees and costs as sanctions, and ordered KSI "to pay $30,684.18 to the Trio Parties, with the amount due divided equally between KSI and its counsel."  (8/30/12 Order at 11.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-08155 GAF (RZx) | Date | January 9, 2013 |
|---|---|---|---|
| Title | Knorr-Naehrmittel Aktiengesellchaft et al v. Knorr Solutions, Inc. et al | | |

Although "KSI's counsel ultimately paid their share" of the sanctions award, the Trio Parties have produced an email[1] from Cindy N. Tran, one of KSI's attorneys, in which she states that "our client [KSI] is not going to pay." (Docket No. 126 [Ex Parte Application ("App.")], Ex. A.) The Trio Parties therefore filed an ex parte application for entry of judgment in order to permit the collection of their sanctions award prior to the resolution of this case in its entirety. (App.)

It appears part of the impetus for the ex parte application may have been Magistrate Judge Zarefsky's denial of the Trio Parties' request for a Judgment Debtor examination on November 29, 2012. (Docket No. 125.) Judge Zarefsky explained that "[a] Judgment Debtor examination is premature, as no judgment has been entered." (Id.) And indeed, at the time of Judge Zarefsky's denial and the filing of the Trio Parties' ex parte application, no final judgment had been entered in the case. However, on January 3, 2013, the remaining parties to the litigation filed a proposed consent judgment with the Court and judgment was thereafter entered on January 4, 2013.[2] (Docket No. 130 [Consent Judgment].) The Trio Parties' ex parte application for entry of judgment is therefore **DENIED as moot**.

Accordingly, the ex parte application is **DENIED as moot**.

**IT IS SO ORDERED.**

---

[1] Ms. Tran's email is addressed to "Lisa." (App., Ex. A at 2.) Lisa A. Stilson is listed on the Court's docket as one of the attorneys from Ms. Tran's law office involved in the representation of KSI. It therefore appears that this email may have been sent unintentionally to opposing counsel, Elizabeth Ellis.

[2] It appears that the Trio Parties, in addition to their application to Judge Zarefsky, also made an application for Judgment Debtor Exam to this Court. (Docket No. 124. [App. for Judgment Debtor Exam].) Notwithstanding the lack of a final judgment in the case at that time, the application was granted and Alfred Chan, an officer of Judgment Debtor KSI, was ordered to appear on January 15, 2013, at 1p.m. (Id.) The initial granting of this application was in error, but in light of the entry of final judgment in this case, the Court will not vacate the order. Mr. Chan is still required to appear for the Judgment Debtor Exam on January 15, 2013, at 1p.m.