Elizabeth G. Ellis, (SBN 218956)
LAW OFFICES OF ELIZABETH G. ELLIS
6456 Surfside Drive
Malibu, CA 90265
Tel.: (310) 456-8413
Fax: (888) 795-3398
E-Mail: LizEllis@ellis-lawoffices.com

Attorneys for Third Party Defendants
TRIO FOODS LIMITED, CHRIS HO
and GEORGE CHU

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KNORR-NAEHRMITTEL AKTIENGESELLCHAFT and UNILEVER N.V. <br><br> Plaintiffs, <br><br> v. <br><br> KNORR SOLUTION, INC., et al, <br><br> Defendants. <br> ─────────────────────── <br> KNORR SOLUTION, INC., a California corporation, <br><br> Third Party Plaintiff, <br><br> v. <br><br> UNILEVER FOOD SOLUTIONS, a Chinese entity, UNILEVER HONG KONG LIMITED, a Chinese entity, TRIO FOODS LIMITED, a Chinese limited company, CHRIS SHIU LEUNG HO, an individual, GEORGE CHU, an individual, and ROES 1-10, inclusive, <br><br> Third Party Defendants. <br> ─────────────────────── | **Case No:** CV 10-8155 GAF (RZx) <br> *Hon. Ralph Zarefsky (USMJ)* <br><br> **NOTICE OF OBJECTIONS AND DECLARATION OF ELIZABETH G. ELLIS IN SUPPORT OF THIRD PARTY DEFENDANT TRIO FOOD LIMITED'S OBJECTIONS TO COUNSEL'S NOTICE OF UNAVAILABILITY ON COURT ORDERED DATE** <br><br><br> **Date:**      **April 22, 2013** <br> **Time:**      **10:00 a.m.** <br> **Courtroom:**   **540** <br><br> Case:   CLOSED |

TO THIS HONORABLE COURT AND COUNSEL:

Trio Foods Limited, George Chu, and Chris Ho (collectively the "Trio parties") hereby object to the Notice of Unavailability filed by Deponent (Alfred Chan aka Siu Chung Chan) as an Officer of Knorr Solution, Inc. Regarding the Court Ordered Debtor's Examination scheduled on April 22, 2013, pursuant to the annexed Declaration of Elizabeth G. Ellis and, as follows:

### Declaration of Cindy N. Tran

| | |
|---|---|
| "My office has been retained by Mr. Alfred Chan to represent him during the Judgement Debtor's Exam schedule (sic) on April 22, 2013. . . "  (Doc 137-1 at par. 2.) | Statement contradicts court record. *(See,* Docket.) Ms. Tran and her firm are counsel of record for Alfred Chan.  A special retention, is false. |
| "Attached as Exhibit A is a true and correct copy of medical records that I received from a personal friend of Alfred Chan."  (Doc 137-1 at par. 2.) | Hearsay.  FRE 802.  The document is unauthenticated, the "friend" is not identified, nor is the "what, when, where, or who". |
| "I have been informed by Mr. Chan's Friend that he is seeking medical attention in Shenzhen and may require a kidney transplant"_____ | Hearsay.  FRE 802.  The document attached contradicts Ms. Tran's statement.  It is an Outpatient record. No record of inpatient admission or surgery.  Unauthenticated hearsay. |

1
2

Exhibit A- to the Tran Declaration

3
4
5
6
7
8
9

| | |
|---|---|
| Exhibit A- to the Tran Declaration contains an unauthenticated Chinese record.  (Doc 137-2) | Hearsay.  FRE 802. The "translation" is not certified, the author is unidentified, the record is not within a public record exception, not a reliable source. |

10
11
12
13

| | |
|---|---|
| "Chen Zhen" listed as the patient (Doc 137-2) | Not deponent's known name. "Shenzhen" is stated to be the hospital (Doc 137-1 at par. 4.) |

14
15
16

The proferred Declaration of Tran and Exhibit thereto are inadmissible hearsay and/or contradict each other, and are entirely unreliable.

17
18
19
20
21
22

More critically, on information and belief, Ms. Tran is affiliated with Mr. Chan's entities known as Ascension Investment Inc., and Legal Ascent Law Group, Inc. and thus, may have an undisclosed financial interest and/or information which is the proper subject of Ms. Tran's third party Debtor Examination in her client's absence and in any event.  Evidence will be produced in Court at the Examination on Monday, April 22, 2013.

23
24
25

Accordingly, the Trio Parties respectfully request that the Notice be disregarded and that Ms. Tran be ordered to testify in order to aide in enforcement of the Sanctions Order and as the Court otherwise determines as just and proper:

26

- Notice of Unavailability;

27
28

- Financial arrangements between Tran law, Cindy Tran and deponent and his

various entities, to include records regarding Ascension Investment Inc., and Legal
Ascent Law Group, Inc.

     - Business associations and relationships between counsel and deponent; and

     - all other communications pertinent to the relief sought.

DATED: April 19 , 2013          LAW OFFICES OF ELIZABETH G. ELLIS

By: /s/   *Elizabeth G. Ellis*
       Elizabeth G. Ellis
       Attorneys for Third-Party Defendants,
       TRIO FOODS LIMITED, CHRIS SHIU
       LEUNG and GEORGE CHU

# DECLARATION OF ELIZABETH G. ELLIS

I, Elizabeth G. Ellis, declare:

1.     I am counsel of record for third party defendants Trio Foods Limited, Chris Shiu Leung Ho and George Chu (the "Trio Parties").   I have personal knowledge of the matters stated herein, and if called as a witness, could and would testify competently thereto.

2.     This declaration is offered in support of the Trio parties Objection to the late received Notice of Unavailability filed by counsel today, April 19, 2013 regarding the Court Ordered Debtor's Examination Scheduled on April 22, 2013 at 10 a.m. in Courtroom 540 of this Court (*See,* "Notice" at Doc. 137 et seq), and

3.     The Notice is comprised entirely of inadmissible hearsay.  The histrionics of Debtor and his counsel are legendary and resulted in the imposition of $30,684.18 in Monetary Sanctions being imposed by this Court (*See,* Doc. 121, Sanctions Order).

4.     My letter to counsel responsive to the Notice is annexed hereto is Exhibit "A" ("Response").   The Response is incorporated by express reference as if fully set forth in my Declaration.   The pertinent parts are as follows:

"I.     Excuse Declaration and Exhibits are Inadmissible Hearsay

The Declaration of Cindy Tran ("Tran Dec") and Exhibits thereto are inadmissible hearsay. (*Federal Rules of Evidence, Rule 802).*   You are counsel of record for deponents Mr. Chan and Knorr Solution, Inc. in the above referenced case, which includes all enforcement procedures. (*See,* Docket).  As such, your assertion that you were "retained by Mr Alfred Chan to represent him during the Judgment Debtor's Exam", to imply a vacuum of innocence or special retention, is false. (*See*, Doc No.137-1, Tran Dec at ¶ 2.)

The Exhibit to the Tran Dec is an Outpatient record and (if authenticated

and admissible) would evince that the patient is NOT admitted to the hospital.  As such, your assertion that your client is hospitalized, is false.

Your communication with a "friend" is not a reliable source in addition to hearsay.  You fail to disclose the identity of the source "who, when, where, why" you communicated with this unidentified  person.

The Exhibit is unauthenticated and does not name the deponent, Alfred Chan aka Siu Chung Chan.  Is he also "Chen Zhen"?

The records do <u>not</u> mention a kidney transplant.  They do not mention an inpatient admission.  It is an outpatient monitoring record for an outpatient visit which occurs just 3 days before discovery commences.  As such, this does not excuse Mr. Chan or you from appearing on Monday.  Indeed, it evinces that he left the country well in advance of discovery, in order to avoid it.  Yesterday, a patient went for a routine insulin visit - in China.

FACTS:[1]  - A man named Chen Zhen;

- was seen on an Outpatient basis and released;

- No one is hospitalized;

- This occurred <u>in China, 3 days before</u> the Court Ordered Debtor's Examination;

- Numerous discovery is due in 3 days (see, Discovery Schedule at Pt II, *infra*);

- There could not have been a sudden trip to China;

- The Outpatient record is a "Monitoring Record"

- There are no admission records for inpatient hospitalization;

- There is no mention of a kidney transplant.

---

[1]  Subject to authentication and admissibility.  *Assuming arguendo*, this could be accomplished, please see "FACTS" submitted by the Deponent and his counsel.

II.     Examinations and Discovery commence April 22, 2013

     The following is next week's schedule.  You and your client have been on notice of same  for almost thirty (30) days.

**Discovery Schedule**

**April 22, 2013** at **10am** - Debtor's Examination (Court Order) Hon. Ralph Zarefsky

**April 22, 2013**[2] by **5pm** -Requests for Admission, Set 2 to Chan- Responses Due
    -Requests for Admission, Set 2 to KSI -  Responses Due
    - Requests for Admission, Set 2 to KFS  Resp Due
    - Form Interrogatories, Set 3  -  Responses Due
    - Form Interrogatories, Set 3 to KSI  -  Responses Due
    - Form Interrogatories, Set 3 to Chan - Responses Due
    - Form Interrogatories, Set 3 to KSI - Responses Due
    - Form Interrogatories, Set 3 to KFS -  Responses Due
    - Special Interrogatories, Set 3 to Chan -  Responses Due
    - Special Interrogatories, Set 3 to KSI -  Responses Due
    - Special Interrogatories, Set 3 to KFS -  Responses Due
    - Requests for Production of Documents Set 3, Chan -  Due
    - Request for Production of Documents, Set 3, KSI -  Due
    - Request for Production of Documents, Set 3, KFS - Due

**April 24, 2013** at **10am** - Deposition of Alfred Chan aka Siu Chung Chan.
**April 25, 2013** at **10am** - Deposition of person most knowledgeable ("PMK") KSI
**April 25, 2013** at **1pm**  -  Deposition of PMK for Knorr

---

[2] On March 18, 2013, this office mail served discovery <u>and courtesy e-mailed</u> you a copy of all of the discovery listed, for which responses are due on April 22, 2013 in the State case entitled, *Trio Foods Limited v Alfred Chan, KSI and KFS*, BC454445 LASC.  Trial is set August 26, 2013.

In light of the above Discovery Schedule, it is incredible that you failed to contact your client prior to today, April 19, 2013."

III.     Tran Business Associations and Interests with Chan

You are listed as having several business associations with Mr. Chan which may assist in revealing assets pertinent to the Debtor's Examination.  Evidence will be presented in Court on Monday."

5.     Deponents and their counsel appear financially interested in each other. They have continuously delayed payment of the Sanctions and discovery regarding same.  They do so, whilst simultaneously avoiding any meaningful discovery in the State Court case between the Trio parties and deponent.  The entire judicial process has been subverted, to their own interests.

6.     It is respectfully requested that their untimely and unsubstantiated Notice be disregarded, the Examination move forward as court Ordered and that, counsel be ordered to take the stand subject to examination on the following issues to aide in enforcement of the Sanctions Order, and as the Court otherwise determines as just and proper:  - Notice of Unavailability and facts regarding same;

- Financial arrangements between Tran law, Cindy Tran and deponent and his various entities;

- Business associations and relationships between counsel and deponent.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Malibu, California, this 19th day of April, 2013.

/s/  *Elizabeth G. Ellis*
ELIZABETH G. ELLIS

**NOTICE OF OBJECTIONS TO NOTICE OF UNAVAILABILITY;**
**DECLARATION OF ELIZABETH G. ELLIS**