**LAW OFFICES OF ELIZABETH G. ELLIS**
ATTORNEYS-AT-LAW

| | |
|---|---|
| 6456 SURFSIDE ROAD | TELEPHONE: (310) 456-8413 |
| MALIBU, CALIFORNIA  90265 | FACSIMILE: (888) 795-3398 |

Elizabeth G. Ellis, Esq.
  •Admitted in  NY, CA,  CO & CT

*via Facsimile and U.S. mail*
Cindy N Tran
Law Offices of Cindy N. Tran, APC
225 S. Lake Ave., Suite 300
Pasadena, CA 91101
*Facsimile: (626) 638-0536*

   Re: Knorr-Naehrmittel Aktiengesellchaft et al v. Knorr Solution, Inc., et al
      CV 10-8155 GAF (RZx)

Dear Ms. Tran:

  Unfortunately, both you and your client's game playing to include cavalier defiance of court orders and procedure,  are legendary (*See,* Doc. 121, Sanctions Order.)  There is simply no credibility to your claims (*See*, point "I", *supra*.) and the timing of your notice of unavailability draws the veracity of your claims into question. (*See,* Point II, *supra*.).

  As such, absent on Order which relieves you and your client of the obligation to appear, You must appear on Monday or be held in contempt of Court.   Order,(*See,* Doc. 135, Debtor Exam Order issued March 25, 2013).  If your client does not appear, please be prepared to take the stand to testify.[1]

  I. <u>Excuse Declaration and Exhibits are Inadmissible Hearsay</u>

  The Declaration of Cindy Tran ("Tran Dec") and Exhibits thereto are inadmissible hearsay. (*Federal Rules of Evidence, Rule 802)*.   You are counsel of record for deponents Mr. Chan and Knorr Solution, Inc. in the above referenced case, which includes all enforcement procedures. (*See,* Docket).  As such, your assertion that you were "retained by Mr Alfred Chan to represent him during the Judgment Debtor's Exam", to imply a vacuum of innocence or special retention, is false. (*See*, Doc No.137-1, Tran Dec at ¶ 2.)

---

 [1]  You will be examined by me (if not by the Court), regarding Mr. Chan's absence and the information contained in your Declaration.   Additionally, if permitted by Hon. Ralph Zarefsky, you will testify regarding all methods by which Mr. Chan has paid you for legal services (in Mr. Chan's individual capacity and from any and all entities on his behalf) as well as all unprivileged areas which may elicit information pertinent to the scheduled Debtor's Examination.   If the latter areas are not permitted on Monday, this will be the subject of an Examination of Third Party, Debtor's Examination, for which we will seek a court Order.

The Exhibit to the Tran Dec is an <u>Outpatient record</u> and (if authenticated and admissible) would evince that the patient is NOT admitted to the hospital. As such, your assertion that your client is hospitalized, is false.

Your communication with a "friend" is not a reliable source in addition to hearsay. You fail to disclose the identity of the source "who, when, where, why" you communicated with this unidentified person.

The Exhibit is unauthenticated and does not name the deponent, Alfred Chan aka Siu Chung Chan. Is he also "Chen Zhen"?

The records do <u>not</u> mention a kidney transplant. They do not mention an inpatient admission. It is an outpatient monitoring record for an outpatient visit which occurs just 3 days before discovery commences. As such, this does not excuse Mr. Chan or you from appearing on Monday. Indeed, it evinces that he left the country well in advance of discovery, in order to avoid it. Yesterday, a patient went for a routine insulin visit - in China.

FACTS:[2]      - A man named Chen Zhen;

- was on an Outpatient basis and released;

- No one is hospitalized;

- This occurred <u>in China, 3 days before</u> the Court Ordered Debtor's Examination;

- Discovery is due in 3 days (see, Discovery Schedule at Pt II, *infra*);

- There could not have been a sudden trip to China;

- The Outpatient record is a "Monitoring Record"

- There are no admission records for inpatient hospitalization;

- There is no mention of a kidney transplant.

//
//
//
//
//
//
//

---

[2] Subject to authentication and admissibility. *Assuming arguendo*, this could be accomplished, please see "FACTS" submitted by the Deponent and his counsel.

    II.    <u>Examinations and Discovery commence April 22, 2013</u>

The following is next week's schedule.  You and your client have been on notice of same for almost thirty (30) days.

**Discovery Schedule**

**April 22, 2013** at **10am** - Debtor's Examination (Court Order) Hon. Ralph Zarefsky

**April 22, 2013**[3] by **5pm** -Requests for Admission, Set Two to Chan- Responses Due
- Requests for Admission, Set Two to KSI -  Responses Due
- Requests for Admission, Set Two to KFS -  Responses Due - Due
- Form Interrogatories, Set 3  -  Responses Due
- Form Interrogatories, Set 3 to KSI  -  Responses Due
- Form Interrogatories, Set 3 to Chan - Responses Due
- Form Interrogatories, Set 3 to KSI - Responses Due
- Form Interrogatories, Set 3 to KFS -  Responses Due
- Special Interrogatories, Set 3 to Chan -  Responses Due
- Special Interrogatories, Set 3 to KSI -  Responses Due
- Special Interrogatories, Set 3 to KFS -  Responses Due
- Requests for Production of Documents Set 3 to Chan -  Responses Due
- Request for Production of Documents, Set 3 to KSI -  Responses Due
- Request for Production of Documents, Set 3 to KFS -  Responses Due

    **April 24, 2013** at **10am** -  Deposition of Alfred Chan aka Siu Chung Chan.
    **April 25, 2013** at **10am** - Deposition of person most knowledgeable ("PMK") KSI
    **April 25, 2013** at **1pm**  - Deposition of PMK for Knorr

In light of the above Discovery Schedule, it is incredible that you failed to contact your client prior to today, April 19, 2013.

    III.    <u>Tran Business Associations and Interests with Chan</u>

You are listed as having several business associations with Mr. Chan which may assist in revealing assets pertinent to the Debtor's Examination.   Evidence will be presented in Court on Monday.

//
//
//

---

[3] On March 18, 2013, this office mail served discovery <u>and courtesy e-mailed</u> you a copy of all of the discovery listed, for which responses are due on April 22, 2013 in the State case entitled, *Trio Foods Limited v Alfred Chan, KSI and KFS*, BC454445 LASC.  Trial is set August 26, 2013.

IV.     Conclusion

The Examination is set in Federal courtroom 540, before Hon. Ralph Zarefsky on Monday, April 22, 2013.   Please bring the original writings in Chinese to Court.   Absent an Order to relieve you of your obligations and in any event, please be prepared to take the stand.

Very truly yours,

*s/Elizabeth G. Ellis*
Elizabeth G. Ellis

cc: Client