Elizabeth G. Ellis, (SBN 218956)
LAW OFFICES OF ELIZABETH G. ELLIS
6456 Surfside Drive
Malibu, CA 90265
Tel.: (310) 456-8413
Fax: (888) 795-3398
E-Mail:  LizEllis@ellis-lawoffices.com

Attorneys for Third Party Defendants
TRIO FOODS LIMITED, CHRIS HO
and GEORGE CHU

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KNORR-NAEHRMITTEL AKTIENGESELLCHAFT and UNILEVER N.V.<br><br>               Plaintiffs,<br><br>    v.<br><br>KNORR SOLUTION, INC., et al,<br><br>              Defendants.<br>_____<br><br>KNORR SOLUTION, INC., a California corporation,<br><br>         Third Party Plaintiff,<br><br>    v.<br><br>UNILEVER FOOD SOLUTIONS, a Chinese entity, UNILEVER HONG KONG LIMITED, a Chinese entity, TRIO FOODS LIMITED, a Chinese limited company, CHRIS SHIU LEUNG HO, an individual, GEORGE CHU, an individual, and ROES 1-10, inclusive,<br><br>        Third Party Defendants.<br>_____ | **Case No:**  CV 10-8155 GAF (RZx)<br>*Hon. Gary A. Feess (USDJ)*<br><br>**DECLARATION OF ELIZABETH G. ELLIS IN FURTHER SUPPORT OF ENFORCEMENT OF DEBTOR'S EXAMINATION ORDER**<br><br><br><br><br><br><br><br><br><br>**Date:**          **April 22, 2013**<br>**Time:**          **10:00 a.m.**<br>**Courtroom:**   **540** |

<u>DECLARATION OF ELIZABETH G. ELLIS</u>

I, Elizabeth G. Ellis, declare:

1.      I am counsel of record for *inter alia*, third party defendant Trio Foods Limited  ("Judgment Creditor") in this action.   Third party defendants Alfred Chan and Knorr Solution, Inc. are represented by their counsel of record Cindy N. Tran[1]. The same parties are also represented by Cindy N. Tran in the case being litigated against them by the Judgment Creditor (for fraud and related damages in State court entitled *Trio Foods Limited v. Alfred Chan et al*, LASC BC454445 "State case").[2]   I have personal knowledge of the matters stated herein, and if called as a witness, would testify competently thereto.

2.      This declaration is offered in further support of the Judgment Creditor's Application to enforce the Debtor's Examination Order issued against Defendant Alfred Chan aka Siu Chung Chan as an officer of Debtor Knorr Solution, Inc. (*See* , Exhibit "A", "Exam Order"; *also at* Docket No. 137)[3].   The Exam Order was issued to enforce this Court's Monetary Sanctions Order. (Docket No. 135).   I have personal knowledge of the matters stated herein, and if called as a witness, could and would testify competently thereto.

3.      My firm researched business and court records for the deponent Alfred Chan, who was Ordered to appear as an Officer of Judgment Debtor, Knorr Solution, Inc. ("KSI"), for his examination in this Court on April 22, 2013 at 10:00 a.m.

//

//

---

[1] Ms. Tran worked for a firm representing these defendants since inception.  In early 2011, Ms. Tran opened her own firm and took over the case for Alfred Chan and his entities.

[2] See, FN1.

[3] All Exhibits hereto are true and correct copies of the documents described herein.

**DECLARATION OF ELIZABETH G. ELLIS**
**IN SUPPORT OF DEBTOR EXAMINATION ORDER ENFORCEMENT**

The findings are as follows:

4.     On May 12, 2009, Alfred Chan incorporated KSI to *inter alia*, conduct business with the Judgment Creditor, the subject of both the State case and this Federal suit. (Exhibit "B", KSI Secretary of State  Records".)

5.     On October 28, 2100, this Federal action was filed against Alfred Chan and KSI.

6.     On November 9, 2010, Alfred Chan incorporated Knorr Food Strategic, Inc. ("KFS") in the same line of business as KSI. (Exhibit "C", KFS Secretary of State Records).

7.     On April 15, 2011, Alfred Chan and KSI filed their Answer to the fraud and related causes of action filed against them in the State case.

8.     On April 22, 2011, Alfred Chan dissolved KSI.  See, annexed (public record) filed with the California Secretary of State. (Exhibit "B", *supra.*)

9.     On April 22, 2011, Alfred Chan personally assumed the debts and liabilities of KSI. (*Id.*)   On April 22, 2011, both this Federal case and the State case were pending against Alfred Chan and KSI, and they had appeared in both matters, matters of public record.

10.     On June 1, 2011, Alfred Chan incorporated Hoi Hing Hong Group, Inc. in the same line of business as KSI (which Alfred Chan dissolved), as evinced in the Secretary of State official records. (Exhibit "D", "Hong Group" Secretary of State and other Records).

11.     On April 29, 2011, Alfred Chan incorporated Ascension Investment Inc. ("Investment Inc"). (Exhibit "E", Secretary of State and LEXIS Reports Investment Inc.)

12.     On December 2, 2011,  Alfred Chan incorporated Legal Ascent Law Group, Inc. ("Law Group"), a law corporation. (Exhibit "F", Secretary of State and

**DECLARATION OF ELIZABETH G. ELLIS
IN SUPPORT OF DEBTOR EXAMINATION ORDER ENFORCEMENT**

LEXIS Reports on Law Group).

13.    Alfred Chan is President and Principal of Law Group. (*Id*.)   Neither Alfred Chan nor his alias Siu Chung Chan are licensed to practice law in the State of California, according to my search of State Bar of California official records (public record at www.calbar.ca.gov/).  Law Group practices law in the State of California. (Exhibit "G", Law Group's Web Page).

14.    Cindy N. Tran, Alfred Chan's lawyer  is listed as agent for service of process for Law Group and Investments Inc. as is Alfred Chan. (Exhibits "E"and "F").  The other officers of Law Group are unknown.

15.    Law Group and Investment Inc are both listed at "9094 Las Tunas Drive, Temple City, CA 91780", the address of Alfred Chan which was also the registered address of KSI. (*Id*.).

16.    Alfred Chan amended the registered addresses of Law Group and Investment Inc to "2655 Loma Ave. #B South El Monte, CA 91733", the same address as Hong Group, Inc. according to the above Secretary of State records. ("Service Address") (*Id*. and Exhibit "D").  Cindy N. Tran is the agent for service of process.(*Id*.)

17.    On January 10, 2013, this firm attempted service on Alfred Chan as the registered agent for service of process for KSI and Hong Group at the Service Address   Threat, the office manager for Mr. Chan, confirmed that he worked at the Service address, but that "Mr. Chan in China". (Exhibit "H", Attempted Service Declaration of Albert Palomera.).

18.    On April 15, 2013, Hong Group was named as a defendant in the State case. (Exhibit "I"- Conformed Hong Group Amendment to Complaint).

19.    On April 16 and 17, 2013, this firm attempted service on Alfred Chan as the registered agent for service of process for KSI and Hong Group at the same

**DECLARATION OF ELIZABETH G. ELLIS
IN SUPPORT OF DEBTOR EXAMINATION ORDER ENFORCEMENT**

Service address, listed by the Secretary of State.(Exhibits "B"and "D").   However, the business had suddenly been abandoned since January's attempted service (when Alfred Chan was reported to be in China), the gate was locked and a posting was visible from the gate but could not be accessed or read. (Exhibit "J" - Declaration of Cecilia Yanez re Hong Group/Chan - Gone).

20.     Mr. Chan and his counsel, Cindy N. Tran are the registered agents for Law Group and Investments Inc at the Service address, which swiftly abandoned itself on the heels of court process against it and Mr. Chan. (*Id*.).   The Secretary of State records have not been amended.

21.     Cindy N. Tran represents Alfred Chan and KSI in the Federal and State cases, as court records evince, opening her own firm to take on the representation just prior to the above corporation maneuverings.

22.     On April 19, 2013, Cindy N. Tran informed this Court that Alfred Chan is suddenly ill in China and unavailable for his long standing court Ordered Debtor Examination 3 days later, on April 22, 201. (Docket No. 137 *et seq*).

23.     Cindy N. Tran and her client, Alfred Chan agreed on the date and signed an Acknowledgment of Service as a compromise in light of their avoidance of their January 15, 2013 Debtor Examination. (Docket No. 136).

24.     On April 19, 2013 Cindy N. Tran informed me, that Mr. Chan is unavailable to respond to the panoply of discovery due in the State case served approximately thirty days ago (responses to 9 pieces of written discovery due April 22, 201, properly noticed and confirmed depositions to commence April 24-25, 2013).

25.     Based on *inter alia*, the foregoing, Ms. Tran appears toaide Mr. Chan in violating this Court's Order, thereby avoiding his legal obligations and her legal obligations as an officer of this Court, to include evasion of producing the financial

records of Alfred Chan and his various entities in this Federal case and the State case which will, on belief evince the fraud claimed by Judgment Creditor in the State Case and assist in enforcing the Sanctions Order against them.

26.     In light of her connections to Mr. Chan and his various entities to include the Law Group, and her apparent involvement in the circumspect timing of the opening and closing and opening and closing of Mr. Chan's various entities on the heels of Mr. Chan being called to the mat on his obligations, on belief, Ms. Tran has unprivileged information which may aide in enforcement of the Debtor's Examination Order, to include her knowledge of her client's whereabouts during the last thirty (30) days preceding this Examination date.

27.     Ms. Tran may also provide the incorporation particulars *e.g.,* officers, directors and banking institutions utilized by Law Group, Investment Inc., the Hong Group and the circumstances surrounding the dissolution of KSI, among other things which were appear orchestrated in order to avoid creditors and judgments in pending litigation, to Creditor's detriment.  Such evasive activities include utter avoidance of this Court's Sanctions Order and the Debtor Examination Order.

28.     As payee (for legal fees and services), Ms. Tran should have particular bank account numbers and/or other information relevant to the Debtor's Examination since on belief, she has not worked for free for KSI whom she alleged in court papers "has not paid her for over a year".  That may be a partial truth.  On belief, the records will demonstrate that Alfred Chan and/or another entity paid KSI's bill to Ms. Tran.  That Ms. Tran has not withdrawn from representing Alfred Chan or KSI for non-payment while claiming she has gone unpaid, is nonsensical.  After all, she even paid her half of the Sanctions Order ($15, 684.18) in November 2012, yet remains counsel of record for KSI and Alfred Chan in both the State and Federal matters.

29.     Since Alfred Chan assumed the debts and obligations of KSI, the Judgment Creditor is permitted to conduct and inquiry and seize assets of any entity that Mr. Chan has a personal interest in.   Ms. Chan has information relevant to that inquiry and should be reminded that the Examination Order created a one-year lien on *all* of the debtor's nonexempt personal property whether or not it is in the debtor's possession and control. (CCP § 708.110(d); *In re Burns*, 9th Cir. BAP 2003) 291 BR 846, 851 (*citing text*).

I declare under penalty of perjury that the foregoing is true and correct. Executed in Malibu, California, this 21st day of April, 2013.


*S/ Elizabeth G. Ellis*
ELIZABETH G. ELLIS