1  LAW OFFICE OF CINDY N. TRAN, APC
   Cindy N. Tran (SBN 228214)
2  Lisa Stilson (SBN 196059)
   225 S. Lake Avenue, Suite 300
3  Pasadena, California 91101-3009
   Tel: 626.432.7208
4  Fax: 626.638.0526

5  Attorneys for Knorr Solution, Inc. and Alfred Chan

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11 KNORR-NAEHRMITTEL                          Case No.: CV 10-8155 GAF (RZx)
   AKTIENGESELLCHAFT and UNILEVER N.V.
12                                            *EX PARTE* APPLICATION
   Plaintiffs,                                FOR ORDER CONTINUING DEBTOR'S
13        vs.                                 EXAM OF ALFRED CHAN

14 KNORR SOLUTION, INC., et al.               **Filed Concurrently Herewith:**
                                              1) **Declaration of Xuemei Jin in Support
15        Defendants.                            of Declaration;**
                                              2) **[Proposed] Order**
16

17 KNORR SOLUTION, INC., a California
   Corporation,
18                                            Date:  April 22, 2013
        Third Party Complainant,              Time: 10:00 a.m.
19      vs.                                   Dept: 540

20 UNILEVER FOOD SOLUTIONS HONG KONG          Magistrate Judge Ralph Zarefsky
   LIMITED, a Chinese corporation, TRIO FOODS
21 LIMITED, a Chinese limited company, CHRIS
   SHIU LEUNG HO, an individual, GEORGE
22 CHU, an individual, and ROES 1-10, inclusive

23        Third Party Defendants.

24

25

26

27

28

Ex Parte Application for Continuance                                              1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Local Rule 7-19, Deponent Alfred Chan hereby apply to the Court *ex parte* for an Order Continuing the Debtor's Exam of Alfred Chan, Officer of Judgment Debtor Knorr Solutions, Inc. to July 18, 2013.

This *ex parte* is based on Alfred Chan's unavailability due to medical conditions. Mr. Alfred Chan is currently receiving medical treatment in the Shenzhen People's Hospital in China. A Notice of Unavailability was filed on Friday, April 19, 2013 and counsel for Trio Foods Limited has been notified of the unavailability through the court's electronic filing system. See Exhibit D – Notice of Unavailability with ECF time stamp.

Dated: April 22, 2013　　　　　　　　　　Law Offices of Cindy N. Tran, APC

　　　　　　　　　　　　　　　　　　　　 /s/ Cindy N. Tran
　　　　　　　　　　　　　　　　　　　　Cindy N. Tran
　　　　　　　　　　　　　　　　　　　　Attorney for Knorr Solution, Inc. and Alfred Chan

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Debtor's examination is scheduled for April 22, 2013 at 10:00 am before this court. On or about March 18, 2013, Mr. Alfred Chan traveled to China on business and was scheduled to return on April 18, 2013. See Declaration of Xuemei Jin. However while in China, deponent Alfred Chan became ill and was admitted to the hospital. See Exhibit C attached to Declaration of Xuemei Jin. Exhibit C is a note from the attending doctor at the Shenzhen People's Hospital admitting patient Chen Zhen a.k.a. Alfred Chan for hospitalization and treatment. The doctor's note indicates that the patient is a diabetic for 30 years with coronary heart disease and loss of kidney protein. At this time, Mr. Alfred Chan is not available to attend the Debtor's Exam due to his medical condition.

## II. *EX PARTE* RELIEF IS APPROPRIATE AND NECESSARY

*Ex parte* relief is appropriate where the moving party seeks relief that cannot be addressed by a regularly-noticed motion, and will face prejudice if its application is denied, provided that the party is without fault in creating the problem at issue. This matter could not be addressed by a regularly-noticed motion consistent with the timing required under Local Rule 7. Mr. Chan was scheduled to return to the US on April 18, 2013, which would provide him with time to prepare for the debtor's examination. See Declaration of Xuemei Jin, ¶ 8. His medical condition was not something that could be scheduled or anticipated. On April 11, 2013 he felt ill and went to see a doctor while in Hong Kong. Although treatment and hospitalization was recommended at the time, Mr. Chan believed he was healthy enough to finish his responsibilities for his trip and return to the US before having to receive medical treatment. See Declaration of Xuemei Jin, ¶ 6. However, by April 17, 2013 when Mr. Chan returned to the hospital to have his condition checked out by the doctor at the

hospital, his lab results indicated that he needed to be hospitalized and receive treatment. See Declaration of Xuemei Jin, ¶ 10.

The situation causing need for a continuance is not one that is controllable by counsel or the deponent Alfred Chan. If continuance is denied, then Knorr Solution, Inc., judgment debtor, will be prejudiced as there are no other individuals could testify to the financial conditions of Knorr Solution, Inc. Alfred Chan made every effort to attend the debtor's examination and counsel for deponent, Alfred Chan, had no reason to believe otherwise, particularly in light of the fact that Mr. Chan had purchase tickets to return to the US the week before the scheduled hearing.

### III. CONCLUSION

For the foregoing reasons, moving party requests that this Court continue the Debtor's Exam to July 18, 2013 or a later date in which Mr. Chan has fully recovered from his illness.

Dated: April 22, 2013                    Law Offices of Cindy N. Tran, APC

                                                       /s/ Cindy N. Tran
Cindy N. Tran
Attorney for Knorr Solution, Inc. and Alfred Chan