Eric W. Cheung (SBN 235008)
  echeung@ecjlaw.com
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone  (310) 273-6333
Facsimile  (310) 859-2325

Attorneys for Judgment Creditors and Third Party Defendants
Trio Foods Limited, Chris Shiu Leung Ho, and George Chu

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KNORR-NAEHRMITTEL AKTIENGESELLCHAFT and UNILEVER N.V., | Case No. 2:10-cv-08155-GAF-JEM |
| Plaintiffs, | *Hon. John E. McDermott* |
| v. | **NOTICE OF MOTION AND MOTION FOR ORDER TO SHOW CAUSE WHY ALFRED CHAN SHOULD NOT BE HELD IN CIVIL CONTEMPT AND FOR ADDITIONAL SANCTIONS** |
| KNORR SOLUTION, INC., a California corporation, et al., | |
| Defendants. | *[Proposed Order filed concurrently herewith]* |
| KNORR SOLUTION, INC., a California corporation, | Date:   January 9, 2018 |
| Third Party Plaintiff, | Time:   10:00 a.m. |
| v. | Courtroom:  640 |
| TRIO FOODS LIMITED, a Chinese limited company, CHRIS SHIU LEUNG HO, an individual, GEORGE CHU, an individual et al., | Trial Date: **Case closed** |
| Third Party Defendants. | |

ERVIN COHEN & JESSUP LLP

**TO ALFRED CHAN AND ALL PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that on January 9, 2018, at 10:00 a.m. in Department 640 of the above-referenced Court located at 255 East Temple Street, Los Angeles, California, Judgment Creditors and Third-Party Defendants Trio Foods Limited, Chris Shiu Leung Ho, and George Chu ("Judgment Creditors") will and hereby do move the Court to issue an Order to Show Cause why Defendant Alfred Chan ("Chan"), as an officer of Defendant and Third-Party Plaintiff Knorr Solution, Inc., should not be held in civil contempt due to his willful failure to comply with the Court's Turnover Order dated October 23, 2017 (Dkt. 246). The Turnover Order required Chan to immediately deliver certain property and cash. Despite the Order and repeated demand, Chan has refused to deliver the items required.

Judgment Creditors, therefore, request that the Court issue an Order to Show Cause why Chan should not be held in Civil Contempt and either incarcerated or fined on a daily basis until he complies with the Court's Order and, in addition, order Chan to reimburse Judgment Creditors for the cost, including attorney's fees, for having to prepare this Notice of Motion and Motion and appear at the hearing on the Order to Show Cause in the sum of $3,081.

Judgment Creditors' motion will be based on this notice of motion, the motion, the memorandum of points and authorities in support of the motion, the Declaration of Eric W. Cheung and documents attached thereto, and upon such other evidence and argument that shall be presented to the Court at the time of the hearing.

/ / /

/ / /

/ / /

/ / /

/ / /

NOTICE OF MOTION AND MOTION FOR ORDER TO SHOW CAUSE WHY ALFRED CHAN SHOULD NOT BE HELD IN CIVIL CONTEMPT AND FOR ADDITIONAL SANCTIONS

1    **PLEASE TAKE FURTHER NOTICE,** any explanation, opposition or

2   objection to the issuance of the Order to Show Cause requested by the motion must

3   be timely filed and served on counsel for Judgment Creditors, and if not timely filed

4   and served, the Court may conclude that there is no objection to issuance of the

5   Order to Show Cause.

6

7   DATED:  November 28, 2017          Respectfully submitted,

8                                     ERVIN COHEN & JESSUP LLP

9

10                                    By:   /s/ Eric W. Cheung

11                                          Eric W. Cheung

12                                          Attorneys for Judgment Creditors and
                                            Third-Party Defendants Trio Foods

13                                          Limited, Chris Shiu Leung Ho, and George
                                            Chu

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR ORDER TO SHOW CAUSE WHY ALFRED CHAN SHOULD NOT
BE HELD IN CIVIL CONTEMPT AND FOR ADDITIONAL SANCTIONS

## MOTION

Judgment Creditors and Third-Party Defendants Trio Foods Limited, Chris Shiu Leung Ho, and George Chu ("Judgment Creditors") move the Court for the issuance of an Order to Show Cause why Alfred Chan ("Chan"), as an officer of Third-Party Plaintiff Knorr Solution, Inc., should not be held in civil contempt for violating this Court's Turnover Order entered October 23, 2017 (Dkt. 246) requiring Chan to deliver certain cash and property to counsel for Judgment Creditors or the levying officer. The following cash and property were to be delivered "immediately," as stated in the Turnover Order:

      1. 2000 Toyota Sienna (White),

      2. 2004 Toyota Sienna (Silver),

      3. Gold necklace,

      4. Wallet and bag, and

      5. Cash $15.

As of the filing of this motion, Chan has refused to surrender any of these items, three of which he had in his possession and on his person at the time the Turnover Order was entered.

Chan was personally present when the Court entered the Turnover Order and the clerk of the Court personally served the Turnover Order on Chan. In addition, counsel for Judgment Creditors served the Turnover Order on Chan in accordance with its terms. (Dkt. 247.) Chan has willfully violated the Court's Turnover Order and, despite repeated demands by Judgment Creditors' counsel for Chan to comply, Chan has refused to surrender the cash and property as required.

Judgment Creditors request that the Court issue an Order to Show Cause why Chan should not be held in civil contempt and impose appropriate punishment, including ordering Chan's incarceration until he complies or levying a daily fine until he complies, for Chan's failing to comply with the Court's Order. The Court should also order Chan to reimburse Judgment Creditors for the cost, including

15218.2:6404835.1              4             2:10-cv-08155-GAF-JEM

NOTICE OF MOTION AND MOTION FOR ORDER TO SHOW CAUSE WHY ALFRED CHAN SHOULD NOT BE HELD IN CIVIL CONTEMPT AND FOR ADDITIONAL SANCTIONS

ERVIN COHEN & JESSUP LLP

1   attorney's fees, for having to prepare the Notice of Motion, this Motion and

2   appearance at the hearing on the Order to Show Cause in the sum of $3,081.

3   ## I.   <u>**JUSTIFICATION FOR ISSUING THE ORDER TO SHOW CAUSE**</u>

4         Where the contempt consists of a failure to perform an act within the

5   contemnor's power to perform, he or she may be fined or imprisoned until he or she

6   agrees to comply.  Schwarzer, Tashima & Wagstaffe, *Rutter Group Prac. Guide:*

7   *Fed. Civ. Pro. Before Trial* §13:252 (The Rutter Group 2015).  ("Rutter").  Courts

8   have inherent power to award attorney's fees as part of punishment in contempt

9   proceedings.  *Rutter* §17:775.  *Harcourt Brace Jovanovich Legal and Professional*

10  *Publications, Inc. v. Multistate Legal Studies, Inc.*, 26 F.3d 948, 953 (9th Cir. 1994).

11        On October 23, 2017, immediately following his judgment debtor's

12  examination, this Court entered the Turnover Order (Dkt. 246).  The Court ordered

13  Chan to surrender certain cash and property to Judgment Creditors or a levying

14  officer.  At the hearing, Chan personally confirmed the details of the Turnover

15  Order with the Court, and was present when the Turnover Order was entered by

16  Court.  (Dkt. 245.)  A true and correct copy of the Court's Turnover Order is

17  attached to the Declaration of Eric W. Cheung ("Cheung Decl.") as Exhibit 1.  After

18  the entry of the Turnover Order, the clerk of the Court personally served the

19  Turnover Order on Chan.  (*See* Cheung Decl., ¶ 8.)  In addition, counsel for

20  Judgment Creditors served the Turnover Order in accordance with its terms via U.S.

21  Mail and email.  (Dkt. 246, 247.)

22        Outside of the courtroom immediately following personal service upon Chan

23  of the Turnover Order, counsel for Judgment Creditors demanded, in person, that

24  Chan immediately surrender the five items listed in the Turnover Order.  Chan

25  refused, and instead, left the courtroom.  (Cheung Decl. ¶ 9.)  Later that day on

26  October 23, 2017, Chan advised counsel for Judgment Creditors in an email that that

27  he would surrender the necklace, wallet, and bag.  (Cheung Decl. ¶ 11, and Ex. 2

28  thereto.)  Those items, however, never arrived.  (*Id.*)  On November 7, 2017,

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

1  counsel for Judgment Creditors again demanded via email that Chan comply with

2  the Turnover Order.  Counsel for Judgment Creditors warned that Chan's continued

3  failure to comply with the Turnover Order would result in Judgment Creditors

4  seeking intervention from the Court, including contempt and physical detention.

5  (*Id.*)  Again, Chan has refused.  (*Id.*)

6  Because no payment or surrender of property has been made, and Chan has

7  clearly known about his obligation to do so having been personally served with the

8  Turnover Order, sufficient grounds exist for this Court to issue an Order to Show

9  Cause why Chan should not be held in civil contempt and to hold Chan in civil

10  contempt and issue appropriate punishment against him, including but not limited

11  to, ordering Chan incarcerated until he complies, levying a daily fine until he

12  complies, and ordering Chan to reimburse Judgment Creditors for the costs,

13  including attorney's fees, for having to prepare the Notice of Motion, this Motion

14  and have his counsel appear at the hearing on the Order to Show Cause in the sum

15  of $3,081.

16  **II.    CHAN HAS PREVIOUSLY COMMITTED FRAUD ON THIS COURT**

17  By way of background, the Court will recall that in this underlying action,

18  Chan and one of his employees, Calvin Fung, were sued for trademark infringement

19  and related causes of action.  (Dkt. 192.)  Unbeknownst to Mr. Fung, Chan

20  purported to resolve the claims against him and submitted a Stipulation for

21  Permanent Injunction ("Stipulation") in order to effectuate the settlement.  Chan,

22  and ostensibly, Mr. Fung were signatories to the Stipulation -- but as described

23  below, Mr. Fung's signature was **forged.**  The Court found that Chan's counsel,

24  who also then purported to jointly represent Mr. Fung, "never met Fung, never

25  contacted him regarding discovery responses, never spoke with him regarding the

26  settlement terms, and discussed the settlement only with [Defendant]."  (*Id.*)  Based

27  on the expert report submitted by Mr. Fung and the Court's own observations and

28  comparisons, the Court concluded that Mr. Fung did not sign the Stipulation and

NOTICE OF MOTION AND MOTION FOR ORDER TO SHOW CAUSE WHY ALFRED CHAN SHOULD NOT
BE HELD IN CIVIL CONTEMPT AND FOR ADDITIONAL SANCTIONS

1   that his consent to the settlement was never obtained.  (*Id.*)  In sum, Mr. Fung

2   demonstrated that his signature had been forged by clear and convincing evidence,

3   and as a result the Court ordered his name stricken from the Consent Judgment.

4   (*Id.*)

5   **III.   CHAN HAS REPEATEDLY FLAUNTED PRIOR ORDERS OF THE**

6   **COURT AND MISREPRESENTED HIS ADDRESS, RESULTING IN**

7   **HIS TWICE BEING ORDERED TO ACCEPT SERVICE THROUGH**

8   **COUNSEL**

9   Chan has previously disobeyed at least <u>four</u> (4) prior orders compelling his

10   appearance for examination.  Specifically, Chan failed to appear for his judgment

11   debtor's examination as ordered by this Court on the following dates:

12   (a)   January 15, 2013 (Dkt. 124, 131, 133),

13   (b)   April 22, 2013 (Dkt. 135, 142),

14   (c)   October 13, 2015 (Dkt. 203, 211), and

15   (d)   December 18, 2015 (Dkt. 225, 227).

16   The Court expressly found that Chan's repeated failures to appear for his

17   examination were <u>willful</u>.  (Dkt. 231.)  Based on the foregoing, the Court issued a

18   warrant for Chan's arrest, and on June 7, 2016, Chan was arrested.  (Dkt. 233.)  At

19   the time, Chan's voluntary Chapter 7 bankruptcy petition was pending before the

20   United States Bankruptcy Court for the Central District of California, Case No.

21   2:16-bk-15835-SK ("Bankruptcy Case").  Accordingly, Judgment Creditors were

22   unable to take Chan's examination at that time.[1]

23   At the Order to Show Cause Hearing following his arrest, Chan was

24

25   [1] On October 25, 2016, the United States Bankruptcy Court ordered Chan's
    Chapter 7 Bankruptcy Case closed without entry of discharge.  In the related
26   Adversarial Action, on the Complaint to Determine Nondischargeability of Debt
    (Case No. Adv. No. 2:16-ap-01356-SK), the United States Bankruptcy Court
27   entered judgment in favor of Judgment Creditor and Third Party Defendant Trio
    Foods Limited.

28

ERVIN COHEN & JESSUP LLP

1 represented by his counsel of record in the Bankruptcy Case, Michael Cisneros,

2 Attorney at Law, whose address is 50 West Lemon Avenue, Suite 12, Monrovia, CA

3 91016, mcisneros@mac.com. (Dkt. 236.)  At the Order to Show Cause Hearing,

4 counsel for Judgment Creditors informed the Court that (a) in a related action

5 pending before the Superior Court for the State of California, Los Angeles Superior

6 Court Case No. BC454445, Chan had misrepresented his address to the parties and

7 the court, and (b) Chan had also misrepresented his address to the parties and the

8 court in the Bankruptcy Case.  The Court inquired about the address that Chan listed

9 in his bankruptcy petition and Chan admitted that the address listed on his

10 bankruptcy petition was not his actual address.  Unable to provide a valid address,

11 Chan agreed to, and the Court ordered that he, accept all future service of process

12 via his bankruptcy counsel, Mr. Cisneros.  (Docket No. 236.)

13 　　　　Separately, the Court previously ordered that Chan accept service of process

14 through his counsel in 2013.  As referenced above, a previous Order directed Chan

15 to appear for a judgment debtor's examination, on January 15, 2013 ("Scheduled

16 Examination").  (*See* Dkt. 131 at p. 2, fn. 2.)  The Scheduled Examination did not

17 move forward and accordingly, the parties reached a compromise and agreed that,

18 *inter alia,* Chan's law firm "shall accept service on behalf of the Judgment Debtor

19 and its officer/deponent Alfred Chan, by U.S. mail with concurrent courtesy email

20 copy to counsel" and that law firm "shall provide written acknowledgment of proof

21 of service[.]"  Chan's counsel at the time was the Law Offices of Cindy N. Tran,

22 APC, who he later replaced with Albert C. Lum of the law firm Albert C. Lum Law

23 Offices at 1005 East Colorado Boulevard, Suite 207, Pasadena, California 91106,

24 aclum@lumlawgroup.com (the "Lum Firm").  (*See* Dkt. 170.)  The Lum Firm is

25 presently counsel of record for Chan in this Action because its request to withdraw

26 (Dkt. 207) was stricken by the Court as incomplete.  (Dkt. 208.)

27 / / /

28 / / /

ERVIN COHEN & JESSUP LLP

8

NOTICE OF MOTION AND MOTION FOR ORDER TO SHOW CAUSE WHY ALFRED CHAN SHOULD NOT
BE HELD IN CIVIL CONTEMPT AND FOR ADDITIONAL SANCTIONS

**IV.** **CHAN HAS PERJURED HIMSELF ON AT LEAST TWO OTHER OCCASIONS IN RELATION TO THE VEHICLES REFERENCED IN THE TURNOVER ORDER**

One of the items of property in the Turnover Order is a White 2000 Toyota Sienna.  During his judgment debtor's examination, Chan falsely testified that the car belonged to his "friend":

> Q.   And [the citation] says you own a 2000 Toyota Sienna?
>
> A.   No.  That's not my car.
>
> Q.   Oh, it's – excuse me.  It says you were driving a 2000 Toyota Sienna.
>
> A.   Yeah, I'm driving it.
>
> Q.   Who owns that car?
>
> A.   My friend's car.
>
> Q.   Who's your friend?
>
> A.   It's a friend, you know.
>
> Q.   What's your friend's name?
>
> A.   I have to answer?  Do I have to give this information?
>
> Q.   Yes.
>
> A.   No.  This is privacy . . . .  It's not my car.
>
> Q.   But it's your friend's car?
>
> A.   Yeah.

(Cheung Decl., Ex. 3 at 21:10-22:3.)

/ / /
/ / /
/ / /
/ / /

ERVIN COHEN & JESSUP LLP

NOTICE OF MOTION AND MOTION FOR ORDER TO SHOW CAUSE WHY ALFRED CHAN SHOULD NOT BE HELD IN CIVIL CONTEMPT AND FOR ADDITIONAL SANCTIONS

1    Contrary to his initial testimony, Chan later admits that the 2000 Toyota

2    Sienna, in fact, belongs to his wife:

3         Q.    Does your wife own this car [2000 Toyota Sienna]?

4         A.    Yeah.

5    (Cheung Decl., Ex. 3 at 22:10-11.)

6         Another of the items of property in the Turnover Order is a Silver 2004

7    Toyota Sienna.  Chan declares under penalty of perjury that he owns no interest in

8    the vehicle because it was the subject of a mechanic's lien and "claimed by the

9    mechanic":

10             The 2004 Toyota Sienna stopped running approximately

11             six months ago.  The mechanic who fixed it put a lien on

12             the vehicle.  I have no interest in these vehicles and I have

13             no power to turn over possession or ownership of these

14             vehicles.

15   (Dkt. 252 at p. 5:13-14, 8:26-9:4.)

16        However, in his judgment debtor's examination, Chan testified much

17   differently.  Chan unequivocally testified that he owns the vehicle and it is parked in

18   front of his residence (he testified in open court that he resides at a friend's house on

19   Palm Street or Palm Avenue in San Gabriel, California).  He further testified that he

20   leaves the key to the vehicle in his residence:

21        Q.    Do you own an automobile?

22        A.    I have one, you know, old Sienna; but the car, it

23             doesn't work.  It's a 2004 Sienna.  It's broken.

24        Q.    And where does it sit?

25        A.    In my friend's house.  I park it there.

26        Q.    On Palm Street?

27        A.    Yeah, on Palm Street.

28             *     *     *

ERVIN COHEN & JESSUP LLP

NOTICE OF MOTION AND MOTION FOR ORDER TO SHOW CAUSE WHY ALFRED CHAN SHOULD NOT
BE HELD IN CIVIL CONTEMPT AND FOR ADDITIONAL SANCTIONS

1       Q.    And you own that in your name?

2       A.    Yes.

3       Q.    And where are the keys?

4       A.    Leave it in my friend's house there.

5   (Cheung Decl., Ex. 3 at 40:13-41:1.)

6   **V.**    **CONCLUSION**

7           Unfortunately for Judgment Creditors, this is yet another instance (in a long

8   line of instances) in which Chan demonstrates his belief that the law does not apply

9   to him.  Enough is enough.  The Court should order Chan to show cause why he

10   should not be held in civil contempt for violating the Turnover Order.  Chan was

11   personally present when the Court entered the Turnover Order, the clerk of the

12   Court personally served the Turnover Order on Chan, and counsel for Judgment

13   Creditors served the Turnover Order in accordance with its terms.  Chan has

14   willfully violated another order and, despite repeated demands by Judgment

15   Creditors' counsel, continues to refuse to comply.  The Court should impose

16   appropriate punishment, including ordering Chan's incarceration until he complies

17   or levying a daily fine until he complies, for Chan's willful refusal to comply with

18   the Turnover Order.  In addition, the Court should also order Chan to reimburse

19   Judgment Creditors $3,081 for the cost, including attorney's fees, for having to

20   prepare this Motion.

21

22   DATED: November 28, 2017    ERVIN COHEN & JESSUP LLP

23

24       By:    /s/ Eric W. Cheung

25       ERIC W. CHEUNG

26       Attorneys for Judgment Creditors and Third-Party Defendants Trio Foods

27       Limited, Chris Shiu Leung Ho, and George Chu

28

*ERVIN COHEN & JESSUP LLP*

ERVIN COHEN & JESSUP LLP

## DECLARATION OF ERIC W. CHEUNG

I, Eric W. Cheung, declare:

1.     I am an attorney admitted to practice law in the State of California and before this Court.  I have personal knowledge of the facts set forth herein and if called as a witness I could and would competently testify thereto.  I am counsel of record to Judgment Creditors and Third Party Defendants Trio Foods Limited, Chris Shiu Leung Ho, and George Chu ("Judgment Creditors") in this matter.  I made this declaration in support of the attached Motion for Order to Show Cause why Alfred Chan Should not be Held in Civil Contempt and for Additional Sanctions.  For the Court's convenience, a true and correct copy of the Turnover Order that is the subject of the motion (Dkt. 246) is attached hereto as Exhibit 1.

## BACKGROUND

2.     In the underlying action, Chan and one of his employees, Calvin Fung, were sued for trademark infringement and related causes of action.  (Dkt. 192.)  Unbeknownst to Mr. Fung, Chan purported to resolve the claims against him and submitted a Stipulation for Permanent Injunction ("Stipulation") in order to effectuate the settlement.  Chan, and ostensibly, Mr. Fung were signatories to the Stipulation -- but as described below, Mr. Fung's signature was **forged.**  The Court found that Chan's counsel, who also then purported to jointly represent Mr. Fung, "never met Fung, never contacted him regarding discovery responses, never spoke with him regarding the settlement terms, and discussed the settlement only with [Defendant]."  (*Id.*)  Based on the expert report submitted by Mr. Fung and the Federal Court's own observations and comparisons, the Federal Court concluded that Mr. Fung did not sign the Stipulation and that his consent to the settlement was never obtained.  (*Id.*)  In sum, Mr. Fung demonstrated that his signature had been forged by clear and convincing evidence and as a result, the Federal Court ordered his name stricken from the Consent Judgment.  (*Id.*)

/ / /

## CHAN HAS REPEATEDLY FLAUNTED PRIOR ORDERS
## OF THE COURT AND MISREPRESENTED HIS ADDRESS,
## RESULTING IN HIS TWICE BEING ORDERED TO ACCEPT SERVICE
## THROUGH COUNSEL

3.      Chan has previously disobeyed <u>four</u> orders compelling his appearance for examination.  Specifically, Chan failed to appear for his judgment debtor's examination as ordered by this Court on the following dates:

          (a)      January 15, 2013 (Dkt. 124, 131, 133),

          (b)      April 22, 2013 (Dkt. 135, 142),

          (c)      October 13, 2015 (Dkt. 203, 211), and

          (d)      December 18, 2015 (Dkt. 225, 227).

The Court expressly found that Chan's repeated failures to appear for his examination were <u>willful</u>.  (Dkt. 231.)  Based on the foregoing, Court issued a warrant for Chan's arrest, and on June 7, 2016, Chan was arrested.  (Dkt. 233.)  At the time, Judgment Debtor's voluntary Chapter 7 bankruptcy petition was pending before the United States Bankruptcy Court for the Central District of California, Case No. 2:16-bk-15835-SK ("Bankruptcy Case").  Accordingly, Judgment Creditors were unable to take Judgment Debtor's examination.[2]

4.      I appeared by telephone at the Order to Show Cause Hearing following his arrest, in which Chan was represented by his counsel of record in the Bankruptcy Case, Michael Cisneros, Attorney at Law, whose address is 50 West Lemon Avenue, Suite 12, Monrovia, CA  91016, mcisneros@mac.com.  (Dkt. 236.)  At the Order to Show Cause Hearing, I informed the Court that (a) in a related action

---

[2] On October 25, 2016, the United States Bankruptcy Court ordered Chan's Chapter 7 Bankruptcy Case closed without entry of discharge.  In the related Adversarial Action, on the Complaint to Determine Nondischargeability of Debt (Case No. Adv. No. 2:16-ap-01356-SK), the United States Bankruptcy Court entered judgment in favor of Judgment Creditor and Third Party Defendant Trio Foods Limited.

ERVIN COHEN & JESSUP LLP

**ERVIN COHEN & JESSUP** LLP

1  pending before the Superior Court for the State of California, Los Angeles Superior

2  Court Case No. BC454445, Chan had misrepresented his address to the parties and

3  the court, and (b) Chan had also misrepresented his address to the parties and the

4  court in the Bankruptcy Case.  The Court inquired about the address that Chan listed

5  in his bankruptcy petition and Chan admitted that the address listed on his

6  bankruptcy petition was not his actual address.  Unable to provide a valid address,

7  Chan agreed to, and the Court ordered that he, accept all future service of process

8  via his bankruptcy counsel, Mr. Cisneros.  (Docket No. 236.)  Separately, in 2013,

9  the Court previously ordered that Chan accept service of process through his

10  counsel.  As referenced above, a previous Order directed Chan to appear for a

11  judgment debtor's examination, on January 15, 2013 ("Scheduled Examination").

12  (*See* Dkt. 131 at p. 2, fn. 2.)  The Scheduled Examination did not move forward and

13  accordingly, the parties reached a compromise and agreed that, *inter alia,* Chan's

14  law firm "shall accept service on behalf of the Judgment Debtor and its

15  officer/deponent Alfred Chan, by U.S. mail with concurrent courtesy email copy to

16  counsel" and that law firm "shall provide written acknowledgment of proof of

17  service[.]"  Chan's counsel at the time was the Law Offices of Cindy N. Tran, APC,

18  who he later replaced with Albert C. Lum of the law firm Albert C. Lum Law

19  Offices at 1005 East Colorado Boulevard, Suite 207, Pasadena, California 91106,

20  aclum@lumlawgroup.com (the "Lum Firm").  (*See* Dkt. 170.)  The Lum Firm is

21  presently counsel of record for Chan in this Action because its request to withdraw

22  (Dkt. 207) was stricken by the Court as incomplete.  (Dkt. 208.)

23  <u>**CHAN HAS PERJURED HIMSELF TWICE**</u>

24  <u>**IN RELATION TO THE VEHICLES REFERENCED**</u>

25  <u>**IN THE TURNOVER ORDER**</u>

26      5.    On October 23, 2017, I took Chan's judgment debtor's examination.

27  True and correct excerpts from the examination are attached hereto as Exhibit 3.

28  One of the items of property in the Turnover Order is a White 2000 Toyota Sienna.

During his judgment debtor's examination, Chan falsely testified that the car belonged to his "*friend*":

> Q.     And [the citation] says you own a 2000 Toyota Sienna?
>
> A.     No.  That's not my car.
>
> Q.     Oh, it's – excuse me.  It says you were driving a 2000 Toyota Sienna.
>
> A.     Yeah, I'm driving it.
>
> Q.     Who owns that car?
>
> A.     My friend's car.
>
> Q.     Who's your friend?
>
> A.     It's a friend, you know.
>
> Q.     What's your friend's name?
>
> A.     I have to answer?  Do I have to give this information?
>
> Q.     Yes.
>
> A.     No.  This is privacy . . . .  It's not my car.
>
> Q.     But it's your friend's car?
>
> A.     Yeah.

(Ex. 3 at 21:10-22:3.)

Contrary to his initial testimony, Chan later admits that the 2000 Toyota Sienna, in fact, belongs to his wife:

> Q.     Does your wife own this car [2000 Toyota Sienna]?
>
> A.     Yeah.

(Ex. 3 at 22:10-11.)

///

///

///

ERVIN COHEN & JESSUP LLP

NOTICE OF MOTION AND MOTION FOR ORDER TO SHOW CAUSE WHY ALFRED CHAN SHOULD NOT BE HELD IN CIVIL CONTEMPT AND FOR ADDITIONAL SANCTIONS

6.     Another one of the items subject to the Turnover Order is a Silver 2004 Toyota Sienna.  Chan declared under penalty of perjury that he owns no interest in the vehicle because it the subject of a mechanic's lien:

> The 2004 Toyota Sienna stopped running approximately six months ago.  The mechanic who fixed it put a lien on the vehicle.  I have no interest in these vehicles and I have no power to turn over possession or ownership of these vehicles.

(Dkt. 252 at p. 8:26-9:4.)

7.     However, in his judgment debtor's examination, Chan testified much differently.  Chan testified that he owns the vehicle and it is parked in front of his residence (he testified in open court that resides at a friend's house on Palm Street or Palm Avenue in San Gabriel, California).  He further testified that he leaves the key to the vehicle in his residence:

Q.     Do you own an automobile?

A.     I have one, you know, old Sienna; but the car, it doesn't work.  It's a 2004 Sienna.  It's broken.

Q.     And where does it sit?

A.     In my friend's house.  I park it there.

Q.     On Palm Street?

A.     Yeah, on Palm Street.

          *       *       *

Q.     And you own that in your name?

A.     Yes.

Q.     And where are the keys?

A.     Leave it in my friend's house there.

(Ex. 3 at 40:13-41:1.)

/ / /

ERVIN COHEN & JESSUP LLP

## CHAN'S CONTINUED REFUSAL TO COMPLY
## WITH THE TURNOVER ORDER IS WILLFUL

8.    On October 23, 2017, this Court issued the Turnover Order that is the subject of this Motion. (Dkt. 246.) The Turnover Order was entered following Chan's judgment debtor's examination, which I took. I was personally present when the Court entered the Turnover Order. Chan was also personally present when the Turnover Order was entered and confirmed the details of the turnover order with the Court. (Dkt. 245.) Immediately after the Court entered the Turnover Order, I watched the clerk of the Court hand Chan a copy of the Turnover Order, which he accepted.

9.    Outside of the courtroom immediately following personal service upon Chan of the Turnover Order, I demanded that Chan surrender the items listed in the Turnover Order. Despite entry of the Turnover Order and my repeated demand, Chan refused to make any payment or surrender any property as required. Instead, Chan left the courtroom.

10.   On October 23, 2017, I caused the Turnover Order to be served, in accordance with its terms, via U.S. Mail and email. (Dkt. 246, 247.)

11.   Later that day on October 23, 2017, Chan advised me in an email that that he would surrender the necklace, wallet, and bag referenced in the Turnover Order. Those items, however, never arrived. On November 7, 2017, I again demanded, this time via email, that Chan comply with the Turnover Order. I warned that Chan's continued failure to comply with the Turnover Order would result in Judgment Creditors seeking intervention from the Court, including contempt and physical detention. A true and correct copy of our email chain is attached hereto as Exhibit 2. Despite repeated demand, as of the filing of this Motion, Chan has refused to turn over even a single item listed in the Turnover Order.

/ / /

NOTICE OF MOTION AND MOTION FOR ORDER TO SHOW CAUSE WHY ALFRED CHAN SHOULD NOT
BE HELD IN CIVIL CONTEMPT AND FOR ADDITIONAL SANCTIONS

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

## SANCTIONS ARE WARRANTED

12.    I have spent 4.8 hours preparing the Notice of Motion for Issuance of Order to Show Cause, the related Motion for Issuance of Order to Show Cause and the Proposed Order to Show Cause, and will spend approximately 3.0 hours traveling to and attending the hearing on the Order to Show Cause once issued.  At a minimum, therefore, the Court in addition to holding Chan in contempt and issuing whatever punishment the Court deems appropriate, the Court should order Chan to reimburse my client, Trio Foods Limited, for the cost of my having to prepare and appear on this Order to Show Cause.  My hourly rate for this matter is $395.  The Court should, therefore, order Chan to pay an additional $3,081 to my firm.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on November 28, 2017 at Beverly Hills, California.

/s/ Eric W. Cheung

Eric W. Cheung

NOTICE OF MOTION AND MOTION FOR ORDER TO SHOW CAUSE WHY ALFRED CHAN SHOULD NOT BE HELD IN CIVIL CONTEMPT AND FOR ADDITIONAL SANCTIONS

# EXHIBIT 1

# EXHIBIT 1

1  Eric W. Cheung (SBN 235008)
      echeung@ecjlaw.com
2  **ERVIN COHEN & JESSUP LLP**
   9401 Wilshire Boulevard, Ninth Floor
3  Beverly Hills, California 90212-2974
   Telephone  (310) 273-6333
4  Facsimile  (310) 859-2325

5  Attorneys for Trio Foods Limited,
   Chris Shiu Leung Ho, and George Chu

6

7

8              **UNITED STATES DISTRICT COURT**

9       **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11 KNORR-NAEHRMITTEL                    Case No. 2:10-cv-08155-GAF-JEM
   AKTIENGESELLCHAFT and
12 UNILEVER N.V.,                       *Hon. John E. McDermott*

13         Plaintiffs,

14 v.                                   [PROPOSED] TURNOVER ORDER
                                        FOR DELIVERY OF PROPERTY
15 KNORR SOLUTION, INC., a              AFTER JUDGMENT DEBTORS'
   California corporation, et al.,      EXAMINATION
16
           Defendants.                  Date:          October 18, 2017
17                                      Courtroom:     640
                                        Time:          10:00 a.m.
18 KNORR SOLUTION, INC., a
   California corporation,
19
           Third Party Plaintiff,
20
   v.                                   Trial Date: **Case closed**
21
   TRIO FOODS LIMITED, a Chinese
22 limited company, CHRIS SHIU
   LEUNG HO, an individual, GEORGE
23 CHU, an individual et al.,

24         Third Party Defendants.

25

26

27

28

ERVIN COHEN & JESSUP LLP

1    The examination of SIU C. CHAN (AKA ALFRED CHAN), PRINCIPAL

2  OFFICER OF KNORR SOLUTION, INC. ("Debtor") was conducted on the date

3  and at the time set forth above.

4    It appears from said examination that the Debtor has an interest in property in

5  his possession and that said property or debt is not exempt from enforcement of a

6  money judgment.

7    It appears from said examination that the Debtor has an interest in property in

8  under the control of _Xue Mei Jin_____ (name of third person), and that said

9  property or debt is not exempt from enforcement of a money judgment.

10    IT IS ORDERED that the Debtor and/or _Xue Mei Jin___ (name of third

11  person) shall immediately deliver to the Judgment Creditor or levying officer the

12  following property which shall be applied toward satisfaction of the judgments

13  entered herein on August 30, 2012 and February 8, 2016:

14    _2000   Toyota  Sienna  (White)_

15    _2004   Toyota  Sienna  (Silver)_

16    _Gold  necklace_

17    _Wallet  and  bag_

18    _Cash $15_

19    NOTICE IS HEREBY GIVEN that failure to comply with this order may

20  subject Debtor and/or _Xue Mei Jin___ (name of third person) the institution

21  of contempt proceedings against the Debtor and the Court holding the Debtor in

22  contempt of court, with possible sanctions being not only monetary, but also

23  possibly physical detention of the Debtor.

24

25

26

27

28

ERVIN COHEN & JESSUP LLP

1        The Debtor shall accept service of this Order by mail service, with a

2 concurrent courtesy email copy, on its counsel of record:  (1) Albert C. Lum of the

3 law firm Albert C. Lum Law Offices at 1005 East Colorado Boulevard, Suite 207,

4 Pasadena, California 91106, aclum@lumlawgroup.com, or (2) Michael Cisneros,

5 Attorney at Law, 50 West Lemon Avenue, Suite 12, Monrovia, CA  91016,

6 mcisneros@mac.com.

7

8 Date: _10-23-2013_

9                     U.S. Magistrate Judge

ERVIN COHEN & JESSUP LLP

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TURNOVER ORDER FOR DELIVERY OF PROPERTY AFTER JUDGMENT DEBTORS' EXAMINATION

# EXHIBIT 2

# EXHIBIT 2

## Eric Cheung

| | |
|---|---|
| **From:** | Eric Cheung |
| **Sent:** | Tuesday, November 07, 2017 2:22 PM |
| **To:** | 'AL Chan' |
| **Subject:** | RE: where to send the items from the judgment |

Dear Mr. Chan:

Following the judgment debtor's examination at which you refused to turnover the items listed in the order, as of today's date, I have received nothing from you despite your email below.  **All of the items listed in the turnover order must be delivered to me at the address below on or before November 16, 2017.  Your failure to do so will result in my seeking intervention from the court without further notice.  Such intervention may include holding you in contempt and physical detention.**  I sincerely hope that that will not be necessary.

Please let me know if you have any questions or comments.

Best regards,
Eric


Eric W. Cheung
**Ervin Cohen & Jessup LLP**
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California  90212-2974
Phone: 310-281-6392
Fax: 310-887-6874
Email: echeung@ecjlaw.com
*It's not a common practice.®*

The information contained herein is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed.  Any unauthorized use, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify me immediately.
🖨 Please don't print this e-mail unless it is necessary.

---

**From:** Eric Cheung
**Sent:** Tuesday, October 24, 2017 2:34 PM
**To:** 'AL Chan'
**Subject:** RE: where to send the items from the judgment

The cash should be sent to me at the address below.  I will send you instructions on where to deliver the non-monetary property shortly.

---

**Eric W. Cheung**
ERVIN COHEN & JESSUP LLP

9401 Wilshire Boulevard, 9th Floor | Beverly Hills, CA 90212-2974
(310) 281-6392 *(t)* | (310) 887-6874 *(f)*
www.ecjlaw.com | echeung@ecjlaw.com | About me

---

The information contained herein is confidential and privileged attorney-client information or work product intended

only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this
communication is strictly prohibited. If you have received this communication in error, please notify me immediately.

**From:** AL Chan [mailto:smilewithlove2017@gmail.com]
**Sent:** Tuesday, October 24, 2017 11:15 AM
**To:** Eric Cheung
**Subject:** Fwd: where to send the items from the judgment


---------- Forwarded message ----------
From: **AL Chan** <smilewithlove2017@gmail.com>
Date: Mon, Oct 23, 2017 at 3:47 PM
Subject: where to send the items from the judgment
To: echeung@ecjlaw.com

Eric:

For the judgment of today I'm ready to send u three items
1) necklace
2) wallet
3) bag
the two sienna I will put a motion to the court.
Please advice where to send the above items to u.
Thanks!

Alfred
Oct 23 2017 15:45

# EXHIBIT 3

# EXHIBIT 3

```
 1              UNITED STATES DISTRICT COURT
 2              CENTRAL DISTRICT OF CALIFORNIA
 3    _____
                                          )
 4    KNORR-NAEHRMITTEL AKTIENGESELLCHAFT,)
      ET AT.                              )
 5                                        )
             Plaintiff,                   ) CASE NUMBER:
 6                                        ) 2:10-cv-08155-JFW
                  vs.                     ) (JEMx)
 7                                        )
      KNORR SOLUTION, INC., SIU C. CHAN   )
 8    (AKA ALFRED CHAN),                  )
                                          )
 9           Defendants.                  )
      _____)
10    KNORR SOLUTION, INC.                )
                                          )
11           Third Party Plaintiff/       )
             Judgement Debtor,            )
12                                        )
                  vs.                     )
13                                        )
      TRIO FOODS LIMITED, ET AL.          )
14                                        )  .
             Third Party Defendants/      )
15           Judgment Creditors.          )
      _____)
16
17         JUDGMENT DEBTOR EXAMINATION OF ALFRED CHAN
18                  Los Angeles, California
19                Monday, October 23, 2017
20                       Volume I
21
22    REPORTED BY:
      JESSICA HONG
23    CSR No. 13776
24    Job No. 2733066
25    PAGES 1 - 68
```

                                                    Page 1

```
 1            THE WITNESS:  Because my address is not
 2    accurately.  My driver's license there.  He check in the
 3    computer.
 4    BY MR. CHEUNG:
 5        Q     So why didn't you give him the Palm address?
 6        A     At that time, he asked where I'm going, and then
 7    I told him I'm going to my father-in-law there.  He just
 8    lives there for two street.  So I told him that, and he
 9    get this address.
10        Q     And it says you own a 2000 Toyota Sienna?
11        A     No.  That's not my car.
12        Q     Oh, it's -- excuse me.  It says you were driving
13    a 2000 Toyota Sienna.
14        A     Yeah, I'm driving it.
15        Q     Who owns that car?
16        A     My friend's car.
17        Q     Who's your friend?
18        A     It's friend, you know.
19        Q     What's your friend's name?
20        A     I have to answer?  Do I have to give this
21    information?
22        Q     Yes.
23        A     No.  This is his privacy.  I have to ask him if
24    he allows me to tell you.  If my thing, I will tell you
25    everything my truth.  You can go and check.  You can
```

Page 21

1    check the property.  It's not my car.

2        Q    But it's your friend's car?

3        A    Yeah.  I borrow him because I need to go to

4    travel back and forth I told you.

5        Q    Is your friend's name X-u-e, Mei, M-e-i, Jin,

6    J-i-n?

7        A    Yeah.

8        Q    Is that your wife's name?

9        A    Yeah.

10       Q    Does your wife own this car?

11       A    Yeah.

12       Q    And is her address 216 South Citrus Street?

13       A    I have no idea where he register something.  I

14   don't know.

15       Q    Does your wife spell her name with a X or a H?

16       A    X.

17       Q    X-u-e --

18       A    Yeah.

19       Q    -- is her first name?

20       A    Middle name.  They call in Chinese it's middle

21   name.

22       Q    Is her middle name X-u-e --

23       A    Yes.

24       Q    -- M-e-i?

25       A    M-e-i, right.

Page 22

1    Q    How did you get here today?

2    A    My friend Tao drive me here.

3    Q    Is he waiting for you?

4    A    No.  He go already.

5    Q    How are you getting home?

6    A    After I finish, I will call him.

7    Q    Do you have power of attorney to sign checks or

8    instruments for the payment of money on any account?

9    A    No.

10   Q    Do you own a boat?

11   A    Boat?  No.

12   Q    Do you own an automobile?

13   A    I have one, you know, old Sienna; but the car,

14   it doesn't work.  It's 2004 Sienna.  It's broken.

15   Q    And where does it sit?

16   A    In my friend's house.  I park it there.

17   Q    On Palm Street?

18   A    Yeah, Palm Street.

19   Q    It's a 2004 Sienna?

20   A    Yes.

21   Q    What color?

22   A    Silver.

23   Q    And you own that in your name?

24   A    Yes.

25   Q    And where are the keys?

Page 40

| | | |
|---|---|---|
| 1 | A | Leave it in my friend's house there. |
| 2 | Q | You don't have any keys with you today? |
| 3 | A | No. |
| 4 | Q | Actually. |
| 5 | A | That's not the car key. |
| 6 | Q | I'm holding a set of keys.  Can you tell me what |

these are for?

| | | |
|---|---|---|
| 8 | A | My drawer.  You know, my home, the drawer.  The |

small drawer.

| | | |
|---|---|---|
| 10 | Q | You have a lock in your desk? |
| 11 | A | No.  Not a desk.  It's a drawer. |
| 12 | Q | Okay. |
| 13 | A | Yeah, small drawer. |
| 14 | Q | And what's inside it? |
| 15 | A | My passport, some kind of my privacy stuff, my |

birth certificate.  Everything, I leave it there.

| | | |
|---|---|---|
| 17 | Q | What else is in there? |
| 18 | A | Not much.  Just pay the certificate.  Everything |

like my citizenship paper, everything, I leave it there.

| | | |
|---|---|---|
| 20 | Q | And what's the other key? |
| 21 | A | That's the door key. |
| 22 | Q | Do you own any other motor vehicle? |
| 23 | A | No. |
| 24 | Q | And what about your spouse?  We talked about -- |

she also owns a Sienna; correct?

Page 41

1    I, the undersigned, a Certified Shorthand

2  Reporter of the State of California, do hereby certify:

3    That the foregoing proceedings were taken before

4  me at the time and place therein set forth; that any

5  witnesses in the foregoing proceedings, prior to

6  testifying, were administered an oath; that a record of

7  the proceedings was made by me using machine shorthand

8  which was thereafter transcribed under my direction;

9  further, that the foregoing is a true record of the

10  testimony given.

11    Further, that if the foregoing pertains to the

12  original transcript of a deposition in a Federal Case,

13  before completion of the proceedings, review of the

14  transcript [ ] was [ ] was not requested.

15    I further certify I am neither financially

16  interested in the action nor a relative or employee of

17  any attorney or any party to this action.

18    IN WITNESS THEREOF, I have this date subscribed

19  my name.

20

21  Dated:   10/23/2017

22

23

24    JESSICA HONG

25    CSR No. 13776

Page 68

# CERTIFICATE OF SERVICE

## CENTRAL DISTRICT OF CALIFORNIA

*Knorr Solutions, Inc. v. Trio Foods Limited, et al.*

*Case No.: 2:10-cv-081 SS-GAF-JEM*

The undersigned certifies that on November 28, 2017, the following documents and all related attachments ("Documents") were filed with the Court using the CM/ECF system.

## NOTICE OF MOTION AND MOTION FOR ORDER TO SHOW CAUSE WHY ALFRED CHAN SHOULD NOT BE HELD IN CIVIL CONTEMPT AND FOR ADDITIONAL SANCTIONS

Pursuant to L.R. 5-3.2, all parties to the above case and/or each attorneys of record herein who are registered users are being served with a copy of these Documents via the Court's CM/ECF system. Any other parties and/or attorneys of record who are not registered users from the following list are being served by first class mail.

By: /s/ Eric W. Cheung
Eric W. Cheung

ERVIN COHEN & JESSUP LLP